IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| In re: | § | |
| --- | --- | --- |
| | § | Chapter 7 |
| ORLY GENGER, | § | |
| | § | Case No. 19-10926-tmd |
| Debtor. | § | |
| | § | |

**MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9018
AND SECTION 107(b) OF THE BANKRUPTCY CODE, AUTHORIZING SAGI
GENGER TO FILE UNDER SEAL CERTAIN OF THE EXHIBITS AND PORTIONS OF
THE MOTION TO DISMISS BANKRUPTCY CASE OR, ALTERNATIVELY, TO
TRANSFER VENUE, AND MEMORANDUM OF LAW IN SUPPORT**

Judgment Creditor, Sagi Genger ("Sagi"), by and through his respective counsel, files this *Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* (the "Motion").

In support of this Motion, the Sagi respectfully represents:

### I. SUMMARY OF MOTION

1. Sagi intends to file his Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support (the "Motion to Dismiss").

2. Pursuant to and in order to comply with an existing Protective Order (as defined below) in another action, Sagi requests that certain of the exhibits and portions of the Motion to Dismiss be filed under seal since some of the exhibits were designated as "confidential," by the Debtor and others.

3. Sagi also requests that, once the Court reviews the Motion to Dismiss in un-redacted format and the Exhibits, that the Court order that the Motion and Exhibits be excluded

from the terms of the Protective Order and be filed with the Court in un-redacted format, since none of the "confidentiality" designations were proper.

## II. BACKGROUND

4. Orly Genger ("Orly" or "Debtor") and Sagi are parties to post-judgment proceedings in aid of a final judgment, which are pending in the United States District Court for the Southern District of New York. The proceeding implicates fraudulent transfers of the Debtor's assets to various parties, including but not limited to her husband Eric Herschmann, made to frustrate Sagi's judgment.

5. A Protective Order was entered in that proceeding, Case No. 17-cv-08181-VSB-DCF, *Genger v. Genger*, on February 7, 2019 (the "Protective Order"). A true and correct copy of the Protective Order is attached hereto as **Exhibit A**.

6. On or about July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition thereby commencing this bankruptcy case.

7. Sagi is filing the Motion to Dismiss contemporaneously with this Motion.

8. Accordingly and pursuant to the Protective Order, Sagi hereby requests that certain of the exhibits and portions of the Motion to Dismiss related to the assets of Eric Herschmann, the Debtor's husband, be filed under seal until the Court has an opportunity to review the un-redacted Motion to Dismiss and Exhibits.

9. Sagi is taking this additional step in order to comply with the Protective Order. However, he asserts that the Protective Order's provision should not be applied in the Chapter 7 proceeding and that the "confidential" exhibits and the portion of the Motion related to the exhibits should be in the public record because they are not truly confidential, and because the very nature of a Chapter 7 proceeding is to give full and complete disclosures regarding the Debtor's and her non-filing spouse's assets and liabilities.

### III. RELIEF REQUESTED

10. Contemporaneously herewith, Sagi is filing his Motion to Dismiss. Certain of the exhibits and portions of the Motion to Dismiss related to the assets of Eric Herschmann are protected under the Protective Order and cannot be publicly disclosed. Accordingly, by this Motion, Sagi requests entry of an order authorizing him to file under seal, for review *in camera* by this Court, certain of the exhibits and portions of the Motion to Dismiss deemed "confidential" by the Debtor and/or her husband, Eric Herschmann.

**Cause Exists to File Certain of the Exhibits and
Portions of the Motion to Dismiss Under Seal**

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret of confidential research, development, or commercial information…

11 U.S.C. § 107(b). In addition, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…

12. Pursuant to Local Rule 9018 (Secret or Confidential Matters) of the United States Bankruptcy Court for the Western District of Texas, the Parties have not filed certain of the exhibits with the Motion to Dismiss, and portions of the Motion to Dismiss have been redacted, due to the existing Protective Order.

13. Upon the Court's approval of the relief requested herein, certain of the "confidential" exhibits to the Motion to Dismiss will be filed under seal with the Court by

presenting the document to the Clerk in accordance with Local Rule 9018. After the Court has reviewed the unredacted Motion to Dismiss and the Exhibits, Movant requests that he be released from the Protective Order and that the Motion in its entirety and the "confidential" exhibits thereto be filed with the Clerk of the Court and become part of the record.

## IV. CONCLUSION AND PRAYER

WHEREFORE, Sagi respectfully requests entry of an order granting the relief requested herein and such other relief as the Court may deem just and appropriate.

Dated: September 13, 2019  Respectfully submitted,

By: /s/ *Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Streusand Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9901 (Telephone)
(512) 236-9904 (Facsimile)
streusand@slollp.com

John Dellaportas (admitted *pro hac)*
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10280
(212) 238-3000
jdellaportas@emmetmarvin.com
**COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Orly Genger
210 Lavaca Street
Unit 1903
Austin, Texas 78701

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

                                                     */s/ Sabrina L. Streusand*
                                                     Sabrina L. Streusand