```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
DALIA GENGER,                              :
                                           :
              Plaintiff,                   :
                   -v-                     :
                                           :
SAGI GENGER,                               :
                                           :
       Defendant/Third-Party Plaintiff,    :
                                           :
                   -v-                     :
                                           :
ORLY GENGER,                               :
                                           :
       Third-Party Defendant.              :
-------------------------------------------------X

No. 17-cv-08181-VSB-DCF

**PROTECTIVE ORDER**

Sagi Genger and Orly Genger having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately-tailored confidentiality order to govern the post-judgment discovery phase of the third-party action brought by Sagi Genger against Orly Genger, it is therefore hereby

ORDERED that Sagi Genger and Orly Genger shall adhere to the following terms, upon pain of sanctions and contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of post-judgment discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential such material as consists of:

---

**Exhibit A**

(a) previously nondisclosed financial information (including without limitation tax returns, net worth statements, financial account statements; accountant work papers and communications, *etc.*)

(b) previously nondisclosed material relating to ownership or control of or interest in any asset, real estate, business entity or trust;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. Confidential Discovery Material concerning the ownership of the home in Tel Aviv, Israel shall be designated by marking the material "Confidential – Attorneys' Eyes Only." In addition to the other protections and use-restrictions described herein, including paragraph 6

**Exhibit A**

below, material designated according to this paragraph may be viewed only by (a) legal counsel for Sagi Genger who are representing him in connection with the enforcement of the Judgment (defined below), (b) Hebrew translators, and (c) practitioners of Israeli real estate law other than David Parnes or his counsel, and shall not be disclosed (i) to Sagi Genger himself, whether or not he is or becomes a licensed attorney and whether or not he is serving as his own legal counsel, or (ii) any other individual or party. "Confidential – Attorneys' Eyes Only" Discovery Material shall not be shown to fact or expert witnesses pursuant to the other provisions of this Protective Order, absent further leave of this Court.

5. All Confidential Discovery Material – including Confidential Discovery Material designated as "Attorneys' Eyes Only" – may be used solely in this action (including for discovery disputes and fee applications), and/or in any other proceeding or action brought to enforce or collect the final judgment against Orly Genger, dated August 17, 2018 (ECF Doc. No. 112) (the "Judgment"), including locating and levying against any assets of Orly Genger and setting aside any fraudulent conveyances made by Orly Genger (so long as the sole purpose of such fraudulent conveyance action is to set aside a conveyance that would enable Sagi Genger to enforce the Judgment). If the fraudulent conveyance action is not solely for the purpose of judgment enforcement, Sagi Genger must make an application to this Court for permission to modify this Protective Order to use the Confidential Discovery Material for a purpose other than that which is contemplated herein.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

3

**Exhibit A**

 (a) Sagi Genger (except with respect to materials designated as Confidential – Attorneys' Eyes Only; *see* paragraph 4)

 (b) counsel retained by Sagi Genger specifically for this action and who are representing him in connection with enforcement of the Judgment, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

 (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

 (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 (f) stenographers engaged to transcribe depositions conducted in this action; and

 (g) the Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce

**Exhibit A**

it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure may at any time serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document

**Exhibit A**

submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

**Exhibit A**

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this litigation, all copies of Confidential Discovery Materials shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, the completion of which to be confirmed in writing by the receiving party.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Nothing herein shall prevent Sagi Genger from using, without restriction, any materials that are publicly available, even if the same materials were previously obtained, in whole or in part, from Orly Genger and designated "Confidential" hereunder so long as that Confidential material was made public by sources other than Sagi or people working at his direction. In addition, if a document is produced without confidentiality or other use restriction in another case, then such document can be used without the restrictions set forth in this Protective Order. However, a document designated "Confidential" hereunder does not lose its confidentiality restriction merely because it is thereafter subpoenaed from another source that does not designate such document as confidential; and if Sagi Genger subpoenas third parties to obtain additional copies of material already designated Confidential by Orly Genger, then Sagi Genger shall notify Orly Genger sufficiently in advance to permit her to designate the additional materials Confidential pursuant to the terms of this Protective Order.

**Exhibit A**

21. Any third party that produces documents in this case shall have the right to designate its production "Confidential" to the same extent as the parties to this Protective Order, without having to execute this Protective Order.

SO STIPULATED AND AGREED.

| KELLY DRYE & WARREN LLP | KASOWITZ BENSON TORRES LLP |
|---|---|
| _____ | _____ |
| John Dellaportas | Michael Paul Bowen |
| Kristina Allen | Andrew R. Kurland |
| 101 Park Avenue | 1633 Broadway |
| New York, New York 10178 | New York, New York 10019 |
| (212) 808-5000 | (212) 506-1903 |
| *Attorneys for Sagi Genger* | *Attorneys for Orly Genger* |

SO ORDERED. 2/7/19

_____
Hon. Debra C. Freeman
United States Magistrate Judge

8

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
dalia Genger,

       Plaintiff,

          -v-

sagi Genger,

       Defendant/Third-Party Plaintiff,

          -v-

ORLY GENGER,

       Third-Party Defendant.
------------------------------------------------X

No. 17-cv-08181-VSB-DCF

**NON-DISCLOSURE AGREEMENT**

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____

**Exhibit A**