# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 7 |
| ORLY GENGER, § | |
| § | CASE NO. 19-10926-TMD |
| Debtor. § | |

## SAGI GENGER'S AND THE ORLY GENGER 1993 TRUST'S MOTION TO EXTEND THE DEADLINE TO OBJECT TO DISCHARGE/DISCHARGEABILITY

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Creditors, Sagi Genger ("Sagi") and The Orly Genger 1993 Trust (the "Trust"), by and through their respective counsel, file this Motion to Extend the Deadline to Object to Discharge/Dischargeability (the "Motion").

In support of this Motion, the Sagi and the Trust respectfully represent:

### I. SUMMARY OF MOTION

1. Sagi filed his Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support (the "Motion to Dismiss") on September 13, 2019. The deadline to object to discharge is October 15, 2019, and, therefore, in accordance with Bankruptcy Rules 4004(b) and 4007(c), this Motion is being filed prior to that date. Sagi and the Trust request that the Motion is decided prior to October 15, 2019 so that the Court may extend the deadline to object to discharge/dischargeability until after the Motion to Dismiss is considered and decided.

## II. FACTUAL BACKGROUND

2. On or about July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition thereby commencing this bankruptcy case.

3. The deadline to object to discharge of Orly Genger ("Orly" or "Debtor") is October 15, 2019 (the "Deadline to Object").

4. The Motion to Dismiss has recently been filed, and the deadline to file responses/objections to the Motion to Dismiss are not yet due. A hearing on the Motion to Dismiss has been set for October 21, 2019 at 10:30 a.m., which is <u>after</u> the Deadline to Object to Orly's discharge. In accordance with local practice and pursuant to the email setting the hearing on the Motion to Dismiss, which states, "If time estimate for both sides exceeds 30 minutes, please e-mail the courtroom deputy … for a special setting," Sagi has also requested a special setting based upon the time it will reasonably take to fully hear the Motion to Dismiss. Therefore, it is more than likely that the Motion to Dismiss will be undecided at the expiration of the current Deadline to Object.

## III. RELIEF REQUESTED

5. The deadline to oppose the Debtor's discharge in this case is October 15, 2019. No prior extensions of the deadline for objecting to the Debtor's discharge debt have been requested, granted, or denied.

6. Federal Rule of Bankruptcy Procedure 4004(b), 4007(d) and 9006(b)(1) permits this Court to extend the time for filing of a complaint to determine discharge, upon request, as long as that request is filed before the expiration of the time period allotted for the filing of a complaint regarding discharge under 11 U.S.C. § 727.

7. The time period for the filing of a complaint objecting to discharge has not expired as of the date and time of the filing of this Motion. Additional discovery is warranted on the objection to discharge and will not be completed by the Deadline to Object.

8. Sagi has filed his Motion to Dismiss and requests the Motion to Dismiss be heard first and decided by the Court prior to the expiration of the Deadline to Object so that he may prepare a compliant to object to discharge, if necessary. Given the significance of the expiration of the deadline for objecting to discharge and dischargeability and the sophistication of the issues involved in this case, Sagi and the Trust need more time to research the issues involved, and to determine, in good faith, the best course of action in this bankruptcy.

9. In addition, as noted above, an extension is warranted because the Motion to Dismiss, if granted, may moot any need to dispute the Debtor's claimed exemptions. Finally, on July 24, 2019, the Debtor sought an extension of the deadline required for her to file her bankruptcy schedules, including her Schedule C declaring exempt property, and that extension was granted by this Court's order entered on July 29, 2019 [Docket No. 14].

10. Given the circumstances, the best course for all parties is to extend the Deadline to Object for filing a complaint objecting to discharge and dischargeability.

11. At this time, Sagi and the Trust request an additional 90-days to and including January 20, 2020, to file objections to discharge if this case is not dismissed, subject to further Court order.

### IV. PRAYER

WHEREFORE, Sagi and the Trust respectfully request that this Court enter an order extending the deadline to file objections to discharge and dischargeability through January 20,

2020, and to set a hearing, if necessary, on this Motion, and grant such other and further relief as this Court may deem just and proper.

Dated: September 20, 2019

> Respectfully submitted,
>
> By: */s/ Sabrina L. Streusand*
> Sabrina L. Streusand
> State Bar No. 11701700
> Streusand Landon, Ozburn & Lemmon, LLP
> 1801 S. MoPac Expressway, Suite 320
> Austin, Texas 78746
> (512) 236-9901 (Telephone)
> (512) 236-9904 (Facsimile)
> streusand@slollp.com
>
> and
>
> John Dellaportas (admitted *pro hac*)
> Emmet, Marvin & Martin, LLP
> 120 Broadway
> New York, New York 10280
> (212) 238-3000 (Telephone)
> jdellaportas@emmetmarvin.com
>
> **COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**
>
> By: */s/ Jay H. Ong*
> Jay H. Ong
> State Bar No. 24028756
> Munsch Hardt Kopf & Harr, P.C.
> 303 Colorado Street, Suite 2600
> Austin, Texas 78701
> (512) 391-6100 (Telephone)
> (512) 391-6149 (Facsimile)
> jong@munsch.com
>
> **COUNSEL TO CREDITOR THE ORLY GENGER 1993 TRUST**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 20, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Orly Genger
210 Lavaca Street
Unit 1903
Austin, Texas 78701

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

*/s/ Sabrina L. Streusand*
Sabrina L. Streusand