IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

## EXPEDITED MOTION TO SHOW CAUSE

Sagi Genger ("Movant"), Final Judgment Creditor and party in interest, submits this Motion to Show Cause, and states as follows:

### I. OVERVIEW

1. The Chapter 7 Trustee ("Trustee"), without filing an application with this Court, recently retained the New York City law firm of Kasowitz Benson Torres LLP ("Kasowitz") to represent the bankruptcy estate in a New York state court litigation, notwithstanding that the Kasowitz firm is adverse to the bankruptcy estate generally, and specifically in the litigation for which it has been retained. The firm's conflicts include the following:

- The lead Kasowitz partner on the case is Debtor's husband, Eric Herschmann, who is also listed as a secured creditor in this bankruptcy and who claims a security interest in any litigation recovery by Debtor.

- The second-listed Kasowitz partner is Michael Bowen, who is also the named payee on $15 million of promissory notes due to Debtor, and a defendant on multiple fraudulent conveyance actions regarding those same notes.

- To prevail in the New York case, Kasowitz (which is actually pursuing the claims on behalf of another party) is collaterally attacking the federal courts' finding that Debtor is entitled to $32.3 million from the monetization of her interest in a family business. Trustee has thus retained counsel that is working to *prevent* Debtor's legitimate creditors from being paid.

- Debtor scheduled Kasowitz with an unsecured claim of $1,457,751.

- Trustee has previously indicated he is considering a malpractice claim against Kasowitz.

2. The New York court has set a hearing on the Trustee's motion through the conflicted counsel for October 16, 2019. Irreparable harm to the estate will occur if the issue of the undisclosed and conflicted retention is not resolved before then.

## II. BACKGROUND FACTS[1]

3. Debtor, who is indebted to her creditors for tens of millions of dollars, claims to only have assets consisting of $56,000 in personal property and a 50% undivided interest in a condominium for which she claims a homestead exemption. Yet the U.S. District Court for the Southern District of New York found in 2018—in a decision affirmed by the U.S. Court of Appeals for the Second Circuit—that in 2013, Debtor "**had monetized her beneficial interest [in a family business] for $32.3 million ….**" *Genger v. Genger*, 2018 WL 3632521, *2 (S.D.N.Y. 2018), *aff'd,* 771 Fed. Appx. 99 (2d. Cir. June 28, 2019).

4. That $32.3 million did not disappear into the ether. Rather, it was transferred to Debtor's father, Arie Genger, a longtime family friend, David Broser, and her attorney, Michael Bowen, a partner at Kasowitz, who holds $15 million of promissory notes on Debtor's behalf. No one contends that any of these transferees provided any consideration to Debtor for the transfers of this $32.3 million. Instead, they argue that none of the money belongs to Debtor, contrary to the express finding of the U.S. District Court.

5. To further ensure that her legitimate, arms-length creditors—principally her mother Dalia—would not benefit from her $32.3 windfall, Debtor pledged all of her asserts to her husband, Eric Herschmann, and to her father, Arie, who in turn pledged all his assets back to Mr. Herschmann. Thus, millions of dollars were placed outside the bankruptcy estate, while remaining available for Debtor's use and enjoyment post-discharge.

---

[1] Movant incorporates by reference, as if fully set forth herein, the facts set forth in the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer venue, and Memorandum of Law in Support [Doc. 32] filed on September 13, 2019. This Motion is made without prejudice to the Motion to Dismiss.

6.  Meanwhile, Debtor (on behalf of a spendthrift trust to which she is a beneficiary) has collaterally attacked the aforementioned federal court finding in a parallel New York state court action. In that action, *Orly Genger v. Dalia Genger*, Index No. 109749/2009 (Sup. Ct., N.Y. Cnty.), she is represented by the same two Kasowitz attorneys—her husband Mr. Herschmann and her noteholder Mr. Bowen. While the action purports to be a dispute involving another Genger family business, the New York state court found that Orly was actually seeking a duplicate recovery to the $32.3 million she had already obtained from her 2013 monetization of a related company's shares. *See* Decision and Order dated March 25, 2019, pp. 3-5. Orly, through Kasowitz, is appealing the decision. <u>It is this case for which Trustee has now retained Kasowitz</u>. *See* Trustee's letter to the New York court is annexed hereto.

7.  Should Kasowitz and Trustee succeed, the estate could be denuded of its only meaningful asset which, needless to say, is the very opposite of the Trustee's mandate. Meanwhile, Debtor's fraudulent transferees—including Debtor's husband and Kasowitz itself—would retain the $32.3 million that Debtor diverted to them.

8.  The Kasowitz lawyers retained by Trustee are the same attorneys described in Movant's recently-filed motion to dismiss. In that motion, Movant documents a web of misconduct by Kasowitz, led by Debtor's husband, to fraudulently transfer, conceal and encumber Debtor's assets. That misconduct includes multiple false statements under oath and other affirmative misrepresentations to the U.S. District Court, Second Circuit, and Magistrate Judge Austin of this District. *See Genger v. Genger*, Civil Action No.: 1:19-mc-00366-LY (W.D. Tex.), Docket No. 11 (p. 5 of 6). Such misconduct also includes *backdating* of documents to create faux indebtedness encumbering Debtor's assets, and other untoward behavior designed to frustrate collection. The U.S. District Court was considering motions directed to that conduct,

when Debtor hurriedly filed this case and invoked the automatic stay.

9. Kasowitz's misconduct has continued unabated in this action. An investigator hired by Movant recently identified an Israeli bank account held by Debtor which was not listed on her schedule. Movant promptly notified Debtor's counsel and Trustee. Debtor's counsel then demanded the source of the information. When Movant provided the underlying investigative report, Kasowitz's Herschmann responded *not* by pledging his cooperation to help his wife cure this discrepancy, but rather by having his Israeli attorney *threaten* the private investigator for supposedly revealing his wife's private information.

10. We have no idea if this bank account is significant. What we do know is that the Trustee should not entrust estate claims to an attorney who is continuing to actively frustrate discovery of potentially relevant estate assets.

### III. RELIEF REQUESTED

11. By this motion, Movant does not seek to litigate the merits of the New York state court action. Rather, this motion challenges the appropriateness of Trustee's retention of an obviously and fatally conflicted firm (a party from whom the estate should recover funds). Trustee, in his discretion, may retain counsel, but only subject to the Bankruptcy Code and Rules. Trustee has abused that discretion and violated clear rules. He should therefore show cause why he should not be directed to retain non-conflicted counsel.

### IV. BASIS FOR RELIEF

12. A bankruptcy trustee is charged with acting in the best interests of the estate, particularly creditors. In discharging that duty, a trustee is to retain professionals who satisfy Bankruptcy Code § 327, and who, specifically, have no conflict of interest.

13. Kasowitz is an adversary of the bankruptcy estate that has aided the Debtor in

frustrating her rightful creditors by assisting in the fraudulent transfer of the Debtor's assets and undermining the efforts of those rightful creditors to recover those assets. Furthermore, Kasowitz is an insider of the Debtor with interests adverse to the estate that permeate all matters, regardless of the subject matter of any isolated litigation.

14. Mr. Herschmann is clearly an insider to Debtor, as her non-filing spouse. Likewise, each Kasowitz partner, is an insider to Mr. Herschmann. Under 11 U.S.C.S. § 101, an "insider to an insider to the Debtor" is deemed an insider to a debtor. *In re Bos*, 561 B.R. 868, 885 n.69 (Bankr. N.D. Fla 2016), *citing In re Parks*, 503 B.R. 820, 835 (Bankr. W.D. Wash. 2013) (holding one-year preference period applicable because individual was an insider of an insider of debtor). Section 101(31)(E) also deems an "insider of an affiliate" to be an insider "as if such affiliate were the debtor." *See Sherron Assocs. Loan Fund XXI (Lacey) L.L.C. v. Thomas (In re Parks)*, 503 B.R. 820, 822 (Bankr. W.D. Wash. 2013).

15. While "[a]ttorneys have not generally been considered insiders of their debtor-clients" (*Glassman v. Heimbach, Spitko & Heckman (In re Spitko)*, 2007 Bankr. Lexis 2050, *27 (Bankr. E.D. Pa. June 11, 2007) (citations omitted)), where, as here, an attorney has been found to be an extra-statutory insider, that status has been imposed because of a relationship with the debtor that transcended the normal attorney-client boundaries. *See, e.g., In re Broumas,* 135 F.3d 769 (Table), 1998 WL 77842 (4th Cir. 1998) [published in full-text format at 1998 U.S. App. Lexis 3070], (attorney is an insider); *In re Lemanski,* 56 B.R. 981 (Bankr. W.D. Wisc. 1986) (same); *In re Durkay,* 9 B.R. 58 (Bankr. N.D. Ohio 1981).

16. Here, there is no question that Mr. Herschmann, as Debtor's spouse, is an insider. Thus, the law firm to which he is a partner, Kasowitz, is also an insider.

17. The Bankruptcy Code permits a trustee of a bankruptcy estate, with court

approval, to "employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). A person is "not disqualified for employment under [section 327] solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c).

18. The Fifth Circuit has stated:

> We have observed that these standards are "strict" and that attorneys engaged in the conduct of a bankruptcy case "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." Accordingly, we are "sensitive to preventing conflicts of interest" and require a "'painstaking analysis of the facts and precise application of precedent'" when inquiring into alleged conflicts. If an actual conflict of interest is present, "no more need be shown ... to support a denial of compensation."

*In re W. Delta Oil Co., Inc.,* 432 F.3d 347, 355 (5th Cir. 2005) (quoting *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1256 & n. 6 (5th Cir. 1986)).

19. Kasowitz's conflicts with the estate and misdeeds relating to Debtor are elaborated in the Motion to Dismiss. They include, *inter alia*: (a) assisting in the fraudulent transfer of assets by Debtor; (b) orchestrating Debtor's efforts to prevent creditors from unwinding those fraudulent transfers, through false statements, many made under oath; (c) withholding documents and information during discovery; and (d) backdating documents in order to create illegitimate claims against Debtor. In light of these conflicts and malfeasance, there is no matter to which Kasowitz is not adverse interest to the estate.

20. To facilitate the requirements of § 327, Bankruptcy Rule 2014 provides that an

application for employment of a professional by the trustee must disclose "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a). Rule 2014 requires that any such application "be accompanied by a verified statement of the person to be employed setting forth" those connections. *Id.*

21. Here, Trustee has not filed an application to retain Kasowitz as special counsel, and, thus, has not disclosed to this Court the firm's connections with Debtor. By failing to do so, Trustee has circumvented the Code and Rules. If properly made, those disclosures would reveal that the firm retained by the Trustee (1) asserts significant claims against the estate, (2) has represented (and still represents) both Debtor and creditors in pending litigation, (3) is anything but "disinterested," (4) holds interests directly adverse to the estate, and (5) has assisted Debtor in her attempts to prevent the repayment of the estate's rightful creditors.

22. In sum, Trustee has disregarded his duty to select counsel (including "special counsel") that is not conflicted. Both Kasowitz as a law firm, and its two lead partners individually—Messrs. Herschmann and Bowen—have conflicts that go to the heart of the bankruptcy case. Such conflicts include potential liability to the estate which they are seeking to expunge through the very case in which they have been retained.

23. Accordingly, for all of the foregoing reasons, Movant respectfully requests that the Court (a) direct Trustee to select other counsel and (b) grant such other and further relief to which Movant may be entitled.

24. Movant thanks the Court for its consideration.

Dated: September 25, 2019                    Respectfully submitted,

By: */s/ Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Stephen W. Lemmon
State Bar No. 12194500
Streusand Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9901 (Telephone)
(512) 236-9904 (Facsimile)
streusand@slollp.com
lemmon@slollp.com

John Dellaportas (admitted *pro hac)*
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10280
(212) 238-3000 (Telephone)
jdellaportas@emmetmarvin.com

**COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 25, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Orly Genger
210 Lavaca Street
Unit 1903
Austin, Texas 78701

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

> */s/ Sabrina L. Streusand*
> Sabrina L. Streusand