**Exhibit "B"**

**DECLARATION OF MICHAEL PAUL BOWEN**

STATE OF NEW YORK §
§
COUNTY OF NEW YORK §

Pursuant to 28 U.S.C. § 1746, I, Michael Paul Bowen, hereby declare and state as follows:

1. I am an attorney licensed to practice law in the State of New York. I submit this Declaration in support of the Chapter 7 Trustee's Application (the "Application") to retain the law firm of Kasowitz Benson Torres LLP, of which I am a partner, and to provide the disclosures required under § 327(e) of title 11 of the United States Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas.

2. The Chapter 7 trustee (the "Trustee") in the above captioned Chapter 7 case seeks to employ Kasowitz Benson Torres LLP ("KBT") as special litigation counsel in connection with ongoing litigation presently pending in the state courts of New York (the "Litigation") as more fully described in the engagement letters (the "Engagement Letters") attached to the Application.

3. KBT holds an unsecured claim against Orly Genger ("Debtor") for legal services rendered pre-petition. Among other things, KBT represented Debtor pre-petition in the Litigation.

4. The scope of KBT's proposed representation does not include representation of the Trustee with respect to the promissory notes or fraudulent conveyance actions alluded to by Sagi Genger in the Expedited Motion to Show Cause [Dkt. No. 42].

5. Debtor's husband, Eric Herschmann ("Herschmann"), is a senior partner with KBT.

6. The Trustee selected KBT to represent him in the Litigation based upon KBT's pre-petition role in the Litigation, personal knowledge of matters relating to the Litigation, and reputation for successfully handling litigation matters like the Litigation.

7. With respect to the Litigation, neither I nor KBT represent or hold any interest adverse to the Debtor or the bankruptcy estate. In fact, as an unsecured creditor itself, KBT is incentivized to maximize the recovery to the bankruptcy estate through the Litigation so that it achieves a recovery on its own claim. By reasons of the foregoing, I believe that KBT is eligible for employment and retention by the Trustee pursuant to §§ 327(e) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

8. KBT is seeking to be retained by the Trustee as his special counsel and intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in connection with these Chapter 7 cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court.

9. This Declaration is intended to comply with Bankruptcy Rule 2016(b). KBT intends to apply to this Court for compensation for professional services rendered in connection with this bankruptcy case in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the administrative and other orders entered by the Court.

10. No promises have been received by me or KBT as compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

11. Further, neither I nor KBT has shared or agreed to share (a) any compensation we have received or may receive with another party or person, or (b) any compensation another person or party has received or may receive.

Executed on September 30, 2019

_____
Michael Paul Bowen