# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

MICHAEL PAUL BOWEN
DIRECT DIAL: (212) 506-1903
MBOWEN@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

September 26, 2019



Via Email & U.S. Mail

Ron Satija, Chapter 7 Trustee
3144 Bee Cave Road
Austin, TX 78746
Email: rsatija@satijatrustee.com

Re: Terms and Conditions of Engagement

Dear Mr. Satija:

This letter confirms that, subject to the approval of the U.S. Bankruptcy Court for the Western District of Texas, you, as the court-appointed Chapter 7 Trustee in the bankruptcy action In re Orly Genger (W.D.T.X. Case No. 19-bk-10926), are engaging Kasowitz Benson Torres ("KBT") to represent the Orly Genger Debtor Estate (the "Estate") in the various actions identified below.

KBT will represent the Estate in the following pending actions, as well as any other related matters concerning Sagi Genger, Dalia Genger, or the Orly Genger 1993 Trust (and current or past trustees of that trust) that both you and KBT agree are included within the scope of this engagement (collectively, the Actions):

- *In the matter of the Application of Orly Genger, as a person interested, for the removal of Dalia Genger as Trustee of the Orly Genger 1993 Trust*, New York County Surrogate's Court File No. 0017/2008

- *In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between Arie Genger, as Grantor, and Lawrence M. Small and Sash A. Spencer, as Trustees, to Turnover Property of the Orly Genger 1993 Trust*, New York County Surrogate's Court File No. 2008-0017/E

- *Orly Genger, etc. v. Dalia Genger, et al.*, New York County Supreme Court Index No. 109749/09

KASOWITZ BENSON TORRES LLP

Ron Satija
September 26, 2019
Page 2

- *Orly Genger v. Sagi Genger*, New York County Supreme Court Index No. 100697/08

KBT agrees to represent the Estate on a one-third contingency fee basis, as follows: (i) KBT waives its usual and customary hourly fee arrangement and will not charge the Estate any attorney's fees for work on this representation unless and until there is a recovery in one or more of the Actions; (ii) KBT will advance any reasonable costs associated with the representation (e.g. fees for data servicers, legal research databases, and court reporters, and expenditures related to court fees, travel, copying, etc.); (iii) upon any recovery related to the Actions, whether after verdict, final judgment, settlement or otherwise, such funds shall be used first to repay KBT's out-of-pocket expenses related to this representation and the Actions, and then KBT shall be entitled to receive as its fee and shall receive one-third of the recovery that remains after repayment of KBT's out-of-pocket expenses.

We are required to advise you that, under state law, in the event of any fee dispute between you and KBT involving a sum of more than $1,000 but less than $50,000, you have the option to seek resolution of such dispute in an arbitration proceeding conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.

Please return an executed original of this letter and keep one copy for your files.

We look forward to working with you.

Sincerely,

KASOWITZ BENSON TORRES LLP

By: _____
Michael Paul Bowen

AGREED:

By: _____
Ron Satija,
in his capacity as Chapter 7 Trustee
of the Bankruptcy Estate