## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 7** |
| **ORLY GENGER,** | § | |
| | § | **CASE NO. 19-10926-TMD** |
| Debtor. | § | |

### SAGI GENGER'S LIMITED OBJECTION TO MOTION FOR CONTINUANCE OF HEARINGS ON (A) EXPEDITED MOTION FOR ORDER TO SHOW CAUSE [DOCKET NO. 42] AND (B) MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9018 AND SECTION 107(b) OF THE BANKRUPTCY CODE, AUTHORIZING SAGI GENGER TO FILE UNDER SEAL CERTAIN OF THE EXHIBITS AND PORTIONS OF THE MOTION TO DISMISS BANKRUPTCY CASE OR, ALTERNATIVELY, TO TRANSFER VENUE [DOCKET NO. 31]

Judgment Creditor Sagi Genger ("Sagi"), by and through his counsel, files this Limited Objection (the "Objection") to Eric Herschmann's Motion for Continuance of Hearings on (A) Expedited Motion for Order to Show Cause [Docket No. 42] and (B) Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue [Docket No. 31] (the "Motion").

In support of this Objection, Sagi respectfully represents:

### I.    BACKGROUND AND ARGUMENT

1.      On or about July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition thereby commencing this bankruptcy case.

2.      On or about September 16, 2019, Ron Satija, the Chapter 7 Trustee, filed and Order to Show Cause [Motion #65] ("Satija Show Cause Motion") in that certain civil action assigned Index No. 109749/09, *Orly Genger v. Dalia Genger, et al.*, and pending in the Supreme Court of the State of New York, County of New York (the "New York Proceeding" before the

"State Court"). A hearing is set for 9:30 a.m. on October 16, 2019 in the New York Proceeding on the Satija Show Cause Motion. A true and correct copy of the Satija Show Cause Motion is attached hereto and incorporated herein as Exhibit "A."

3. On September 25, 2019, Sagi filed with this Court his Expedited Motion for Order to Show Cause [Docket No. 42] (the "Show Cause Motion"). A hearing is set for October 11, 2019 in this bankruptcy case on the Show Cause Motion and on the Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue [Docket No. 31] (the "Motion to Seal").

4. A request for continuance was filed in the New York Proceeding for the hearing set for October 16, 2019 by Dalia Genger's counsel, but that request has not been granted at this time, and it is opposed by Michael Bowen of Kasowitz Benson Torres LLP ("Kasowitz") on behalf of Ron Satija.

5. Although Sagi would like to accommodate Mr. Herschmann's request for a continuance, it is imperative that the Show Cause Motion is heard in this bankruptcy case *prior* to the October 16, 2019 hearing in the New York Proceeding to determine whether Ron Satija can retain Kasowitz as the estate's special counsel for purposes of proceeding therein. Mr. Satija in the Satija Show Cause Motion is attempting to have Judge Barbara Jaffe, who presides over the New York Proceeding, re-litigate and re-hear, and appeal from claims that the State Court previously dismissed.

6. With regard to the hearing on the Motion to Show Cause, Sagi would also note that the Kasowitz firm has roughly two hundred (200) lawyers, and it has a Houston office. With respect to the hearing on the Motion to Seal, Mr. Herschmann is not a signatory to the

Protective Order in Case No. 1:17-cv-08181-VSB-DCF, and, additionally, Mr. Herschmann sought to quash his response to discovery in a separate proceeding in Judge Andrew W. Austin's Court in the Western District of Texas prior the filing of the Chapter 7 case by his wife, Orly Genger, in this bankruptcy court. The only document that has been produced, if you will, "jointly" by Orly Genger and her husband, Mr. Herschmann, under the Protective Order is the Prenuptial Agreement, and that was produced in a highly redacted format.

## II.  PRAYER

WHEREFORE, Sagi respectfully requests that the hearing remain on the Court's docket on October 11, 2019 as currently scheduled, and grant such other and further relief as this Court may deem just and proper.

Dated:  October 2, 2019

Respectfully submitted,

By:  */s/ Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    Streusand Landon, Ozburn & Lemmon, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    (512) 236-9901 (Telephone)
    (512) 236-9904 (Facsimile)
    streusand@slollp.com

    and

    John Dellaportas (admitted *pro hac)*
    Emmet, Marvin & Martin, LLP
    120 Broadway
    New York, New York 10280
    (212) 238-3000 (Telephone)
    jdellaportas@emmetmarvin.com

    **COUNSEL TO JUDGMENT CREDITOR**
    **SAGI GENGER**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 2, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

*/s/ Sabrina L. Streusand*
Sabrina L. Streusand

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ORLY GENGER, in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership),<br><br>               Plaintiff,<br><br>          - against -<br><br>DALIA GENGER, SAGI GENGER, LEAH FANG, D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC.,<br><br>              Defendants. | Index No.: 109749/09<br><br>Hon. Barbara Jaffe<br><br>Motion Sequence No. 65 |

## <u>ORDER TO SHOW CAUSE</u>

Upon the reading of the annexed Memorandum of Law in Support of the Motion of Ron Satija, as Trustee of the estate created by the Chapter 7 bankruptcy of Orly Genger (the "Bankruptcy Trustee"), to Reinstate and Sever the Claim Against Dalia Genger, the Affirmation of Andrew R. Kurland, with exhibits thereto, and all other prior proceedings before the Court in this matter, and good cause appearing therefore, it is hereby:

**ORDERED** that defendant Dalia Genger shall show cause before this Court at IAS Part 12 of the Supreme Court of the State of New York, County of New York, located at 60 Centre Street, Room 341, New York, New York, on the ____ day of _____, 2019, at _____, or as soon thereafter as counsel can be heard, why an Order should not be entered:

    (1) granting the Bankruptcy Trustee's motion to reargue; and

    (2) rescinding the Court's August 9, 2019 Order (NYSCEF Doc. No. 1635); and

    (3) severing plaintiff's fourth cause of action – for fraud against Dalia Genger – from this proceeding.

**Exhibit A**

**IT IS FURTHER ORDERED** that service of a copy of this Order to Show Cause, together with the papers upon which it is granted, shall be made upon counsel for Dalia Genger, as well as all parties to this proceeding, electronically via NYSCEF on or before the _____ day September __, 2019, which shall be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED** that answering papers, if any, shall be served upon counsel for the Bankruptcy Trustee, as well as all parties to the proceeding, electronically via NYSCEF, on or before the _____ day of _____, 2019, which shall be deemed good and sufficient service thereof.

**IT IS FURTHER ORDERED** that reply papers, if any, shall be served upon counsel for Dalia Genger, as well as all parties to this proceeding, electronically via NYSCEF, on or before the _____ day of _____, 2019, which shall be deemed good and sufficient service thereof.

Signed this _____ day of September, 2019, at New York, New York.

ENTER,

_____
J. S. C.

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership), | Index No.: 109749/09 |
| Plaintiff, | Hon. Barbara Jaffe |
| - against - | Mot. Seq. No. 65 |
| DALIA GENGER, SAGI GENGER, LEAH FANG D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC., | |
| Defendants. | |

### AFFIRMATION OF ANDREW R. KURLAND
### IN SUPPORT OF THE BANKRUPTCY TRUSTEE'S
### MOTION TO REARGUE AND TO SEVER THE CLAIM AGAINST DALIA GENGER

ANDREW R. KURLAND, duly admitted to practice law before the courts of the State of

New York, affirms the following to be true under penalties of perjury pursuant to CPLR 2106:

1.      I am a member of Kasowitz Benson Torres LLP, attorneys for plaintiff and for Ron

Satija, in his capacity as Trustee of the estate created by the Chapter 7 bankruptcy of Orly Genger

pending in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy

Trustee"). I make this affirmation in support of the Bankruptcy Trustee's Motion to Reargue and to

Sever the Claim Against Dalia Genger that was disposed of by this Court's decision and order dated

August 9, 2019.

2.      Attached hereto as Exhibit A is a true and correct copy of a letter from the

Bankruptcy Trustee, dated September 16, 2019.

3.      Attached hereto as Exhibit B is a true and correct copy this Court's order marking

this action as disposed, dated August 9, 2019 (NYSCEF Doc. No. 1635).

## Exhibit A

1 of 2

4.  Attached hereto as <u>Exhibit C</u> is true and correct copy of the appellate brief filed by Dalia Genger in the Appellate Division, dated March 17, 2017.

5.  Attached hereto as <u>Exhibit D</u> is true and correct copy of the order from the Appellate Division, dated July 13, 2017.

Dated:  New York, New York
        September 16, 2019

Andrew R. Kurland

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

# EXHIBIT A

RECEIVED NYSCEF: 09/16/2019

**Ron Satija**
**United States Bankruptcy Trustee**

PO Box 660208
Austin, Texas 78766-7208
Tel: (512) 900-8223
Fax: (512) 900-8224
rsatija@satijatrustee.com

September 16, 2019

Hon. Barbara Jaffe
60 Centre Street, Room 514
New York, NY 10007

    Re: Orly Genger v. Dalia Genger, Index No. 109749/09.

Dear Justice Jaffe:

I am the court-appointed Trustee for the Chapter 7 bankruptcy of Orly Genger pending in the U.S. Bankruptcy Court for the Western District of Texas, and am charged under the Bankruptcy Code to pursue viable claims on behalf of Ms. Genger's estate for the benefit of her creditors. A copy of the notice of my appointment is attached.

I retained Kasowitz Benson Torres LLP to file two motions on behalf of the estate: One is to reinstate the above-referenced action as against Dalia on the ground that the Court overlooked the fact that the fraud claim as to Dalia has not been decided on the merits or otherwise disposed (even though other claims as against other defendants have been resolved in a final judgment); the second is to sever this reinstated claim in order to remove it, pursuant to the Bankruptcy Code, and transfer it to the U.S. Bankruptcy Court for the Western District of Texas.

Thank you for your consideration of this matter.

Sincerely,

Ron Satija

**Exhibit A**

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Orly Genger** | Social Security number or ITIN | xxx-xx-8893 |
| | First Name   Middle Name   Last Name | EIN  __-_____ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  ____ | |
| | | EIN  __-_____ | |
| United States Bankruptcy Court  **Western District of Texas** | | | |
| Case number:  **19-10926-tmd** | | Date case filed for chapter  7  7/12/19 | |

## Official Form 309A (For Individuals or Joint Debtors)

## Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline    12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Orly Genger | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 210 Lavaca St. Unit 1903 Austin, TX 78701 | |
| 4. | Debtor's attorney Name and address | Eric J. Taube Waller Lansden Dortch & Davis, LLP 100 Congress Ave, Suite 1800 Austin, TX 78701 | Contact phone (512) 685-6400 Email:  eric.taube@wallerlaw.com |
| 5. | Bankruptcy trustee Name and address | Ron Satija P.O. Box 660208 Austin, TX 78766 | Contact phone 512-733-1311 Email:  rsatija@satijatrustee.com |

**Exhibit A**

NYSCEF DOC. NO. 9    19-10926-tmd Doc#2 Filed 07/12/19 Entered 07/12/19 19:20:05 Ch 7 First Mtg 1/1 No POC RECEIVED NYSCEF: 09/16/2019

Pg 2 of 2

Debtor **Orly Genger**                                                      Case number 19-10926-tmd

| 6. **Bankruptcy clerk's office** | 903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-0 | Hours open Monday – Friday 8:00 AM – 4:00 PM |
|---|---|---|
| Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. See Court website for electronic filing information: www.txwb.uscourts.gov. | | Contact phone (512) 916-5237<br><br>Date: 7/15/19 |

| 7. **Meeting of creditors** | **August 15, 2019 at 12:00 PM** | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Austin Room 1500, Homer Thornberry Bldg., 903 San Jacinto, Austin, TX 78701** |

| 8. **Presumption of abuse** | The presumption of abuse does not arise. | |
|---|---|---|
| If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | | |

| 9. **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 10/15/19** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• If you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• If you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline: 30 days after the** *conclusion of the meeting of creditors* |

| 10. **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|
| Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                page 2

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

# EXHIBIT B

**Exhibit A**

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____ JAFFE _____

BARBARA JAFFE  Justice
J.S.C.

PART 12

Genger, Orly

-v-

Genger, Dahlia

INDEX NO. 109749/09

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

As this matter was disposed of on June 6, 2019, the Clerk is hereby ORDERED, to mark this action as disposed.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _____ 8/9/19 _____

_____, J.S.C.

BARBARA JAFFE
J.S.C.

1. CHECK ONE: ..................................... ☑ CASE DISPOSED ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: .....................MOTION IS: ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE: ..................................... ☐ SETTLE ORDER ☐ SUBMIT ORDER

☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

# EXHIBIT C

TO BE ARGUED BY:
ROBERT A. MEISTER, ESQ.

# Supreme Court of the State of New York
## Appellate Division: First Department



ORLY GENGER in her individual capacity and on behalf of
the Orly Genger 1993 Trust (both in its individual capacity and on
behalf of D&K Limited Partnership),

*Plaintiff-Respondent,*

-against-

DALIA GENGER, SAGI GENGER

*Defendants-Appellants,*

LEAH FANG,

*Defendant,*

D&K GP LLC and TPR INVESTMENT ASSOCIATES, INC.,

*Defendants-Appellants.*

# BRIEF FOR DEFENDANT-APPELLANT
# DALIA GENGER

PEDOWITZ & MEISTER, LLP
*Attorneys for Defendant-Appellant*
*Dalia Genger*
570 Lexington Avenue, 18th Floor
New York, New York 10022
(212) 403-7330
*robert.meister@pedowitzmeister.com*

Supreme Court, New York County, Index No. 109749/2009

DICK BAILEY SERVICE, Inc. · 1-800-531-2028 · dickbailey.com
[REPRODUCED ON RECYCLED PAPER]

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................... *iii*

PREARGUMENT STATEMENT................................................................1

QUESTIONS PRESENTED..................................................................2

STATEMENT OF THE CASE................................................................3

    A. The Second Amended Verified Complaint................................................3

    B. The April 8, 2016 Order................................................................3

    C. The Two Attachment Motions ........................................................4

    D. The September 9th Order................................................................5

LEGAL STANDARD........................................................................8

ARGUMENT ..............................................................................9

POINT I - The IAS Court abused its discretion by attaching Dalia's assets without evidence of the elements required in CPLR §§ 6201, 6212(a) ..........................................................................9

    a. There is no Viable Cause of Action Against Dalia nor Is There a Likelihood of Success on the Merits ........................................................9

    b. Plaintiff Did Not Meet the Other Requirements of CPLR 6201 ...............13

        i. As Dalia is a New York Domiciliary, and attachment under CPLR 6201[1] is inappropriate..........................................................13

**Exhibit A**

ii. There is no evidence that Dalia had any "intent to defraud [her] creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor," nor that she "assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts;" so attachment under CPLR 6201[3] is inappropriate ........................................................ 14

POINT II - Attaching an asset in Dalia's Individual Retirement Account ("IRA") was Improper as such funds Are Exempt from Attachment under C.P.L.R. § 5205 .............................................................. 18

CONCLUSION.......................................................................... 20

CERTIFICATE OF COMPLIANCE.................................................... 21

**Exhibit A**

# TABLE OF AUTHORITIES

*Cases*                                                                 *Page(s)*

*Ames v. Clifford,*
    863 F. Supp. 175, 177 (SDNY 1994) ...............................................................14

*Bayerische Hypo-und Vereinsbank AG v. DeGiorgio,*
    74 A.D.3d 492, 493 (1st Dep't 2010) .............................................................19

*Benedict v. Browne,*
    289 A.D.2d 433, 433 (2d Dep't 2001) .............................................................14

*Corsi v. Vroman,*
    37 A.D.3d 397 (2d Dep't 2007) .......................................................................14

*County Natwest Sec. Corp., USA v. Jesup, Josephthal & Co.,*
    180 A.D.2d 468, 469 (1st Dept. 1992) ...........................................................14

*Daley v. Related Companies, Inc.,*
    179 A.D.2d 55, 60–61, (1st Dept. 1992) .....................................................8, 10

*Elliott Assoc., L.P. v Republic of Peru,*
    948 F. Supp. 1203, 1211 (S.D.N.Y. 1996) .......................................................8

*Eurycleia Partners, LP v. Seward & Kissel, LLP,*
    12 N.Y.3d 553, 559–560 (2009) .....................................................................12

*Founders Ins. Co. Ltd. v. Everest Natl. Ins. Co.,*
    41 A.D.3d 350, 351 (1st Dep't 2007) ..............................................................16

*Gama Aviation Inc. v. Sandton Capital Partners, L.P.,*
    93 A.D.3d 570, 571 (1st Dep't 2012) ..............................................................17

*General Textile Printing & Processing Corp. v. Expromtorg Intl. Corp.,*
    862 F. Supp. 1070, 1073 (SDNY 1994) .........................................................14

*Genger v. Genger,*
    120 A.D.3d 1102 (1st Dep't 2014) ....................................................................1

**Exhibit A**

*Habitations Ltd. v. BKL Realty Sales Corp.*,
    160 A.D.2d 423, 424 (1st Dept. 1990) ................................................................14

*Hotel 71 Mezz Lender LLC v. Falor*,
    14 N.Y.3d 303, 310–311 (2010) ........................................................................14

*Karakus v. Wells Fargo Bank, N.A.*,
    941 F. Supp. 2d 318 (E.D.N.Y. 2013) ...............................................................12

*Koehler v. Bank of Bermuda Ltd.*,
    12 N.Y.3d 533, 538 (2009) ..................................................................................14

*Lama Holding Co. v. Smith Barney*,
    88 N.Y.2d 413, 412 (1996) ..................................................................................10

*Mandarin Trading Ltd. v. Wildenstein*,
    16 N.Y.3d 173, 178 (2011) ..................................................................................10

*Mar v. Liquid Mgmt. Partners, LLC*,
    62 A.D.3d 762, 763 (2d Dep't 2009) ..................................................................17

*Morgenthau v. Avion Resources, Ltd.*,
    11 N.Y.3d 383, 387 (2008) ....................................................................................8

*Pasternack v. Laboratory Corporation of America Holdings*,
    27 N.Y.3d 817 (2016) ..........................................................................................10

*Reinhardt v. John Family Trust of 1997*,
    21 Misc. 3d 1112(A) (Sup. Ct., N. Y. Co. 2008)................................................12

*Rosenthal v. Rochester Button Co., Inc.*,
    148 A.D.2d 375, 376 (1st Dep't 1989) ...............................................................15

*Structure Tone, Inc. v. Niland*,
    112 A.D.3d 505 (1st Dept. 2013) ........................................................................12

*Sylmark Holdings Ltd. v. Silicone Zone Int'l Ltd.*,
    5 Misc. 3d 285, 301 (Sup. Ct., N. Y. Co. 2004)............................................8, 16

**Exhibit A**

*VisionChina Media Inc. v. S'holder Representative Servs., LLC,*
    109 A.D.3d 49, 59–61 (1st Dept. 2013) ........................................................8, 9

*Zodkevitch v. Feibush,*
    49 A.D.3d 424, 425 (1st Dep't 2008) ................................................................17

**Statutes/Regulations/Miscellaneous**

C.P.L.R. § 5205 ...............................................................................2, 7, 18, 19
C.P.L.R. § 5205 (c) ..................................................................................19, 20
C.P.L.R. § 6201 .........................................................................................*passim*
C.P.L.R. § 6212 (a) .............................................................................................9

**Exhibit A**

Defendant-Appellant Dalia Genger ("Dalia") respectfully appeals the Decision and Order of the IAS Court below dated September 9, 2016 and entered on September 12, 2016 ("September 9th Order" (R. 14-41)).

## PREARGUMENT STATEMENT

On April 8, 2016, summary judgment was granted against the *other* remaining Defendants - TPR Investment Associates, Inc. ("TPR"), Sagi Genger and D&K GP LLC (the "Summary Judgment Defendants"), but summary judgment was not granted against Dalia.[1]

Three months later, Plaintiff submitted two Orders to Show Cause on two successive days. The first, July 28, 2016, sought to attach assets of the Summary Judgment Defendants, whom the Order defined as the "SG Defendants". R. 440-442. Dalia was not included in that definition of SG Defendants, and no relief against Dalia was sought in that motion.

The very next day Plaintiff filed a second Order to Show Cause seeking to attach the assets of the same defendants but this time adding Dalia Genger. R. 393-396. The second motion and the moving papers again used the term "SG Defendants," but this time confusingly defined it as four defendants, including Dalia, as well as the Summary Judgment Defendants.

---

[1] Defendant Leah Fang who remains in the caption was dismissed on September 23, 2014, Docket No. 713, by Order of this Court. *See Genger v. Genger*, 120 A.D.3d 1102 (1st Dep't 2014).

1

**Exhibit A**

Despite the absence of any evidence demonstrating a likelihood of success on the one claim against Dalia, and the absence of summary judgment against Dalia, the IAS Court signed both Orders to Show Cause temporarily attaching and staying Dalia's use of her assets except for household expenses at a capped amount. Then IAS Court abused its discretion in the September 9th Order by granting both motions notwithstanding the absence of any evidence against Dalia and based on findings against the conflated "SG Defendants" that were totally inapplicable to Dalia and unsupported by evidence against Dalia. Accordingly, the September 9th Order should be reversed.

## QUESTIONS PRESENTED

1.    Did the IAS Court abuse its discretion by attaching, restricting and limiting Dalia's use of her assets where there is no evidence of likelihood of success on the merits in the sole claim pending against her or of any of the grounds required for attachment by CPLR § 6201?

2.    Did the IAS Court improperly attach assets of Dalia's Individual Retirement Account ("IRA") which is exempt under C.P.L.R. § 5205?

**Exhibit A**

# STATEMENT OF THE CASE

## A. The Second Amended Verified Complaint

Respondent's sole claim against Dalia in this action is for damages for statements Dalia allegedly fraudulently made to Plaintiff Respondent Orly Genger ("Orly") about a 1993 Note made by D&K L.P. (R. 85-88).[2] The Order appealed from does not even discuss this sole claim against Dalia, much less find it likely to be successful.

## B. The April 8, 2016 Order

The Second Amended Complaint also alleges that the other Defendants - TPR, Sagi Genger and D&K GP LP - improperly foreclosed upon shares of TPR stock that D&K, L.P. ("D&K") had pledged to secure D&K's 1993 promissory Note used to purchase those TPR shares in 1993.[3] Second Amended Complaint, (R. 42-107 ¶ 99-126)

On April 8, 2016, the IAS Court awarded Plaintiff Summary Judgment against the other Defendants, TPR, Sagi Genger and D&K GP LP, on the first, seventh and

---

[2] Respondent's original claims against Dalia were in her capacity as Trustee of the Orly Genger 1993 Trust, for allegedly failing to prevent TPR from foreclosing on the D & K Note, but those claims were dismissed on summary judgment by a June 28, 2010 Order deferring to a Surrogate Court proceeding that Orly had earlier brought against Dalia, as Trustee, for alleged breach of fiduciary duty (R. 338-371). Orly did not appeal that Order.

[3] The Orly Genger 1993 Trust ("Orly Trust"), a limited partner in D&K, expressly guaranteed 48% of the D&K Note when the TPR shares were purchased back in 1993. (R. 48-49 ¶ 21-23). However, the Note remained unpaid for several years. (R. 51 ¶ 50). And, after D&K was in default on its payment obligations for almost 10 years, TPR foreclosed on the Note. (R. 291).

3

**Exhibit A**

eighth causes of action pertaining to the February 2009 foreclosure and auction of the pledged shares of TPR stock.[4] Summary judgment was *not* granted against Dalia; indeed, summary judgment against Dalia was not even sought. The issue of damages was referred to a special referee.

## C. The Two Attachment Motions

On two successive days in July, Plaintiff submitted two Orders to Show Cause for attachment. The first, filed July 28, 2016, sought to attach assets of the Summary Judgment Defendants, whom that Order to Show Cause defined as the "SG Defendants". R. 440-442. Dalia and her assets were not a subject of that motion.

The very next day Plaintiff filed a second Order to Show Cause seeking to attach the assets of the same defendants but this time adding Dalia. R. 393-396. The second Order to Show Cause and moving papers confusingly used the same definition - the "SG Defendants" – to refer to both the Summary Judgment Defendants and Dalia, notwithstanding Plaintiff's use of that term in the prior motion to define only the Summary Judgment Defendants, and not Dalia.[5] Without

---

[4] The first cause of action alleged that Sagi Genger and D&K GP LLC (the GP) breached their fiduciary duties to the LP and to the Orly Trust. The seventh cause of action sought to declare void the February 2009 UCC sale of a promissory note conducted by defendant TPR Investment Associates, Inc. ("TPR"), and the eighth cause of action, directing that the shares sold and transferred to TPR via the UCC action be returned to D & K LP.

[5] The July 29, 2016, motion also sought to attach the assets of Dalia and other Defendants in other entities, trusts, or escrow accounts allegedly controlled by or affiliated with them, including the Sagi Genger 1993 Trust, the Orly Genger 1993 Trust, Horizon 2009 Trust, Millennium USA LP, Double Gen Trust, Genger Kids LP or other entities in which Sagi Genger, or his wife Elana Genger or their children are beneficiaries, Manhattan Safety Co., Joshua's

**Exhibit A**

differentiating Dalia from the Summary Judgment Defendants, the IAS Court signed

the July 29th Order to Show Cause with a temporary restraining order providing that:

> "the SG Defendants [defined to include Dalia] and all other persons and
> garnishees, including in particular any entities and persons listed
> below, be restrained and prohibited from transferring or paying assets
> - except for ordinary and reasonable household expenses collectively
> not to exceed $50,000 per month . . ."

R. 393-396, July 29, 2016 Order p. 3.

Dalia's submitted an affidavit in opposition (R. 734-738, Doc. No. 1299),

noting, *inter alia*, that (1) summary judgment had not been granted against her and

(2) she is not a non-domiciliary, and (3) urged that attachment and an injunction

against her was improper. (R. 734-738, Dalia Genger Aff. ¶ 8-14). Dalia also noted

that attachment of assets of her Individual Retirement Account was improper under

New York Law. (R. 736, Dalia Genger Aff. ¶ 6).

## D. The September 9th Order

On September 9, 2016, the IAS Court issued a Decision and Order granting

Plaintiff's two attachment motions. Although the Decision recited the grounds for

attachment, it did not explain how they related to Dalia.

Without noting that summary judgment was not granted against Dalia, the IAS

Court erroneously relied on the summary judgment granted against the other

---

Standing Sun, LLC, Batzad, LLC, Bristol Ivory, LLC, and Rochelle Portfolio, Inc., and their
respective officers, directors, trustees, escrow agents, attorneys, representatives, and authorized
signatories. R. 393-396, September 9th Order at 1-2. Plaintiff subsequently withdrew her
application to restrain Millennium USA LP.

**Exhibit A**

defendants to find probability of success, even erroneously stating that such point "was not challenged by defendants." Opinion at 8, R. 22. In so ruling, the court totally ignored Dalia's Affidavit in Opposition, R. 736 ¶ 9, which *did* challenge likelihood of success against her, noting that "[t]his Court has not found me liable on any theory. Plaintiff's recent motion for summary judgment was not made against me and did not seek relief against me." Her affidavit ¶11, R. 737, further stated:

> I have not engaged in fraudulent or otherwise wrongful conduct to Plaintiff's injury. There is no basis for the OSC's recital that there is a likelihood that I will be found liable to Plaintiff; indeed, there is no basis in the papers submitted with the OSC for either of this recital.

The Decision also erroneously conflated all defendants in finding that "Defendants are non-domiciliaries residing without the state" and wrongly finding "This element is undisputed". (R. 23, September 9 Order at 9). Again the court ignored Dalia's affidavit, ¶ 8, R. 736, making the undisputed point that "I live in Manhattan, and thus am not a nondomicilliary and attachment is not appropriate on that ground."

The court relied exclusively on evidence about the Summary Judgment Defendants and not Dalia in its ruling that:

> With intent to defraud his creditors or frustrate enforcement of a judgment that might be rendered in plaintiff's favor, defendant [sic.] has assigned, disposed of, encumbered or secreted property or removed it from the state or is about to do any of these acts." Decision, 9 – 19, R. 23-33.

6

**Exhibit A**

Each of the eleven examples describes actions of other defendants (or non-parties), and none describes anything Dalia did. (While Dalia did move on June 15, 2016, to quash a subpoena to banks for her personal financial records, that was not one of the motions to quash the IAS Court found was designed to frustrate Plaintiff's attempt to obtain records for her damages trial against the Summary Judgment Defendants. See Decision, at 9, R. 23, discussing other motions filed June 10, July 4 and July 11 by notices of motion with deferred return dates. Dalia's motion (Motion no. 48) was by Order to Show Cause submitted on June 15th with a blank return date (Dkt. 1091), which the IAS Court made returnable June 16, (Dkt. 1096), and then denied June 17 (Dkt. 1102). And while the IAS Court also relied on a letter reporting representations allegedly to banks that subpoenas were stayed, such representations were reported to have been made by counsel for other defendants (see Dkt. 1115) and not by counsel for Dalia, who spoke with no bank.

Finally, although Dalia noted that Bristol Ivory was an asset of her Individual Retirement Account which should not be attached under the CPLR §5205, the IAS Court held that *Dalia* has "failed to establish that the funds in [her IRA] accounts are exempt Trust funds." *Id.* at 23.

7

**Exhibit A**

## LEGAL STANDARD

Attachment is a "harsh" remedy, and is construed narrowly in favor of the party against whom the remedy is invoked. *VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 109 A.D.3d 49, 59–61 (1st Dept. 2013). Whether to order an attachment when the requisite grounds are shown rests within the discretion of the court. *See Morgenthau v. Avion Resources, Ltd.*, 11 N.Y.3d 383, 387 (2008) (no abuse of discretion when court declined to confirm the attachment orders). As the granting of prejudgment attachments is discretionary, "'even when the statutory requisites are met, the order may be denied.'" *Elliott Assoc., L.P. v Republic of Peru*, 948 F. Supp. 1203, 1211 (S.D.N.Y. 1996). See *Daley v. Related Companies, Inc.*, 179 A.D.2d 55, 60–61, (1st Dept. 1992) (reversing attachment as an abuse of discretion when the IAS court specifically held that plaintiff did not come forward with sufficient evidence of (i) fraudulent intent on part of defendant and (ii) financial distress on part of defendant to warrant issuance of an attachment.) *See also Sylmark Holdings Ltd. v. Silicone Zone Int'l Ltd.*, 5 Misc. 3d 285, 301 (Sup. Ct., N. Y. Co. 2004).

RECEIVED NYSCEF: 09/16/2019

## ARGUMENT

Attachment may be only granted where there is a likelihood of success on the merits (CPLR 6212(a)), and there exists one or more grounds for attachment specified in CPLR 6201. Further, the party seeking attachment must demonstrate an identifiable risk that the defendant will not be able to satisfy any potential judgment that may be entered against it. *See VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 109 A.D.3d 49, 60 (1st Dep't 2013). As Orly did not meet these criteria, the IAS Court abused its discretion when it entered an order of attachment against Dalia.

### POINT I - The IAS Court abused its discretion by attaching Dalia's assets without evidence of the elements required in CPLR §§ 6201, 6212(a)

#### a. There is no Viable Cause of Action Against Dalia nor Is There a Likelihood of Success on the Merits

The first two elements required for attachment are (1) a viable cause of action and (2) likelihood of success on the merits. Both are prerequisites for entering an order of attachment. The September 9th Order, however, failed to examine either these elements as to Dalia, entirely relying only on the fact that summary judgment was granted on other theories against other Defendants - who are not Dalia. The April 8, 2016 summary judgment decision did not grant, nor did the motion even seek, any relief against Dalia. This is undisputed. Despite this, the September 9th Order concluded, erroneously as to Dalia, that:

9

**Exhibit A**

"[h]aving prevailed on her motion for partial summary judgment, plaintiff argues, without dispute, that she has thereby established a likelihood of success on the merits, a proposition not challenged by defendants."

*See* R. 22, September 9th Order at 8. That is not the case as to Dalia, against whom summary judgment was not granted and who did oppose the motion on those grounds. (R. 734-738, Dalia Genger Aff. ¶ 9-10). The IAS Court's failure to determine or even examine whether the claim against Dalia is likely to succeed on the merits, is an abuse of discretion in and of itself. *See Daley*, 179 A.D.2d at 60–61, 581 N.Y.S.2d at 761–62.

There is just one claim that remains against Dalia – a claim for allegedly making fraudulent statements to Orly. The motion papers neither discussed this claim nor brought forth any evidence to show that it is likely to succeed on the merits.

The elements of a fraud cause of action consist of "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Pasternack v. Laboratory Corporation of America Holdings*, 27 N.Y.3d 817 (2016), quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178 (2011), quoting *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 412 (1996).

As Dalia noted in her affidavit in opposition to this attachment, Orly's claims are meritless by her own admission. R. 736-737 (Dalia Aff. ¶¶9-11 and fn. 2). At

**Exhibit A**

Orly's deposition, after much evasion, Plaintiff had no specific recollection of Dalia making any such statement about the D&K Note being not enforceable or being worthless. Indeed, contrary to her allegations in this action, Orly has *admitted* the Orly Trust's obligation for its guarantee of the substantial balance of the D&K Note in her first Petition to Surrogate's Court that Orly verified on December 27, 2007, in which she stated "the Trust is indebted in the amount of approximately $4.5 million," ¶ 7 a. (iii); "as to [the D&K Note] there is recourse for 48% of the debt to the [Orly Genger] Trust" ¶21; "The [Orly] Trust's . . . liability on the [D&K] Note was created virtually at the same time the Trust was created" ¶22; "Obligation for the [D&K ] Note was assumed equally by each of the [Orly and Sagi] trusts" ¶ 23; and "[i]n August 2006 the [D&K] Note [was] valued at almost $9 million" ¶ 32; and in her October 15, 2012, verified Third Amended Petition in Surrogate's Court, Orly admits that "as of mid-2006, the D&K Note 'had an approximate value of $11,000,000 as a result of accrued interest.'" (¶ 29).

Although Orly's complaint also states that Dalia's allegedly fraudulent statements include: (1) failing to tell Orly about the so-called "meeting agreement" and (2) failing to tell Orly about the February 2009 foreclosure sale, even if true, there is no evidence that Dalia did not tell Orly about these things "for the purpose of inducing [Orly] to rely upon it," nor was Orly's so called "reliance" on these omissions "justifiable" – particularly given the fact that she was involved in

RECEIVED NYSCEF: 09/16/2019

litigation with her mother prior to any of these events even occurring. *See Structure Tone, Inc. v. Niland*, 112 A.D.3d 505 (1st Dept. 2013) (holding that plaintiff's claim for fraudulent misrepresentation fails, given the absence of a showing of justifiable reliance and the absence of evidence raising an inference of fraudulent intent); *see also Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559–560 (2009) (discussing that the elements of a cause of action for fraud require a material misrepresentation of a fact, *knowledge of its falsity*, an intent to induce reliance, justifiable reliance by the plaintiff and damages). *Reinhardt v. John Family Trust of 1997*, 21 Misc. 3d 1112(A) (Sup. Ct., N. Y. Co. 2008) (holding that there was insufficient support for a claim of fraud and negligent misrepresentation when plaintiff cannot allege reliance on defendant's statements as plaintiff had equal access to information at issue and admits he did not believe defendant's statements regarding this information); *Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318 (E.D.N.Y. 2013), adhered to on denial of reconsideration, No. 09-CV-4739 ENV SMG, 2013 WL 3187055 (E.D.N.Y. June 20, 2013) (holding that complaint against residential mortgage lender failed to state claim for fraudulent inducement as, among other items, there were no allegations that borrowers had actually relied on lender's alleged fictitious listing of their employment and income in the loan applications and borrowers could not have justifiably relied on lender's statement

**Exhibit A**

regarding the value of their home, which they believed was untrue at the time it was made.)

## b. Plaintiff Did Not Meet the Other Requirements of CPLR 6201

In order to obtain an attachment Order, Plaintiff was also obligated to meet the requirements of CPLR 6201. But there was no evidence of those requirements applicable to Dalia.

### i. As Dalia is a New York Domiciliary, and attachment under CPLR 6201[1] is inappropriate.

The finding in September 9th Order that it was undisputed that Defendants were non-domiciliaries (R. 23) is unsupported and plainly wrong as to Dalia. Dalia Genger is domiciled in New York City – something raised in her affidavit opposing the attachment Order. R. 736 ¶ 8. Plaintiff never contended otherwise.

**Exhibit A**

### ii. There is no evidence that Dalia had any "intent to defraud [her] creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor," nor that she "assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts;" so attachment under CPLR 6201[3] is inappropriate

To be granted an attachment under CPLR 6201(3), a "plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff." *Benedict v. Browne,* 289 A.D.2d 433, 433 (2d Dep't 2001); *see Corsi v. Vroman,* 37 A.D.3d 397 (2d Dep't 2007).

The party seeking attachment must also demonstrate an identifiable risk that the defendant will not be able to satisfy the judgment. *Hotel 71 Mezz Lender LLC v. Falor,* 14 N.Y.3d 303, 310–311 (2010); *Koehler v. Bank of Bermuda Ltd.,* 12 N.Y.3d 533, 538 (2009). The risk should be real, "whether it is a defendant's financial position or past and present conduct." *Ames v. Clifford,* 863 F. Supp. 175, 177 (SDNY 1994); *see also General Textile Printing & Processing Corp. v. Expromtorg Intl. Corp.,* 862 F. Supp. 1070, 1073 (SDNY 1994). The court may consider the defendant's history of paying creditors (*see Habitations Ltd. v. BKL Realty Sales Corp.,* 160 A.D.2d 423, 424 (1st Dept. 1990)), or a defendant's stated or indicated intent to dispose of assets. *See County Natwest Sec. Corp., USA v. Jesup, Josephthal & Co.,* 180 A.D.2d 468, 469 (1st Dept. 1992); *Rosenthal v.*

*Rochester Button Co., Inc.,* 148 A.D.2d 375, 376 (1st Dep't 1989) (holding that "[t]he fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough.").

But Dalia's actions were not found to be improper. The IAS Court's September 9th Order discusses the late return dates of motions to quash subpoenas by other parties but not by Dalia. Dalia's motion to quash mentioned above, (See Section D) was not found to be indicative on any "intentional" attempt to forestall cooperation with the subpoenas, which was, as the court stated "tantamount to intentionally attempting to frustrate the enforcement of the judgment." R. 24. September 9th Order at 10. Thus Dalia's motion to quash the Judicial Trial Subpoenas cannot be found to be indicative of any behavior pursuant to CPLR 6201[3].

Further, the IAS Court made no finding that Dalia was involved in any other alleged behavior that lead to the Court's conclusion. *See e.g.* September 9th Order p. 10-20, R. 24-34. The so-called "badges of fraud" that the Court used to reach its conclusion that other parties had the requisite "intent to defraud creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor," were based on action of other parties - not based on Dalia's conduct - and if construed against Dalia, were erroneous.

An attachment is "frequently used when the creditor suspects that the debtor is secreting property or removing it from New York." *Koehler v. Bank of Bermuda Ltd.,* 12 N.Y.3d 533, 538 (2009). In *Sylmark Holdings Ltd. v. Silicone Zone Intl. Ltd.,* 5 Misc.3d 285 (Sup. Ct., N.Y. Co. 2004) involving nondomicilliary Hong Kong based defendants not qualified to do business in New York State, the court found no need for an attachment of assets because the plaintiffs had failed to demonstrate "a real identifiable risk that the defendants will be unable to satisfy any judgment obtained by plaintiffs," for instance that the defendants "would conceal or convert any of their assets were it not for an attachment order, or that they would be unlikely to satisfy the potential judgment." *Id.* at 301.

There has not, and cannot be a showing that Dalia satisfied this element. There must be more than a showing that the attachment would, in essence, be "helpful." *Founders Ins. Co. Ltd. v. Everest Natl. Ins. Co.,* 41 A.D.3d 350, 351 (1st Dep't 2007) (holding that while it might be helpful for respondents to attach the income from a trust account, respondents' own submissions show that various entities have guaranteed petitioner's obligations.) Orly had not shown that, and therefore the September 9th Order as to Dalia must be reversed.

Nor could the Order appealed from be justified under the standards for a Preliminary Injunction. In addition to the absence of likelihood of success against Dalia, there was no evidence of any immediate threat of irreparable injury. The

16

**Exhibit A**

remedy for any supposed damage that Orly sustained is monetary and therefore, in

injunction would be inappropriate. *See Gama Aviation Inc. v. Sandton Capital*

*Partners, L.P.*, 93 A.D.3d 570, 571 (1st Dep't 2012) (no irreparable harm when any

damage would be calculable); *Mar v. Liquid Mgmt. Partners, LLC*, 62 A.D.3d 762,

763 (2d Dep't 2009) ("Where the plaintiffs can be fully compensated by a monetary

award, an injunction will not issue because no irreparable harm will be sustained in

the absence of such relief.") Orly's complaint seeks monetary relief from Dalia, and

it would be her burden to show that monetary relief is inappropriate – which she did

not do. *See Zodkevitch v. Feibush*, 49 A.D.3d 424, 425 (1st Dep't 2008) (denying

injunction where plaintiffs failed to demonstrate that an award of monetary damages

would not adequately compensate them and that "plaintiffs seek security for a

potential money judgment against appellant, relief that should be sought under

CPLR 6201 (attachment).")

Nor did Orly adduce any evidence of any <u>immediate</u> threat of irreparable

injury. In its September 9th Order, the IAS Court discussed another Defendant's

purchase of a home in Florida (R. 24-25), and transfers made by other Defendants,

not Dalia (R. 25*)*. Orly did not make any specific showing as to Dalia.

> For an injury to be irreparable and justify the grant of a preliminary
> injunction, it must at least be threatened and imminent.
> The irreparable injury required generally means harm that is
> immediate, specific, nonspeculative and nonconclusory. That is, the
> conduct sought to be enjoined must be either in progress or threatened
> and fairly certain to occur, so that actual danger is presently apparent,

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

and not merely a matter of speculation, surmise, or apprehension. A preliminary injunction will issue only upon a showing that the defendant's wrongful acts are occurring or are threatened and reasonably likely to occur.

67A N.Y. Jur. 2d Injunctions § 19.

Orly did not allege or produce evidence of any specific harm.

Moreover, the balance of equities clearly tips in Dalia's favor. Although summary judgment was not granted against her, Dalia has been enjoined from making any payments except for "ordinary and reasonable household expenses" capped at a certain amount. This injunction has restricted Dalia's fundamental freedom to expend her resources in the manner which she chooses.

**POINT II - Attaching an asset in Dalia's Individual Retirement Account ("IRA") was Improper as such funds Are Exempt from Attachment under C.P.L.R. § 5205**

The IAS Court's September 9th Order improperly attaches Bristol Ivory LLC, an asset which the IAS Court noted was held in Dalia's Individual Retirement Account. Accordingly, under C.P.L.R. §5205, this should not be attached. At oral argument in this matter, Dalia presented copies of her account statements from "IRA Services," which reflected that her account type is a "traditional IRA" (See p. 21 September 9th Order, R. 35). The IAS Court's September 9th Order then goes in detail over each transaction in Dalia's IRA account, including when Dalia's IRA account purchased Bristol Ivory LLC. *Id.* This analysis, however, is irrelevant. Dalia fulfilled her burden by providing a sworn affidavit and an actual account

RECEIVED NYSCEF: 09/16/2019

statement to demonstrate that this account was, indeed, and I.R.A. It is *not* Dalia's burden to show where the funds in the IRA came from – especially when it is undisputed that Dalia received half her former husband's I.R.A. in her divorce. The September 9th Order bends over backwards to find some connection between Bristol Ivory and Dalia – admitting that "Plaintiff has no information beyond that Dalia lives in a building named the 'Bristol.'" *Id.* This scant piece of information is insufficient to "raise the inference that Bristol is somehow personally related to Dalia…". *Id.* By that logic, if Dalia's IRA bought Bristol Meyers Squibb stock, would it justify attaching that assets of that company?

Under CPLR 5205, IRAs are "spendthrift trusts," which exempts the trust's assets from money judgments. CPLR 5205(c) states that except for other provisions set forth in the subsection, "all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment." The subsection goes on to state that "all [accounts]…qualified as an individual retirement account…or other plan…qualified under section 401 of the United States Internal Revenue Code…shall be considered a trust…" There is not any exception here and, accordingly, Dalia's IRA account, containing Bristol Ivory LLC was improperly attached. *See Bayerische Hypo-und Vereinsbank AG v. DeGiorgio*, 74 A.D.3d 492, 493 (1st Dep't 2010) (holding that

rollover IRA was exempt from attachment as based on CPLR 5205(c)(5) and CPLR

5205(c)(2).)

## CONCLUSION

For the foregoing reasons, this Court should reverse the IAS Court's

September 9th Order, and vacate any attachment of Dalia Genger's assets.

Dated:    New York, New York
           March 17, 2017

                          PEDOWITZ & MEISTER, LLP

                    By: *Robert A. Meister*
                        Robert A. Meister, Esq.
                        Marisa Warren Sternstein, Esq.
                        570 Lexington Avenue, 18th Floor
                        New York, New York 10022
                        (212) 403-7330

**Exhibit A**

## CERTIFICATE OF COMPLIANCE

The foregoing brief was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman

Point size:           14

Line spacing:       Double

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc., is 4,693.

*DB*

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

| | |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership), <br><br> Plaintiff, <br><br> - against - <br><br> DALIA GENGER, SAGI GENGER, LEAH FANG, D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC., <br><br> Defendants. | New York County Sup. Ct. <br><br> Index No.: 109749/09 <br><br> Hon. Barbara Jaffe, Part 12 <br><br> **PRE-ARGUMENT STATEMENT** |

Defendant Dalia Genger ("Dalia") by and through her undersigned counsel, Pedowitz & Meister, LLP, hereby respectfully submits this Pre-Argument Statement pursuant to Section 600.17 of the Rules of the Appellate Division of the Supreme Court, First Judicial Department:

1. **Title Of Action:**

    The title of the action is set forth in the caption above.

2. **Full Names Of Original Parties And Changes In Parties:**

    The original parties are those identified in the caption above.

3. **Counsel For Defendant - Appellant Dalia Genger:**

    Robert Allen Meister, Esq.
    Marisa Warren Sternstein, Esq.
    PEDOWITZ & MEISTER, LLP
    570 Lexington Avenue, 18th Floor
    New York, New York 10022
    (212) 403 - 7330

4. **Counsel For Plaintiff-Respondent:**

    Eric D. Herschmann, Esq.
    Michael Bowen, Esq.
    Andrew Kurland, Esq.
    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    1633 Broadway
    New York, New York 10019

**Exhibit A**

(212) 506-1711
Fax. (212) 835-5011

Yoav Griver, Esq.
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036
Telephone: (212) 223-0400
Fax: (212) 753-0396

5. <u>Counsel For Defendants D&K GP LLC</u>

Ira Daniel Tokayer, Esq.
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 695-5250

6. <u>Counsel For Defendant TPR Investment Associates Inc. and Sagi Genger:</u>

John Dellaportas
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Fax: (212) 808-7897

7. <u>Court And County From Which The Appeal Is Taken:</u>

This appeal is taken from a Decision and Order, dated September 9, 2016 and entered

on September 12, 2016 (NYSCEF Doc. Nos. 1395 and 1396), and attached hereto as Exhibit A

(the "Order"), by Justice Jaffe, IAS Part 12, of the New York Supreme Court, New York

County.

8. <u>Nature And Object Of The Causes Of Action:</u>

The allegations in this underlying action arise out of the alleged unenforceability

of a promissory note executed in 1993 by D&K Limited LP in favor of TPR in

connection with an alleged estate planning mechanism whereby Arie Genger and Dalia

Genger provided for trusts for Plaintiff and Sagi Genger. Plaintiff alleges and the IAS Court

found by granting summary judgment against that Sagi and other Defendants (but not against

Dalia Genger) that the other Defendants engaged in wrongful acts in connection with the

promissory note, supposedly designed to deprive the 1993 Orly Genger Trust of its interest

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

in TPR. The issue of damages for the summary judgment was referred to a referee. Summary judgement was not sought nor granted against Dalia Genger, where the only remaining claim against her is for alleged oral misrepresentations concerning the promissory note.

After the issue of damages was referred to a Referee, Plaintiff, by orders to show cause dated July 28 and 29, 2016, moved for prejudgment orders of attachment, including a temporary restraining order and preliminary injunction, against the assets of the other Defendants and various non-parties and also against Dalia. Dalia Genger opposed as Summary Judgment was never granted against Dalia, and because there was no basis presented to grant attachment against her. All Defendants opposed on the grounds that plaintiff's motions failed to satisfy her burdens under CPLR 6201, is barred by the doctrine of unclean hands, that plaintiff contractually agreed not to seek the relief requested and that the order of attachment sought is overbroad.

9. **Result Reached Below:**

The Court granted plaintiff's motions on condition that, within 20 days of the date of the Order, plaintiff submit and file a bond of $10,000 as an undertaking.

10. **Grounds For Seeking Appeal:**

The Court abused its discretion and erred in granting this application as it has in effect frozen Dalia's bank accounts. Summary judgment was granted as to other Defendants but was not granted against Dalia. Plaintiff-Respondent has not and cannot show likelihood of success against Dalia, Dalia is not a non-domiciliary and there was no evidence of other grounds for attachment of her assets. The Order is overbroad and unwarranted under the circumstances to satisfy any judgment against her, namely the damages caused by what the Court found were other Defendants' breach of fiduciary duty and damages arising from their foreclosure of certain shares of stock in February 2009.

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

# EXHIBIT D

**Exhibit A**

Sweeny, J.P., Mazzarelli, Webber, Kahn, Kern, JJ.

4461-                                        Index 109749/09
4462N        Orly Genger, etc.,
                   Plaintiff-Respondent,

                    -against-

             Dalia Genger,
                   Defendant-Appellant,

             Sagi Genger, et al.,
                   Defendants.
             _____

Pedowitz & Meister, LLP, New York (Robert A. Meister of counsel),
for appellant.

Kasowitz Benson Torres LLP, New York (Michael P. Bowen of
counsel), for respondent.
             _____

        Order, Supreme Court, New York County (Barbara Jaffe, J.),

entered on or about September 12, 2016, which, to the extent

appealed from as limited by the briefs, granted plaintiff's

motion to attach the assets of defendant Dalia Genger (Dalia),

unanimously reversed, on the law and the facts, with costs, and

the motion denied.

        To obtain an order of attachment, a plaintiff must "show, by

affidavit and such other written evidence as may be submitted,

... that it is probable that the plaintiff will succeed on the

merits" (CPLR 6212[a]).  The only claim in this action that seeks

a money judgment against Dalia (see CPLR 6201) is the fourth, for

                              41

RECEIVED NYSCEF: 09/16/2019

fraud.

The elements of fraud are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see Pasternack v Laboratory Corp. of Am. Holdings,* 27 NY3d 817, 827 [2016]). To the extent the fraud claim is based on an affirmative misrepresentation, Dalia submitted an affidavit in opposition to plaintiff's motion saying, "At her deposition, ... Plaintiff had no specific recollection of my making any ... statement about the D&K Note being not enforceable or being worthless." In her reply, plaintiff did not dispute this.

To the extent the fraud claim is based on material omissions, it states a cause of action. However, stating a cause of action does not equate to a probability of success on the merits. In her moving papers, plaintiff submitted no affidavit or written evidence that Dalia had committed fraud. Rather, she relied solely on the fact that partial summary judgment had been granted against three other defendants. However, "[t]o sustain a warrant of attachment against the property of a defendant, the

42

**Exhibit A**

RECEIVED NYSCEF: 09/16/2019

moving papers must establish both a cause of action and a ground of attachment as to that particular defendant" *(Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291, 296 [1984]).

Since plaintiff's motion for an attachment should have been denied because she failed to show that "it is probable that [she] will succeed on the merits" (CPLR 6212[a]), we need not reach the issues of whether plaintiff showed a ground for attachment against Dalia pursuant to CPLR 6201(3) and whether Dalia's individual retirement account should have been exempt from attachment pursuant to CPLR 5205(c).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:  JULY 13, 2017

_____
CLERK

43

**Exhibit A**