**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| ORLY GENGER, | § § | CASE NO. 19-10926-TMD |
| Debtor. | § § | |

**<u>NOTICE REGARDING SUPPLEMENTAL INFORMATION FILED UNDER SEAL</u>**

**PLEASE TAKE NOTICE** that, pursuant the Order Requiring Supplemental Information Filed Under Seal [ECF No. 49] (the "<u>Order for Information</u>"), entered by the Bankruptcy Court in the above-referenced Bankruptcy Case, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 107, Arie Genger ("<u>Arie</u>" or "<u>AG</u>") hereby responds, including providing responsive chart with respect to each of the redacted statements or documents listed in the chart filed under seal by Sagi Genger ("<u>Sagi</u>" or "<u>SG</u>") on September 30, 2019.

The Order for Information relates to the *Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* [Doc. No. 31] (the "<u>Motion to File Under Seal</u>"), filed by Sagi on September 13, 2019. Arie reserves the right to more fully to the Motion to File Under Seal or the Motion to Dismiss through separate briefing. Arie also reserves any objection to admissibility of any of the exhibits or testimony at the hearings on the Motion to File Under Seal, the Motion to Dismiss or any other hearings in this Case. In fact, Arie takes the position that the most of the exhibits (including, without limitation the depositions) will not be admissible at a hearing on either of the motions and should not be considered by the Court.

Without waiving any such objections, Arie provides the supplemental information required by the Court's Order for Information, through the general objections below, and the detailed chart, attached hereto as **<u>Exhibit A</u>**:

## GENERAL OBJECTIONS

The Motion to File Under Seal has no merit under fact and law. Bankruptcy Rule 9018 and section 107(b) of the Bankruptcy Code authorizes this Court to protect parties from disclosure. The Motion to File Under Seal seeks to turn the rule on its head by forcing disclosure of information that has been deemed confidential by another federal district court in a different proceeding. On February 7, 2019, the United States District Court for the Southern District of New York entered a *Protective Order* (the "<u>SDNY Protective Order</u>") in the case styled *Genger v. Genger*, Case No. 17-cv-8181-vsb-dcf. A true and correct copy of the SDNY Protective Order is attached hereto as **<u>Exhibit B</u>**.

In March 2019, Arie and others produced substantial records pursuant to the SDNY Protective Order and a subsequent order entered in the United States District Court for the Southern District of Florida, adopting the terms of the SDNY Protective Order.

Sagi did not challenge the terms of the SDNY Protective Order or the confidential designations at the time of the production, over six months ago. Only now, months later and through the Motion to File Under Seal, Sagi seeks to undermine and overturn two federal district courts' orders. Because there is no authority under section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure to force disclosure of information deemed confidential by other district courts, Arie generally objects to all redacted statements and documents. While Arie did produce many documents pursuant to the SDNY Protective Order, many of the proposed exhibits filed by Sagi on September 30, 2019, appear to have removed the

Bates stamps indicating how Sagi came into possession of such documents. Only Exhibit Z maintains some of the Bates stamps including "AGENGER" or "RF" labels, indicating that such documents were produced pursuant to the SDNY Protective Order. Because all other Bates labels appear to have been removed, it is unclear how Sagi came into possession of such documents and whether such documents were produced subject to the SDNY Protective Order or with similar protections. To the extent such documents and information remain protected under prior court orders or applicable law, Arie generally objects to public disclosure in this Bankruptcy Case and reserves all rights.

Arie further objects to the public release of the information and exhibits listed in Sagi's chart because Sagi has served discovery in this court, seeking the very same documentation through Rule 45 of the Federal Rules of Civil Procedure, made applicable in this Case through Rule 9016 of the Federal Rules of Bankruptcy Procedure. Through the Motion to Seal, Sagi is attempting to limit the protections provided to his father by the protections provided by relevant rules of procedure. On or about September 16, 2019, Sagi attempted to serve Arie and several other persons with Rule 45 subpoenas, seeking depositions and 44 separate requests for production of documents. Without conceding whether Arie had been served with the Supboena, the undersigned counsel for Arie and John Dellaportas, as counsel for Sagi, agreed that the Arie would file a response (but not produce any documents or appear for deposition) by Monday, October 7, 2019. Arie will serve his objections to that subpoena by October 7, 2019, and intends to express his willingness to produce certain documents that were previously designated as confidential pursuant to the SDNY Protective Order and agree that any other relevant documents will be produced subject to a confidentiality order entered by this Court.

Arie further objects to the attachment and use as evidence of any of the depositions, which were taken in a case between Sagi and the Debtor pursuant to the terms of the SDNY Protective Order and deemed confidential thereunder. Attaching these transcripts as public exhibits without leave of the courts entering such orders would violate such courts' orders. Further, applicable rules of evidence and procedure, including FRCP 32(a) and FRE 801-803, do not allow for the filing and use of complete transcripts in this Bankruptcy Case, where the parties and subject matter in this Bankruptcy Case differ from the parties and subject matter in the *Genger v. Genger* proceeding pending before the Southern District of New York. Arie is willing to appear at a hearing on the related motion, to the extent that his testimony is relevant. Arie is also willing to sit for a deposition in Austin, at a time mutually convenient. In the event that Arie is unavailable to appear at the hearing on the related motions, Sagi should be required to designate the portions of a deposition taken in this case that he intends to use at a hearing on the related motion. Such process will allow Arie an opportunity to counter-designate and interpose objections at such hearing.

Finally, with respect to the redacted text listed in the chart filed under seal, Arie disputes the allegations. Subject to the foregoing, Arie does not object to the publication of the redacted statements.

[Remainder of the Page intentionally left blank; signature to follow]

Dated: October 3, 2019  Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Deborah D. Williamson*
    Deborah D. Williamson
    State Bar No. 21617500
    dwilliamson@dykema.com
    Danielle N. Rushing
    State Bar No. 24086961
    drushing@dykema.com
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone: (210) 554-5500
    Facsimile: (210) 226-8395

    and

    Aaron M. Kaufman
    State Bar No. 24060067
    akaufman@dykema.com
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    Telephone: (214) 462-6400
    Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2019, a true and correct copy of the foregoing document was served by electronic notification by the Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Texas and on the following:

Mr. John Dellaportas                                      ***Via E-mail and Fax***
EMMET, MARVIN & MARTIN LLP
120 Broadway, 32nd Floor
New York, New York 10271
jdellaportas@emmetmarvin.com
Facsimile: (212) 238-3100

                                                */s/ Danielle N. Rushing*
                                                Danielle N. Rushing

# EXHIBIT A

# Exhibit A

| Paragraph/Exhibit | Description | Response |
|---|---|---|
| Exhibit B | *Genger Litigation Trust Agreement* | Subject to the General Objections, no objection to publication. |
| Exhibit C | *TAS Client Trust Ledger* | Subject to the General Objections, no objection to publication. |
| Exhibit J[1] | *Settlement Agreement and Release (2013)* | The Settlement Agreement, by its own terms, is confidential and was produced under the terms of the SDNY Protective Order. |
| Exhibit M[2] | *Oral Deposition of Michael Paul Bowen, dated October 05, 2018* | See General Objections – Filing of the transcript taken in a prior case, in its entirety, is improper under FRCP 32 and FRE 801-803. |
| Exhibit Q | *Oral Deposition of Orly Genger, dated March 7, 2019* | Arie Genger has no position on the use of this deposition, subject to the General Objections. |
| Exhibit R | *March 31, 2017 Agreement* | This proposed exhibit was not included in the documents filed on September 30, 2019, and, thus, Arie is unable to respond beyond the General Objections set forth above. |
| Exhibit S | *Amended and Consolidated Secured Promissory Note (Arie)* | Subject to the General Objections, no objection to publication. |
| Exhibit T | *Secured Promissory Note (Herschmann)* | Subject to the General Objections, no objection to publication. |
| Exhibit U | *Subordination Agreement* | Subject to the General Objections, no objection to publication. |
| Exhibit V | *Metadata Evidence* | Subject to the General Objections, no objection to publication. |
| Exhibit W | *Additional metadata evidence* | Subject to the General Objections, no objection to publication. |
| Exhibit X | *Schedule of Loans to Arie Genger* | Subject to the General Objections, no objection to publication. |

---

[1] Sagi contends that the exhibit should not have been marked as confidential.
[2] Sagi contends that the exhibit should not have been marked as confidential.

**Exhibit A**

| | | |
|---|---|---|
| Exhibit Y[3] | *Oral Deposition of Lance G. Harris, dated May 14, 2019* | See General Objections – Filing of the transcript of a deposition taken in a prior case, in its entirety, is improper under FRCP 32 and FRE 801-803. Also, the deposition was taken under the terms of the SDNY Protective Order and deemed confidential. |
| Exhibit Z | *Amended and Consolidated Secured Promissory Note and related correspondence* | Subject to the General Objections, no objection to publication. |
| Exhibit AA | *Oral Deposition of William Fischer, dated Thursday, May 2, 2019* | See General Objections – Filing of the transcript of a deposition taken in a prior case, in its entirety, is improper under FRCP 32 and FRE 801-803. Also, the deposition was taken under the terms of the SDNY Protective Order and deemed confidential. |
| Exhibit BB[4] | *State Court Transcript Excerpt From Case 1:17-cv-08181-VSB-DCF* | Subject to the General Objections, no objection to publication. |
| Exhibit DD | *Centurion Card Statement* | This information was not provided by Arie Genger and it is not confidential as to him. |
| Exhibit FF | *Vanguard Brokerage Account — Wire Transfer confirmation* | See General Objections. This document was produced under the terms of the SDNY Protective Order and further contains personally identifiable information that would be protected by Bankruptcy Rule 9018 and 11 U.S.C. 107(b) even in the absence of another court's protections. |
| Exhibit HH | *Oral Deposition of Arie Genger, dated April 3, 2019* | See General Objections – Filing of the transcript of a deposition taken in a prior case, in its entirety, is improper under FRCP 32 and FRE 801-803. Also, the deposition was taken under the terms of the SDNY Protective Order and deemed confidential. |

---

[3] Sagi contends that the exhibit should not have been marked as confidential.
[4] The exhibit should not have been marked as confidential.

# EXHIBIT B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DALIA GENGER,                                        :
                                                     :
                Plaintiff,                           :          No. 17-cv-08181-VSB-DCF
                -v-                                  :
                                                     :          PROTECTIVE ORDER
SAGI GENGER,                                         :
                                                     :
                Defendant/Third-Party Plaintiff,     :
                                                     :
                -v-                                  :
                                                     :
ORLY GENGER,                                         :
                                                     :
                Third-Party Defendant.               :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/19

      Sagi Genger and Orly Genger having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately-tailored confidentiality order to govern the post-judgment discovery phase of the third-party action brought by Sagi Genger against Orly Genger, it is therefore hereby

      ORDERED that Sagi Genger and Orly Genger shall adhere to the following terms, upon pain of sanctions and contempt:

      1.      Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of post-judgment discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.      The person producing any given Discovery Material may designate as Confidential such material as consists of:

(a) previously nondisclosed financial information (including without limitation tax returns, net worth statements, financial account statements; accountant work papers and communications, *etc.*)

(b) previously nondisclosed material relating to ownership or control of or interest in any asset, real estate, business entity or trust;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. Confidential Discovery Material concerning the ownership of the home in Tel Aviv, Israel shall be designated by marking the material "Confidential – Attorneys' Eyes Only." In addition to the other protections and use-restrictions described herein, including paragraph 6

below, material designated according to this paragraph may be viewed only by (a) legal counsel for Sagi Genger who are representing him in connection with the enforcement of the Judgment (defined below), (b) Hebrew translators, and (c) practitioners of Israeli real estate law other than David Parnes or his counsel, and shall not be disclosed (i) to Sagi Genger himself, whether or not he is or becomes a licensed attorney and whether or not he is serving as his own legal counsel, or (ii) any other individual or party. "Confidential – Attorneys' Eyes Only" Discovery Material shall not be shown to fact or expert witnesses pursuant to the other provisions of this Protective Order, absent further leave of this Court.

5. All Confidential Discovery Material – including Confidential Discovery Material designated as "Attorneys' Eyes Only" – may be used solely in this action (including for discovery disputes and fee applications), and/or in any other proceeding or action brought to enforce or collect the final judgment against Orly Genger, dated August 17, 2018 (ECF Doc. No. 112) (the "Judgment"), including locating and levying against any assets of Orly Genger and setting aside any fraudulent conveyances made by Orly Genger (so long as the sole purpose of such fraudulent conveyance action is to set aside a conveyance that would enable Sagi Genger to enforce the Judgment). If the fraudulent conveyance action is not solely for the purpose of judgment enforcement, Sagi Genger must make an application to this Court for permission to modify this Protective Order to use the Confidential Discovery Material for a purpose other than that which is contemplated herein.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) Sagi Genger (except with respect to materials designated as Confidential – Attorneys' Eyes Only; *see* paragraph 4)

(b) counsel retained by Sagi Genger specifically for this action and who are representing him in connection with enforcement of the Judgment, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce

it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.  If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

9.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure may at any time serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document

submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.  The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

18.  This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this litigation, all copies of Confidential Discovery Materials shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, the completion of which to be confirmed in writing by the receiving party.

19.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.  Nothing herein shall prevent Sagi Genger from using, without restriction, any materials that are publicly available, even if the same materials were previously obtained, in whole or in part, from Orly Genger and designated "Confidential" hereunder so long as that Confidential material was made public by sources other than Sagi or people working at his direction. In addition, if a document is produced without confidentiality or other use restriction in another case, then such document can be used without the restrictions set forth in this Protective Order. However, a document designated "Confidential" hereunder does not lose its confidentiality restriction merely because it is thereafter subpoenaed from another source that does not designate such document as confidential; and if Sagi Genger subpoenas third parties to obtain additional copies of material already designated Confidential by Orly Genger, then Sagi Genger shall notify Orly Genger sufficiently in advance to permit her to designate the additional materials Confidential pursuant to the terms of this Protective Order.

21. Any third party that produces documents in this case shall have the right to designate its production "Confidential" to the same extent as the parties to this Protective Order, without having to execute this Protective Order.

SO STIPULATED AND AGREED.

| KELLY DRYE & WARREN LLP | KASOWITZ BENSON TORRES LLP |
|---|---|
| _____ | _____ |
| John Dellaportas | Michael Paul Bowen |
| Kristina Allen | Andrew R. Kurland |
| 101 Park Avenue | 1633 Broadway |
| New York, New York 10178 | New York, New York 10019 |
| (212) 808-5000 | (212) 506-1903 |
| *Attorneys for Sagi Genger* | *Attorneys for Orly Genger* |

SO ORDERED. 2/7/19

_____
Hon. Debra C. Freeman
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
dalia Genger,

       Plaintiff,

          -v-

sagi Genger,

       Defendant/Third-Party Plaintiff,

          -v-

ORLY GENGER,

       Third-Party Defendant.
----------------------------------------------------X

No. 17-cv-08181-VSB-DCF

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

                                                        _____