IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

## NOTICE OF SUBPOENA TO BANK OF AMERICA, N.A.

PLEASE TAKE NOTICE that Creditor Sagi Genger, by and through his undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, will on October 7, 2019, cause to be issued the Subpoena attached hereto as Exhibit A to Bank of America, N.A. directing that it produce the documents described therein to the undersigned counsel by no later than October 25, 2019.

Dated: October 3, 2019

Respectfully submitted,

By: /s/ Sabrina L. Streusand
Sabrina L. Streusand
State Bar No. 11701700
Stephen W. Lemmon
State Bar No. 12194500
Streusand Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9901 (Telephone)
(512) 236-9904 (Facsimile)
streusand@slollp.com
lemmon@slollp.com

John Dellaportas (admitted *pro hac*)
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10280
(212) 238-3000 (Telephone)
jdellaportas@emmetmarvin.com

**COUNSEL TO SAGI GENGER**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on this 3rd day of October, 2019 by electronic mail or U.S. first-class mail to the following parties requesting service:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Shelby Jordan
Jordan, Holzer & Ortiz, P.C.
6207 Bee Cave Road, Suite 120
Austin, Texas 78746

/s/ *Sabrina L. Streusand*
Sabrina L. Streusand

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re  Orly Genger
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No.  19-10926-TMD

Chapter  7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Bank of America, N.A.
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| 1801 S. MoPac Expressway, Suite 320, Austin, TX 78746 | 10/25/19   10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Sabrina Streusand/*
*Attorney's signature*

**EXHIBIT A**

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sagi Genger _____, who issues or requests this subpoena, are:
Sabrina Streusand, 1801 S. MoPac Expressway, Suite 320, Austin, TX 78746, streusand@slollp.com, (512) 236-9901

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **SCHEDULE A**

All account statements for any period since July 12, 2018 and other records, held (a) in the name of Orly Genger, aka Orly Herschmann, SSN -8893 ("Orly"), (b) in the name of any trust to which Orly is or was a beneficiary, or (c) in the name of any legal entity in which Orly holds or held an interest, including, but not limited to, Everything Important LLC, or (d) in the name of any person for any account to which Orly has or had access.

{01519/0001/00240823.1}

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)