# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **BANKRUPTCY NO. 19-10926-TMD** |
| ORLY GENGER, | § | |
| | § | **CHAPTER 7 PROCEEDING** |
| DEBTOR | § | |

## ERIC HERSCHMANN'S NOTICE REGARDING
## SUPPLEMENTAL INFORMATION FILED UNDER SEAL

**PLEASE TAKE NOTICE** that, pursuant the Order Requiring Supplemental Information Filed Under Seal [Doc. No. 49] (the "Order for Information"), entered by the Bankruptcy Court in the above-referenced Bankruptcy Case, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 107, Eric Herschmann ("Herschmann") a creditor and party in interest hereby in the above entitled cause and responds as follows:

1.      The Order for Information relates to the *Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* [Doc. No. 31] (the "Motion to File Under Seal"), filed by Sagi on September 13, 2019.  Herschmann reserves the right to more fully respond to the Motion to File Under seal through further responsive pleadings. Herschmann believes and asserts that the documents attached to the Motion to File Under Seal are largely irrelevant, are inadmissible under one or more of the Federal Rules of Evidence and should not be considered or reviewed by the Court in connection with any pending matter (the "Evidentiary Objections").  Herschmann does not waive his right to assert all objections to the admissibility of any document advanced by Sagi, including those referenced in his Motion to File Under Seal.

2.      Additionally, on February 7, 2019, a Protective Order was entered in the case styled *Genger v. Genger,* pending in the United States District Court for the Southern District of New York under cause no.17-cv-8181-vsb-dcf (the "SDNY Protective Order") On information and belief, Sagi and his counsel have repeatedly disregarded the Order of the United States District Court by disclosing "Confidential Discovery Materials"[1] to parties not entitled to receive such information. Rather than address this issue with the Court that entered the SDNY Protective Order.  Sagi has used this Motion to File Under Seal, along with a series of collusive subpoena's issued through this Court and other courts, either to circumvent the SDNY Protective Order or validate his prior violations of that Order.

2.  Herschmann submits that this Court should not over-rule an order of another Federal Court by motion before this Court and does not waive any rights that he may have in connection with the SDNY Protective Order.

3. However, and specifically reserving the Evidentiary Objections and subject to  the terms of the SDNY Protective Order, in direct response to paragraph 2 of the Order for Information, Herschmann would respond that none of the documents identified on the chart provided by Sagi's counsel to Herschmann were produced by Herschmann and he is not asserting any claim of privilege with respect to those specific documents.

4.      Included among the Confidential Discovery Materials produced to Sagi are American Express billing statements which Sagi obtained through a subpoena directed to American Express. American Express' responsive production included Herschmann's confidential personal information No American Express records were included among the documents provided to Herschmann's counsel pursuant to this Court's Order for Information.  On information and belief, American Express

---

[1] As defined in the SDNY Protective Order

records are included among the documents submitted to other parties under the Order for Information.

Accordingly, Herschmann requests that any Discovery Materials consisting of American Express records remain under seal. Subject to the foregoing, Herschmann does not object to the publication of the redacted text.

Dated: October 3, 2019

> By: /s/ Raymond Battaglia_____
> Raymond W. Battaglia
> Texas Bar No. 01918055
> LAW OFFICES OF RAY BATTAGLIA, PLLC
> 66 Granburg Circle San Antonio, Texas 78218
> Tel.: (210) 601-9405
> Fax: (210) 855-0126
> rbattaglialaw@outlook.com
>
> **COUNSEL TO ERIC HERSCHMANN**

## CERTIFICATE OF SERVICE

On October 3, 2019 a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the following

| | |
|---|---|
| United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701-2450 | Brian Cumings<br>Graves Dougherty Hearon & Moody<br>401 Congress Avenue Suite 2700<br>Austin, Texas 78701 |
| Sagi Genger<br>c/o John Dellaportas<br>Emmt Marvin & Martin LLP<br>120 Broadway, 32nd Floor<br>New York, NY 10271-3291 | Eric J. Taube<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave., Suite 1800<br>Austin, TX 78701-4042 |
| Sabrina L. Streusand<br>Streusand Landon, Ozburn & Lemmon, LLP<br>1801 S. Mopac Expressway<br>Suite 320<br>Austin, TX 78746 | Arie Genger<br>c/o Deborah D. Williamson<br>Dykema Gossett PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, TX 78205 |

> /s/ Raymond Battaglia_____
> Raymond W. Battaglia