# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

### JOINDER OF DALIA GENGER TO SAGI GENGER'S AND THE ORLY GENGER 1993 TRUST'S MOTION TO EXTEND THE DEADLINE TO OBJECT TO DISCHARGE/DISCHARGEABILITY
**[Relating to Docket No. 36]**

TO THE HONORABLE JUDGE OF SAID COURT:

DALIA GENGER ("D.Genger"), a creditor and party in interest, by and through its counsel of record, hereby joins with Sagi Genger and The Orly Genger 1993 Trust in their Motion to Extend the Deadline to Object to Discharge/Dischargeability [Dkt. No. 36] (the "Motion"), and seeks the same relief, and respectfully states as follows:

1. For the convenience of the Court and in the interests of judicial economy, D.Genger has adopted and incorporated the arguments set forth in the Motion.

2. This estate and the Chapter 7 debtor have significant transactions that must be explored and investigated. Good cause exists for this requested relief which is timely filed, and the requested relief is absolutely necessary to protect the creditors and the bankruptcy process. Importantly, the time for filing objections to discharge and dischargeability is now specifically excepted from those time periods a bankruptcy court may waive under the more liberal "excusable neglect" standard of Fed. R. Bankr. P. 9006(b)(1). *See* Fed. R. Bankr. P. 9006(b)(3). *In re Grillo*, 212 B.R. 744 (Bankr. E.D.N.Y. 1997). The nature of the "cause" adopted herein by D.Genger involves acts and omissions by the debtor that has prejudices D.Genger as well as other creditors' ability to timely commence an action. *See, In re Jahangiri*, No. 18-31609-dwh7, 2018 Bankr. LEXIS 3252, at *14 (Bankr. D. Or. Oct. 19, 2018).

3. Fed. R. Bankr. P. 4004(c)(1)(I) provides that the bankruptcy court will not enter a discharge after expiration of the objection deadline if "a motion to delay or postpone discharge under § 727(a)(12) is pending". Fed. R. Bankr. P. 4004(c)(1)(D) provides that the bankruptcy court will not enter a discharge a motion to dismiss the case under §707 is pending. Fed. R. Bankr. 4007(c) provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Each of these provisions permits this Court to grant the relief sought herein.

4. Based on the foregoing, the Court should enter an order (i) extending the deadline to file objections to discharge and dischargeability through January 20, 2020, (ii) setting a hearing, if necessary, on the Motion, and (iii) granting such other relief as is just and proper.

Dated: October 4, 2019

Respectfully submitted,

　/s/ *Shelby A. Jordan*　
Shelby A. Jordan
Texas Bar No. 11016700
**JORDAN HOLZER & ORTIZ, P.C.**
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
sjordan@jhwclaw.com
**ATTORNEYS FOR D&K GP LLC AND DALIA GENGER**

## CERTIFICATE OF SERVICE

    The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 4th day of October, 2019 upon the parties listed requesting service via ECF notification and to all parties in the attached service list via U.S. First Class Mail.

                                              */s/ Shelby A. Jordan*
                                              Shelby A. Jordan

**Via ECF**
United States Trustee – AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

**Via ECF**
Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

**Via ECF**
The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

**Via ECF**
Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

**Via ECF**
Sagi Genger
c/o Sabrina Streusand & TPR Investment
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746

**Via ECF**
Eric J. Taube
Waller Lansden Dortch & Davis, LLC
100 Congress Ave, Suite 1800
Austin, Texas 78701

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

**Via ECF**
SureTec Insurance Co.
c/o Ryan Brent DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202

**Via ECF**
Arie Genger
c/o Deborah N. Williamson
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

**Via ECF**
Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

**Via ECF**
c/o Trustee Ron Satija
Brian Talbot Cumings
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291