# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 7 |
| ORLY GENGER, § | |
| § | CASE NO. 19-10926-TMD |
| Debtor. § | |

**REPLY TO NOTICES OF ORLY GENGER, ARIE GENGER,
AND ERIC HERSCHMANN REGARDING SUPPLEMENTAL
INFORMATION FILED UNDER SEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that, pursuant to the Order Requiring Supplemental Information Filed Under Seal [Dkt. No. 49] (the "Order") and the responses by Orly Genger, Arie Genger, and Eric Herschmann pursuant to the Order, Sagi Genger replies as follows:

**A.   Reply Applicable to All Three Objectors**

1.   First, Exhibits J, M, Y and BB were inadvertently marked confidential but are in fact non-confidential documents. (A true and correct copy of a chart showing the distribution of the exhibits to the Motion to Dismiss and pursuant to the Order is attached hereto as **Exhibit A**.) We respectfully request that they be withdrawn from consideration for de-designation. In addition, Exhibits B, C, V, W, X, AA, DD and FF are documents which were not produced by any of the three objectors, but rather by other parties who have not objected to de-designation. Accordingly, we limit our discussion herein to Exhibits Q, R, S, T, U, Z and JJ.

2.   With regard to those Exhibits, the majority are basic business records with no confidential information. They were designated as "Confidential" only because the Debtor and her father, Arie Genger, designated every word of every page of their entire respective productions are confidential. Exhibits S and T are promissory notes between the parties, for

which the objectors have made public UCC filings. Exhibits R and U are agreements as the subordination and escrowing of proceeds relating to those same two promissory notes. (Indeed, the escrow agreement is actually referenced in and amended through the proposed settlement agreement, so plainly it cannot be confidential.) Exhibits Q and HH are depositions of the Debtor and her father on largely these same matters. Tellingly, neither one identifies any specific testimony therein which deals with an actual confidential matter, because there is none. Lastly, Exhibit Z contains accountant work papers for Arie Genger, who put his own tax treatment of the settlement proceeds into the public record in multiple court filings.

3. Lastly, we note that all three Objectors suggest that this Court, by ruling on confidentiality matters, is somehow trodding upon the jurisdiction of the U.S. District Court for the Southern District of New York (SDNY). What they have neglected to inform the Court is that the Debtor, through her counsel (the Kasowitz firm at which her husband is a partner) has been simultaneously telling the SDNY the opposite – that because of the "automatic stay," confidentiality designations can only be addressed *by this Court*. (See highlighted excerpt from Court submission made to the SDNY, a true and correct copy of which is attached hereto as **Exhibit B**.)

4. In other words, in the Objectors' view, *no Court* can ever challenge their confidentiality designations. Respectfully, that is an absurd and disingenuous position. By filing a Chapter 7 bankruptcy in this Court, the Debtor has put these confidentiality matters squarely before this Court. If that is truly Debtor's position, then the bankruptcy case (if not dismissed) should be transferred to the SDNY, which would be in a position to determine access to confidential materials by creditors to the estate.

B.      **Reply to Orly Genger**

5. The Debtor filed a Chapter 7 bankruptcy and seeks to exclude documents directly relevant to her Chapter 7 case from creditors based upon the Protective Order from the SDNY, the same Court she enjoined from proceeding in the fraudulent transfer action and related proceedings pending in that District Court for over almost six years.

6. Full disclosure is required by the Debtor in Chapter 7 cases. *Beaubouef v. Beaubouef* (*In Re Beaubouef*), 966 F.2d 174, 179 (5th Cir. 1992). The Protective Order should not be used to shield this Debtor from her duty of full disclosure under Chapter 7, where she seeks a discharge of all her debts without properly or adequately disclosing her assets or her liabilities. For example, the Debtor's Vanguard Statement, Exhibit FF, reflect that the Debtor had an account with Vanguard as of August 2018 and that funds were transferred out of that account (in less than one year prior to the bankruptcy case filing). No information as to the Vanguard account is included in the Schedules and this lack of disclosure is directly relevant to the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support [Dkt. No. 32] (the "Motion to Dismiss").

7. Moreover, testimony regarding the Debtor's choice of residence (among the five she can currently occupy) and her whereabouts prior to filing Bankruptcy are relevant and directly relate to evidence that is not confidential and would be well within this Court's review of matters related to venue being proper for the case.

8. Further, the Debtor does not specifically address the exhibits she asserts should remain confidential in any specificity, even though those designated by her as confidential that have been provided to her under this Order. With respect to the Debtor's credit card records (produced not by the Debtor but by the credit card company), those remain redacted and have been filed with the account numbers and other relevant information deleted. There was and is

no intention to remove any of the redacted information.

**C.      Reply to Arie Genger**

9.      Arie Genger, father of the Debtor, contests that the Exhibit J, Settlement Agreement and Release (2013) should remain confidential, but that document has been filed in the public record in a multitude of cases since 2014, and as noted above was designated by Sagi Genger in error as confidential.

10.     Exhibits Z and AA relate to, *inter alia,* Arie Genger's tax treatment in 2013 litigation settlement proceeds which the SDNY held rightfully belong to Orly, not Arie, and the U.S. Court of Appeals for the Second Circuit characterized as a "gift" to Arie. *Genger v. Genger*, 76 F.Supp.3d 488, 501 (S.D.N.Y. 2015), *aff'd,* 663 Fed. Appx. 44 (2d Cir. Sept. 29, 2016 2016). The accountant's records show the falsification of records and falsity of recitations made by Arie in the proposed settlement agreement, regarding both the amount already paid and the amount yet to be paid under the 2013 settlement.

11.     Lastly, Arie makes the bizarre and false allegation that Bates numbers have been removed from certain documents to conceal their source.  No Bates numbers have been removed from any document produced to this Court.

**C.      Reply to Eric Herschmann**

12.     Mr. Herschmann is not a signatory to the Protective Order in Case No. 1:17-cv-08181-VSB-DCF, and, additionally, Mr. Herschmann sought to quash his response to discovery in a separate proceeding in Judge Andrew W. Austin's Court in the Federal District Court for the Western District of Texas prior the filing of the Chapter 7 case by his wife, Orly Genger, in this Bankruptcy Court.  We are not aware of any document that Mr. Herschmann has produced that is attached to the Motion and no documents relating to the Debtor, as indeed Mr. Herschmann

conceded in his own Response to this Motion.

## PRAYER

WHEREFORE, Sagi respectfully requests entry of an order sealing portions of the *Motion for an Order, Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* [Dkt. No. 31] and certain designated exhibits therein and such other relief as the Court may deem just and appropriate.

Dated: October 8, 2019

                Respectfully submitted,

By: */s/ Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    Streusand Landon, Ozburn & Lemmon, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    (512) 236-9901 (Telephone)
    (512) 236-9904 (Facsimile)
    streusand@slollp.com

    and

    John Dellaportas (admitted *pro hac*)
    Emmet, Marvin & Martin, LLP
    120 Broadway
    New York, New York 10280
    (212) 238-3000 (Telephone)
    jdellaportas@emmetmarvin.com

**COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 8, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Ron Satija
c/o Brian Cumings
Graves Dougherty Hearon & Moody
401 Congress Avenue, Suite 2700
Austin, Texas 78701

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

                                              */s/ Sabrina L. Streusand*
                                              Sabrina L. Streusand