IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE:<br><br>ORLY GENGER,<br><br>Debtor. | § § § § § § § CHAPTER 7<br><br>CASE NO. 19-10926-TMD |

**ARIE GENGER'S REPLY TO NOTICE REGARDING
SUPPLEMENTAL INFORMATION FILED UNDER SEAL**

**PLEASE TAKE NOTICE** that, pursuant the Order Requiring Supplemental Information Filed Under Seal [ECF No. 49] (the "Order for Information"), entered by the Bankruptcy Court in the above-referenced Bankruptcy Case, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 107, Arie Genger ("Arie") hereby files his reply to the *Amended Reply to Notices of Orly Genger, Arie Genger, and Eric Herschmann Regarding Supplemental Information Filed Under Seal* [ECF No. 83] ("Sagi's Reply") of Sagi Genger ("Sagi") filed on October 8, 2019.

The Order for Information relates to the *Motion for an Order*, *Pursuant to Bankruptcy Rule 9018 and Section 107(b) of the Bankruptcy Code, Authorizing Sagi Genger to File Under Seal Certain of the Exhibits and Portions of the Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* [ECF No. 31] (the "Motion to File Under Seal"), filed by Sagi on September 13, 2019. Arie reserves the right to more fully respond to the Motion to File Under Seal and the Motion to Dismiss through separate briefing. Arie also reserves any objection to admissibility of any of the exhibits or testimony at the hearings on the Motion to File Under Seal, the Motion to Dismiss, or any other hearings in this Case. Without waiving any

such objections, Arie provides this supplemental response pursuant to the Court's Order for Information.

There is no authority under section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure to force disclosure of information deemed confidential by other district courts. As stated in Arie's *Notice Regarding Supplemental Information Filed Under Seal* [ECF No. 67], all documents and/or deposition testimony previously produced by Arie in the SDNY Litigation were labeled "Confidential" pursuant to the SDNY Protective Order.[1] Subject to and without waiting his objections and upon entry of a protective order in this Case, Arie remains willing to re-produce the documents that were previously produced in March 2019 bearing Bates labels "AGENGER_" and "AGA_". Moreover, Arie has been and remains willing to enter into a confidentiality and protective order that would negate much of the confidentiality issues in this Case relating to the SDNY Litigation.[2]

In his Reply, Sagi states that "Arie makes the bizarre and false allegation that Bates numbers have been removed from certain documents to conceal their source." Sagi's Reply, at ¶ 11. While Sagi's bizarre characterization is wholly inaccurate, Arie's position has not changed—absent Bates labels, Arie does not know the source of the documents that have been characterized as confidential. Under the terms of the SDNY Protective Order, documents from a source other than Arie are not confidential as to Arie. Sagi has the burden to establish the source of the documents he has characterized as confidential. To the extent such documents and information remain protected under the SDNY Protective Order or applicable law, Arie objects to public

---

[1] Any defined terms used and not otherwise defined herein shall have the meaning ascribed to them in ECF No. 67. The SDNY Protective Order is made applicable to Arie through the March 1, 2019 *Order Adopting Terms of Protective Order Entered in Southern District of New York*, a true and correct copy of which is attached hereto as **Exhibit A**.
[2] Arie's proposed form of protective order (as submitted to the Court through his *Expedited Motion for Protective Order* [ECF No. 76]) is attached hereto as **Exhibit B**.

disclosure in this Case and reserves all of his rights. If Sagi wants to modify orders of the Southern District of New York, then Sagi should move to modify the automatic stay to the extent it is applicable in the SDNY Litigation.

Dated: October 10, 2019

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Deborah D. Williamson*
    Deborah D. Williamson
    State Bar No. 21617500
    dwilliamson@dykema.com
    Danielle N. Rushing
    State Bar No. 24086961
    drushing@dykema.com
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone: (210) 554-5500
    Facsimile: (210) 226-8395

and

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, a true and correct copy of the foregoing document was served by electronic notification by the Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Texas and on the following:

Mr. John Dellaportas            ***Via E-mail and Fax***
EMMET, MARVIN & MARTIN LLP
120 Broadway, 32nd Floor
New York, New York 10271
jdellaportas@emmetmarvin.com
Facsimile: (212) 238-3100

              */s/ Danielle N. Rushing*
              Danielle N. Rushing

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-MC-24298-KMM

SAGI GENGER,

    Third-Party Plaintiff,

SOUTHERN DISTRICT OF NEW YORK
Civil Action No. 1:17-CV-8181

v.

ORLY GENGER,

    Third-Party Defendant.
_____/

## ORDER ADOPTING TERMS OF PROTECTIVE ORDER ENTERED IN SOUTHERN DISTRICT OF NEW YORK

THIS CAUSE comes before the undersigned pursuant to non-party Arie Genger's Motion to Quash or Modify Subpoena and for a Protective Order [ECF No. 1]. Following the hearing conducted on February 22, 2019, the Court directed Non-Party Arie Genger and Third-Party Plaintiff Sagi Genger to submit a Proposed Protective Order to the Court on or before March 1, 2019.

Because a detailed Protective Order was negotiated by the parties to the related litigation pending in the Southern District of New York, *Sagi Genger v. Orly Genger*, Case No. 17-cv-08181-VSB-DCF, and adopted by that Court on February 7, 2019 ("the New York Protective Order," attached hereto as Exhibit A), and because by its terms that Protective Order allows non-parties who produce documents in the underlying case to have the same protections established thereunder, Arie Genger and Sagi Genger have asked this Court to adopt the terms of the New York Protective Order to govern this proceeding.

Having reviewed the New York Protective Order and considered the agreement of Arie Genger and Sagi Genger, it is ORDERED AND ADJUDGED as follows:

2

     1.     The terms and provisions of the attached New York Protective Order are adopted for the proceeding before this Court.

     2.     Pursuant to the terms of the New York Protective Order, Arie Genger may designate as "Confidential" any documents or deposition testimony that he provides pursuant to the Subpoena for Deposition Duces Tecum of Arie Genger in this matter.

     3.     All provisions relating to the procedures for the designation and handling of material designated as Confidential under the New York Protective Order shall be followed in this matter.

     4.     Because this Court is adopting the New York Protective Order as an order in the instant case, any issues relating to its enforcement in connection to the Subpoena for Deposition Duces Tecum of Arie Genger shall be brought to the attention of this Court for resolution.

DONE AND ORDERED in Chambers at Miami, Florida this 28th day of February, 2019.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| ORLY GENGER, | § § | CASE NO. 19-10926-TMD |
| Debtor. | § § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is *Creditor Arie Genger's Expedited Motion for Protective Order* ("Motion for Protective Order") [ECF No. ___]. After careful consideration, it is hereby ORDERED as follows:

**1.  Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document,

information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

   **2.   Qualified Persons**

"Qualified Persons" means:

a. For Counsel or Attorneys' Eyes Only information:

   i. retained counsel for the parties in this case and their respective staff;

   ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this case (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, agreeing to be bound by the terms of this Protective Order (such signed Non-Disclosure Agreement to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

   iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this case;

   iv. the United States Trustee and any representatives thereof.

b. For Confidential information:

   i. the persons identified in subparagraph 2(a);

   ii. the party, if a natural person;

   iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, agreeing to be bound by the terms of this Protective Order (such signed Non-Disclosure Agreement to be maintained by the attorney designating such person);

   iv. litigation vendors, court reporters and other litigation or bankruptcy support personnel;

   v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the

information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

    c.    Such other person as this court may designate after notice and an opportunity to be heard.

**3.    Designation Criteria**

    a.    *Nonclassified Information.* Classified Information shall not include information that either:

        i.    is in the public domain at the time of disclosure, as evidenced by a written document;

        ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    b.    *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Other material that may be designated as Classified Information includes: (a) previously nondisclosed financial information (including without limitation tax returns, net worth statements, financial account statements; accountant work papers and communications, *etc.*); (b) previously nondisclosed material relating to ownership or control of or interest in any asset, real estate, business entity or trust; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court.

A document designated as Classified Information hereunder does not lose its confidentiality restriction merely because it is thereafter subpoenaed from another source that does not designate such document as confidential; and if a party or nonparty subpoenas third parties to obtain additional copies of material already designated as Classified Information by a producing party or nonparty, then the subpoenaing party or nonparty shall notify the producing party or nonparty sufficiently in advance to permit that party or nonparty to designate the additional materials as Classified Information pursuant to the terms of this Protective Order.

Any third party that produces documents in this case shall have the right to designate its production as Classified Information to the same extent as the parties to this Protective Order, without having to execute this Protective Order.

c. *For Counsel or Attorneys' Eyes Only*. The designation "For Counsel Only" or "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design

information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

        d.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

        **4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this case shall be used solely for the purpose of preparation, trial, and appeal of matters at issue in this case and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

        **5.**    **Marking of Documents**

Documents provided in this case may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," or "Attorneys' Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

        **6.**    **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this case, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (most certainly prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During this Case.*  Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this case, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this case.

c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.      Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.      Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by the producing party.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this case disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the

designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

12. **Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this case, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court. *See* Local Rule 9018.

13. **Filing Under Seal**

Upon entry of an order granting a motion to seal documents, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this case that have been designated, in whole or in part, as Classified Information by any party to this case consistent with the sealing requirements of the court. *See* Local Rule 9018.

14. **Return of Documents**

Not later than 30 days after conclusion of this case and any appeal(s) related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2

(except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

15. **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this case, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this case, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this case from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

17. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

18. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this case.

19. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

20. **No Intention to Modify Section 107 of the Bankruptcy Code**

For the avoidance of doubt, nothing in this order is intended to limit or contradict the scope of disclosure required by 11 U.S.C. § 107, and the Court may at any point take such steps to ensure compliance with that section as it deems necessary, either upon its *sua sponte* consideration or upon the request of any entity.

# # #

Prepared and Submitted By:

**DYKEMA GOSSETT PLLC**

Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**