# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 19-10926-TMD |
| ORLY GENGER, | § | |
| | § | CHAPTER 7 PROCEEDING |
| DEBTOR | § | |

## ERIC HERSCHMANN'S MOTION FOR PROTECTIVE ORDER

**TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUTPCY JUDGE:**

NOW COMES Eric Herschmann ("Herschmann") and file this his *Motion for Protective Order* (the "Motion") seeking a protective order limiting abusive, duplicative, harassing and violative discovery requests propounded by Sagi Genger, and in support therefor, respectfully represents to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this chapter 7 case and this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (N), and (O). The Court has authority to enter a final order granting relief pursuant to 28 U.S.C. § 157(b)(1), 11 U.S.C. § 105, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7026 and Local Bankruptcy Rule 7026. Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### PROCEDURAL AND FACTUAL BACKGROUND

A. <u>Litigation and Discovery History</u>

2. On or about July 12, 2019, Orly Genger commenced this case by filing a voluntary petition under chapter 7 of Title 11 of the United States Code. Ron Satija was subsequently appointed Chapter 7 Trustee.

3. This bankruptcy is the latest chapter in more than a decade of family litigation that followed the 2004 divorce of Dalia Genger ("Dalia") and Arie Genger ("Arie"). By all accounts, these litigations have

cost tens of millions of dollars and have involved over a dozen separate actions in many courts around the country. Related to their divorce, Dalia and Arie made certain arrangements and agreements to distribute equally to trusts previously set up for their son, Sagi Genger ("Sagi"), and daughter, Orly Genger ("Orly" or the "Debtor") the fortune that Arie had built over a lifetime, including from a company he founded, Trans-Resources Inc. ("TRI"). Neither Sagi nor his younger sister, Orly, ever had any active involvement in TRI.

4. In connection with the alleged transfer of Dalia's interest in TRI, Dalia allegedly received a commitment from Sagi to fund requests from Dalia for money to support her lifestyle (the "2004 Promise"). Sagi alleged that Orly indemnified Sagi for one-half of his obligations under the 2004 Promise. Dalia allegedly requested the sum of $6 million from Sagi to support her lifestyle. Sagi demanded that Orly pay half of that amount. Orly denied any such obligation and refused to pay for a number of reasons. Litigation ensued and the U.S. District Court for the Southern District of New York ("Trial Court") entered summary judgment in Sagi's favor.

5. In June 2019 the U.S. Court of Appeals for the Second Circuit affirmed the summary judgment against Orly in favor of Sagi finding that the Debtor was liable to Sagi for indemnification of Sagi's obligations to Dalia for "funds to support [her] lifestyle". Notwithstanding that Sagi paid Dalia only $150,000 of the sums requested by Dalia, the Court of Appeals affirmed the Trial Court judgment for one-half of the $6 million requested by Dalia.

6. Following the entry of judgment by the Trial Court, Sagi aggressively pursued post judgment discovery, including issuance of numerous subpoenas duces tecum. Sagi issued many of those subpoenas without notice to Orly or her counsel ("Post Judgment Discovery"). In order to limit the scope and use of Sagi's post judgment discovery, the Trial Court entered its protective order limiting the dissemination of confidential discovery materials by Sagi and his counsel ("Protective Order").

B. <u>Post Bankruptcy Discovery</u>

7. Since the petition date, Sagi together with entities controlled by him have issued at least 11 subpoenas against substantially all of the same parties that were the focus of Sagi's Post Judgment Discovery including the following individuals:

    a. Eric Herschmann - Deposition Subpoena
    b. Credit Suisse Group- Deposition Subpoena
    c. US Century Bank- Deposition Subpoena
    d. Raines & Fisher, LLP- Deposition Subpoena
    e. Stein & Harris- Deposition Subpoena
    f. Arie Genger- Deposition Subpoena
    g. Kasowitz, Benson & Torres, LLP ("Kasowitz") - Deposition Subpoena
    h. Orly Genger – Witness Subpoena
    i. Ron Satija – Witness Subpoena

8. Bankruptcy Rule 9014 makes Rules 7026 and 7028-7037 governing discovery applicable in contested matters. Rule 9016 makes FRCP Rule 45 applicable as well. All of the referenced subpoenas were issued immediately following the date Sagi filed his Motion to Dismiss this chapter 7 case [Docket No. 32] and presumably relate to that contested matter, although the subpoenas fail to indicate which contested matter to which they relate.

9. The scope of the document production requested in those subpoenas vastly exceeds any relevant or admissible evidence with regard to the allegations in Sagi's Motion to Dismiss. Moreover, the documents requested are overbroad and duplicative of document production requests propounded in Sagi's Post Judgment Discovery.

10. Many of the documents previously produced in connection with Sagi's Post Judgment Discovery are protected by the Protective Order. The Protective Order restricts the use of "Confidential Discovery Materials"[1] to the proceedings before the Trial Court or in "any other proceeding or action brought to enforce or collect the final judgment against Orly Genger". Protective Order at ¶ 5. The Protective Order also restricts distribution of Confidential Discovery Materials to the following:

---

[1] As defined in the Protective Order.

**MOTION FOR PROTECTIVE ORDER**

a. Sagi Genger;

b. counsel retained by Sagi Genger specifically for this action and who are representing him in connection with enforcement of the Judgment, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to at trial or deposition in this action, provided such person has first Non-Disclosure Agreement in the form annexed [to the Protective Order];

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the annexed [to the Protective Order];

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

Protective Order at ¶ 6.

11. On information and belief, Sagi and his counsel have ignored the Trial Court's Protective Order and provided Confidential Discovery Materials to numerous parties not entitled to receive those materials under the terms of the Protective Order. Having been called to account for violations of the Protective Order, Sagi has engaged in a variety of artifices intended to circumvent the Protective Order and sanction prior abusive conduct. In related litigation pending in the U.S. District Court for the S.D.N.Y, Sagi attempted to subpoena Confidential Discovery Materials from himself through entities that he directly or indirectly controls. Similarly in this case, he has engaged in the same conduct, using Dalia and D&K GP, LLC to subpoena Confidential Discovery Materials from himself.

## ARGUMENT AND AUTHORITIES

12. This pattern of discovery abuse has been repeated in connection with the subpoenas *sub judice*. Bankruptcy Rule 9014 incorporates Bankruptcy Rules 7026, and Bankruptcy Rules 7028-7037 among others. Those Bankruptcy Rules along with Bankruptcy Rule 9016 governing the issuance of subpoena's establish the requirements and limitations upon discovery in the context of a contested matter.

13. Bankruptcy Rule 7030 authorizes taking a deposition of a person. However, where a subpoena duces tecum is to be served, the notice must be accompanied by a request under Bankruptcy Rule 7034 to produce documents. Sagi's subpoena's fail to comply with Bankruptcy Rule 7034 in many respects. In the

fist instance the document production request must describe with reasonable particularity each item or category to be inspected. Sagi's subpoenas fail to do so. Moreover, Bankruptcy Rule 7034 provides that a response to a request for production is due 30 days following service. Leaving aside for a moment that Sagi has failed to properly serve the subpoenas on Orly and Herschmann, the none of Sagi's subpoenas provided the requisite 30 days to respond.

14. Sagi has failed to serve the subpoenas issued by this Court upon either Orly or Herschmann. Sagi attempted service upon Orly by leaving a copy at the lobby of the W Hotel in Austin, Texas (Orly and Herschmann's personal residence) with a person identified as "John Doe". Sagi attempted service upon Herschmann by leaving a copy with a "Jane Doe" at the mail room of a 40 plus story building in New York at which the Kasowitz law firm has one of its offices. In neither instance was the person with whom the copy was left authorized to accept service or affiliated with the person attempted to be served.

15. Bankruptcy Rule 9016[2] provides that serving a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Sagi's attempted service upon Orly and Herschmann has failed. ***In re Dennis***, 330 F. 3d 696, 704 (5th Cir. 2003). Sagi's counsel made no attempt to confer with Herschmann's counsel regarding deposition dates or acceptance of service on Herschmann's behalf. After Sagi issued the subpoena, counsel for Herschmann contacted Sagi's counsel and offered to accept service on Herschmann's behalf. Sagi's counsel ignored the offer, responding only with a copy of the affidavit reflecting the failed service attempt. Sagi has not "personally" served Herschmann with the subpoena nor tendered the required fees.

16. The Herschmann subpoena required Herschmann to appear at a deposition to be conducted in Sagi's counsel's New York office on Rosh HaShana. While Herschmann is a partner with the New York firm

---

[2] Incorporating Rule 45(b) of the Fed. R. Civ. Proc.

of Kasowitz, he currently resides in Austin, Texas, where he has lived for several years. Kasowitz' access card records reflect that Herschmann has not entered Kasowitz' New York offices in more than 16 months.

17. Notwithstanding Herschmann's residence in Austin and the venue of the Genger Bankruptcy Case in the Austin Division, Western District of Texas, Sagi's counsel set the location of the deposition in New York.

18. The Court has wide discretion to control the nature and timing of discovery, and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Courts have discretion to issue a protective order under Federal Rule of Civil Procedure 26(c) upon a showing of good cause in order to "protect a party from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1); see also *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) ("Rule 26 'vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" (quoting *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998))). This discretion includes orders forbidding the requested discovery altogether. Fed. R. Civ. P. 26(c)(1)(A); see also *St. John v. Napolitano*, 274 F.R.D. 12, 16 (D.D.C. 2011) (stating that a protective "order may forbid disclosure altogether").

19. Should Sagi properly serve a subpoena on Herschmann, Herschmann will respond appropriately. In the meantime, Sagi's abusive discovery practices cry out for entry of an appropriate discovery control order by this court. Herschmann requests that such an order provide for the following:

   a. Specific and appropriate limits on the scope of document production and requests;
   b. Setting the location and reasonable time limits for depositions;
   c. Restrictions on discovery of privileged and confidential information; and
   d. Requiring compliance with the Protective Order and prohibiting disclosure of any Confidential Discovery Material; and
   e. Protections for any confidential or sensitive personal information elicited through discovery conducted in this bankruptcy case.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Eric Hershmann requests that this Court grant the relief requested and such other and further relief to which he may show himself justly entitled.

Dated: October 11, 2019

By: /s/ Raymond Battaglia
Raymond W. Battaglia
Texas Bar No. 01918055
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle San Antonio, Texas 78218
Tel.: (210) 601-9405
Fax: (210) 855-0126
rbattaglialaw@outlook.com

**COUNSEL TO ERIC HERSCHMANN**

## CERTIFICATE OF SERVICE

On October 11, 2019 a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the following

| | |
|---|---|
| Brian Cumings<br>Graves Dougherty Hearon & Moody<br>401 Congress Avenue Suite 2700<br>Austin, Texas 78701 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Kasowitz, Benson, Torres LLP<br>Attn: Daniel Benson, Esq.<br>1633 Broadway, 21st Floor<br>New York, NY 10019-6708 | United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701-2450 |
| Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas, 40th Floor<br>New York, NY 10036-6149 | Eric J. Taube<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave., Suite 1800<br>Austin, TX 78701-4042 |
| Orly Genger<br>210 Lavaca St., Unit 1903<br>Austin, TX 78701-4582 | Ron Satija<br>P.O. Box 660208<br>Austin, TX 78766-7208 |
| Arie Genger<br>c/o Deborah D. Williamson<br>Dykema Gossett PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, TX 78205 | Aaron M. Kaufman<br>Dykema Gossett PLLC<br>Comerica Bank Tower<br>1717 Main St., Suite 4200<br>Dallas, TX 75201 |

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

/s/ Raymond Battaglia_____
Raymond W. Battaglia