IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| In re: | § | | |
| | § | | |
| ORLY GENGER, | § | Case No. 19-10926-TMD |
| *(Debtor)* | § | Chapter 7 |

**DEBTOR'S RESPONSE AND OBJECTION TO SAGI GENGER'S AND
THE ORLY GENGER 1993 TRUST'S MOTION TO EXTEND THE DEADLINE
TO OBJECT TO DISCHARGE/DISCHARGEABILITY**

**TO THE HONORABLE TONY DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

Orly Genger ("Debtor") files this her Response and Objection to Sagi Genger's and the Orly Genger 1993 Trust's Motion to Extend the Deadline to Object to Discharge/Dischargeability (the "Motion to Extend") as follows:

1. Debtor admits that Sagi Genger ("Sagi") filed a Motion to Dismiss Bankruptcy Case, or Alternatively to Transfer Venue (the "Motion to Dismiss") on September 13, 2019. Debtor admits that the deadline to object to the Debtor's discharge or the dischargeability of debt is October 15, 2019. The balance of the allegations in paragraph 1 of the Motion are a statement of intention which need not be admitted or denied. To the extent necessary, Debtor does not believe that there are factual or legal grounds to extend the applicable deadline.

2. Debtor admits the allegation in paragraph 2 of the Motion.

3. Debtor admits the allegation in paragraph 3 of the Motion.

4. Debtor admits that the Motion to Dismiss has been filed in September and suggests that there is no current deadline for a response to be filed pursuant to Local Rules. Debtor admits that the deadline for filing an objection to the Debtor's discharge or the dischargeability of any specific debt is after the date that the hearing on the Motion to Dismiss is scheduled. Debtor also

admits that it is unlikely that a decision on the Motion to Dismiss will not be made prior to the expiration of the deadline.

5. Debtor admits the allegations in paragraph 5 of the Motion.

6. Paragraph 6 of the Motion contains a statement of legal contention which need not be admitted or denied.

7. Debtor admits that the time for objection to discharge has not expired as of the date of the filing of the Motion to Extend. Debtor denies that there is any additional discovery that needs to be conducted prior to the expiration of the deadline. Sagi has been in litigation with Debtor for over a decade, and no further discovery can possibly be available to him that will relate to this issue. Moreover, the Orly Genger 1993 Trust (the "Trust") is not a creditor, has not filed a proof of claim, and has no claims against its beneficiary, the Debtor. No discovery will change that.

8. Paragraph 8 is a statement of contention which need not be admitted or denied. To the extent necessary, Debtor denies that Sagi or the non-creditor Trust needs additional time to research issues.

9. Debtor denies that the filing of the Motion to Dismiss is a basis for extending the deadline to file complaints objecting to discharge or dischargeability, and Movants cite to no authority for such proposition. The deadlines to file such complaints are set by the Bankruptcy Rules and require sufficient cause. No such cause exists and none has been pled to support such extension. The potential need to object to the Debtor's exemptions claimed in the Schedules is not a basis for the requested relief. Debtor admits that she sought, and the Court granted with the consent of the Trustee appointed in this case, less than two week extension of the deadline to file exemptions. To the extent that such an extension is a basis for any extension of the deadlines

imposed by the Bankruptcy Rules to object to discharge or dischargeability, which Debtor denies, Debtor would agree to an extension of the same amount of time she received to file schedules.

10. Debtor denies the allegations in paragraph 10 of the Motion.

11. Paragraph 11 contains a statement of what the Motion seeks, which need not be admitted or denied. To the extent necessary, Debtor does not believe that there is any legal or factual basis for a ninety day extension of the applicable deadline, and none has been stated.

12. To the extent that Debtor is required to respond to the Joinder of Dalia Genger to the Motion, Debtor submits that Dalia Genger is not a creditor and lacks standing to assert a request for such extension. Debtor agrees that the deadline for objecting to discharge and dischargeability is specifically excepted from the "excusable neglect" standard in Bankruptcy Rule 9006. Debtor asserts that there is no cause to extend the deadlines, and that no cause has been asserted by Movants or by Dalia Genger for any such extension.

WHEREFORE, Orly Genger respectfully requests that the Motion to Extend be denied, and that she receive such other and further relief as she may be justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ *Eric J. Taube*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
    100 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 685-6400
    (512) 685-6417 (FAX)
    eric.taube@wallerlaw.com
    mark.taylor@wallerlaw.com

COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on the parties listed on the attached Service List via the Court's ECF e-mail notification and via United States First Class Mail on October 15, 2019:

                                                        */s/ Eric J. Taube*
                                                        Eric Taube

# SERVICE LIST

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Arie Genger
17001 Collins Ave.
Apt. 2805
Sunny Isles, FL 33160

Kasowitz, Benson, Torres LLP
Attn: Matthew Stein, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

D&K GP LLC
c/o Ira Tokayer, Esq.
420 Lexington Ave.
New York, NY 10170

Dalia Genger
200 E. 65th St. 32w
New York, NY 10021

Markel Surety
c/o Suretec Insurance Company
5555 Garden Grove Blvd., Suite 275
Westminster, CT 92687

Orly Genger 1993 Trust
c/o Michael Oldner
86 Pleasant Valley Dr., #16
Little Rock, AK 72227

TPR Investment Associates Inc.
c/o John Dellaportas
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

US Trustee
903 San Jacinto, Ste. 230
Austin, TX 87701-2450

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

Ron Satija, Trustee
P.O. Box 660208
Austin, TX 78766-7208

## PARTIES REQUESTING NOTICE

Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Deborah D. Williamson
Danielle N. Rushing
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, TX 75201

Ryan B. DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202

Sabrina L. Streusand
Streusand, Landon, Ozburn &
  Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746

Jay H. Ong, Esq.
Munsch Hardt Kopf & Harr, P.C.
303 Colorado Street, Suite 2600
Austin, TX 78701