IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ORLY GENGER, | § | |
| | § | Case No. 19-10926-tmd |
| Debtor. | § | |
| | § | |

**ORDER GRANTING MOTION FOR AN ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, AUTHORIZING SAGI GENGER TO FILE CERTAIN OF THE EXHIBITS AND PORTIONS OF THE OBJECTION AND RESPONSE OF JUDGMENT CREDITOR SAGI GENGER TO THE TRUSTEE'S APPLICATION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND <u>LOCAL RULE 9019 TO APPROVE COMPROMISE</u>**

The Court has considered the *Motion for an Order, Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, Authorizing Sagi Genger to File Certain of the Exhibits and Portions of the Objection and Response of Judgment Creditor Sagi Genger to the Trustee's Application Under Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019 to Approve Compromise* (the "Motion"). The Court, having considered the Motion, the Protective Order (as defined in the Motion), the responses, if

any, the documents, motions, and pleadings on file, and arguments of counsel, if any, is of the opinion that the Motion is meritorious and, therefore, it is hereby GRANTED.

**IT IS THEREFORE ORDERED** that the Motion is hereby GRANTED;

**IT IS FURTHER ORDERED** that certain of the exhibits and portions of the *Objection and Response of Judgment Creditor Sagi Genger to the Trustee's Application Under Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019 to Approve Compromise* (the "9019 Objection") will be filed under seal for review *in camera* by this Court.

**IT IS FURTHER ORDERED** that the matter shall remain under seal for no longer than one year from the date of entry of the order, unless the Court orders otherwise.

**IT IS FURTHER ORDERED** that any evidence and testimony taken concerning the 9019 Objection will be sealed as provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Evidence, and any person present in the Courtroom, other than Orly Genger (the "Debtor"), the Trustee, representatives of the Trusts (as defined in the Motion), and Sagi Genger ("Sagi"), will be excluded from the Courtroom during testimony but only as necessary pursuant to the Protective Order (as defined in the Motion).

**IT IS FURTHER ORDERED**, to the extent the Court deems, after in camera review that the 9019 Objection in un-redacted format and the related Exhibits are improperly designated "confidential" by the Debtor and others, then the un-redacted 9019 Objection and related "confidential" documents will be unsealed in this Chapter 7 case, and will be filed with the clerk of the Court.

**IT IS FURTHER ORDERED** that the only entities permitted to review documents or transcripts of proceedings placed under seal are the Debtor, representatives

{01519/0001/00241470.1}

of the Trusts, the Trustee, and Sagi, and, in addition, the following entities shall also have access to matters placed under seal unless the Court specifically rules otherwise: (1) the judge presiding over the case, (2) the law clerk to whom the matter is assigned internally by the presiding judge, (3) the Courtroom Deputy responsible for the matter, (4) the Clerk of the Court, and (5) the presiding judge and staff of any appellate tribunal.

###

**Proposed Order Submitted by:**

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**

Sabrina L. Streusand
State Bar No. 11701700
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9900
(512) 236-9904 (Fax)

**ATTORNEYS FOR JUDGMENT CREDITOR
SAGI GENGER**