IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

**OBJECTION TO THE APPLICATION FOR RETENTION OF KASOWITZ BENSON TORRES LLP AS ATTORNEYS FOR A SPECIAL PURPOSE PURSUANT TO 11 U.S.C. SECTION 327(e)**
[Relating to Docket No. 59]

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

Sagi Genger, a judgment creditor in the bankruptcy case, files this Objection (the "Objection") to the Application for Retention of Kasowitz Benson Torres LLP as Attorneys for a Special Purpose Pursuant to 11 U.S.C. Section 327(e) (the "Application"), and in support of the Objection, would show the Court as follows:

1. Curiously and without explanation, the Chapter 7 Trustee, Ron Satija ("Satija"), does not seek to employ special counsel to pursue the Chapter 7 estate's largest asset, which is the $32 million fraudulent transfer lawsuit pending in New York. Instead, Satija has determined it is appropriate to hire the firm defending those fraudulent transfers in New York, Kasowitz Benson Torres LLP ("Kasowitz"), to pursue claims that mostly impact the assets and liabilities of the Debtor's spendthrift trust established by the parents of the Debtor (the "Orly Genger 1993 Trust"). Satija's plan for retaining the estate's special counsel will thus actually be taking assets *away* from the Chapter 7 estate and instead pursuing assets for the Orly Genger 1993 Trust. Such retention may benefit the Debtor, if successful, but it will yield no benefit to the Chapter 7 estate or its creditors, which is not in the best interest of the estate.

2. The four cases for which Kasowitz is being retained are described as follows:

{01519/0001/00241084.1}  1

| | |
|---|---|
| *In the Matter of the Application of Orly Genger*, NY Cnty. Surrogate's Court File No. 001712008 | *Quasi in rem* proceeding in Surrogate Court (NY's probate court). Case seeks no damages for Estate, only to replace Dalia Genger as Trustee (she replaced herself three months ago). Trustee claiming her resignation ineffective. Trust has no assets other than claims. |
| *In the Matter of Petition of Dalia Genger*, NY Cnty. Surrogate's Court assigned same case number as above | *Quasi in rem* proceeding in Surrogate Court. Debtor is the Defendant. Case seeks to compel Trump Group to deposit $15M with Surrogate's Court. Trust has no assets other than claim. |
| *Orly Genger, etc. v. Dalia Genger, et al.,* NY Cnty. Supreme Court Index No. 109749/09 | Final Judgment has been entered dismissing all of Debtor's claims AFTER a 2 week trial. In any event, any recovery would go to D&K LP, which is owned in part by Debtor's trust, not the Estate. Debtor sought and was denied a second rehearing on dismissal. |
| *Orly Genger v. Sagi Genger*, NY Cnty. Supreme Court Index No. 100697108 | 145-page report from Court-appointed CPA and Valuation Expert found damages of $0-$33K (subject to a much larger fee offset and Sagi's $3 million judgment as offset). Kasowitz originally agreed to handle pro bono but now wants 33%. |

3. In addition, Kasowitz and the Kasowitz's interests as insiders to this Debtor are directly adverse to the Chapter 7 estate, as they have worked to frustrate the creditors of the estate by actively engaging in fraudulent conduct to aid the Debtor in shifting assets away from creditors of the estate, principally the obligations owed to the Debtor's mother, Dalia Genger through an indemnity obligation owed to her brother Sagi Genger.

4. This conflict is inherent in the relationship. The lead Kasowitz partner, Eric Herschmann ("Herschmann"), is the Debtor's husband. He also is listed as a secured creditor in the Debtor's Schedules having been granted a security interest in the Debtor's one half-interest in their multi-million dollar condominium at the W (valued at $2.4 million on the low end and more recently valued at $3.5 million). Herschmann has a direct adverse interest against the estate as a holder of a preferential transfer against the estate and cannot act as the estate's attorney, which likewise disqualifies Kasowitz.

5. Significantly, the Application filed under 9019 states that neither Herschmann nor Kasowitz would agree to represent the Chapter 7 estate unless the Trustee agreed to allow Herschmann to buy the Debtor's interest for $200,000, a price well below the purchase price and the market value for the **non-exempt** half of the Debtor's residence.

6. Michael Bowen, the other Kasowitz partner Satija seeks to retain, is the named payee noteholder for $15 million in Promissory Notes (the "Notes") that are the subject of the pending fraudulent transfer litigation in New York, and he is a target defendant in the fraudulent transfer actions, which Satija seeks to settle. In that litigation, Kasowitz is accused of making false statements to the District Court and the Second Circuit with respect to fabricating documents, back-dating documents and testimony. Mr. Bowen is a witness and an individual defendant in multiple fraudulent conveyance suits pending in New York.

7. Over a decade of lawsuits has already been fully decided with a few exceptions. The Debtor has lost most of them.

8. As recently as this month, Satija sought a re-hearing in *Orly Genger, Orly Genger 1993 Trust v. Dalia Genger, Sagi Genger, D & K GP LLC, TPR Investment Associates Inc, Leah Fang*, Index No. 109749/2009 to vacate an order dismissing claims against Dalia so that it could be removed to this Court. On Friday, October 4, 2019, just a few hours after receiving Dalia's submission, the Court denied the re-hearing and dismissed the underlying motion (another loss for Debtor/Satija). Apparently, Satija intended to retry litigation that has already been lost by the Debtor and won by the creditors of the estate. This would be, of course, a direct violation of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (provides that a federal district court lacks the jurisdiction to hear a collateral attack on a state court judgment or to review final

{01519/0001/00241084.1}   3

determinations of state court decisions).

### I. ARGUMENTS AND AUTHORITIES

9. The burden of establishing that employment of special counsel is proper rests with the party seeking to appoint special counsel. *In re Lyons*, 439 B.R. 401, 405 (Bankr. S.D. Tex. 2010). The three-part test under § 327(e) is as follows: (1) counsel must be appointed for a special purpose, (2) such appointment must be in the best interest of the estate, and (3) the special counsel must not have any adverse interest to the debtor or the estate with respect to the matter on which the special counsel is to be retained. The Fifth Circuit has held that § 327(e) demands "strict compliance" with the statutory requirements. *In re W. Delta Oil Co.*, 432 F. 3d 347, 355 (5th Cir. 2005).

10. Also, Bankruptcy Rule 2014 provides an additional list of factors that must be examined in application to employ a special purpose professional including, but not limited to, "all of the person's connections to the debtor, creditors, any other party in interest, their respective attorneys and accountants…." The Application as filed does not include the disclosures that are required under Bankruptcy Rule 2014 between Kasowitz and the creditors of the estate. The $15 million in Notes held by Kasowitz partner Bowen are not disclosed. The liens and security interests held by Herschmann are not disclosed. Herschmann not only holds a security interest and lien against the Debtor's (his wife's) assets, but also against his father-in-law, Arie Genger, who is also scheduled as a creditor of the estate and other creditors of the estate including alleged claims and security interests against Orly.

11. The application fails to disclose that Kasowitz already enjoys a lien on any recovery from these litigations by operation of New York law and is claiming a $1.4 million unpaid bill.

12. Because Herschmann is an insider, Kasowitz is as an insider as well. Under 11 U.S.C.S. § 101, an "insider to an insider to the Debtor" is deemed an insider to a debtor. *In re Bos*, 561 B.R. 868, 885 n. 69 (Bankr. N.D. Fla. 2016), *citing In re Parks*, 503 B.R. 820, 835 (Bankr. W.D. Wash. 2013) (holding one-year preference period applicable because individual was an insider of an insider of debtor). Section 101(31)(E) also deems an "insider of an affiliate" to be an insider "as if such affiliate were the debtor." *Sherron Assocs. Loan Fund XXI (Lacey) L.L.C. v. Thomas (In re Parks)*, 503 B.R. 820, 822 (Bankr. W.D. Wash. 2013). While "[a]ttorneys have not generally been considered insiders of their debtor-clients," where, as here, an attorney has been found to be an extra-statutory insider, that status has been imposed because of a relationship with the debtor that "transcended the normal attorney-client boundaries." *See, e.g., In re Arana*, 387 B.R. 868, 870 (Bankr. M.D. Fla. 2008); *see also In re Broumas,* 135 F.3d 769 (Table), 1998 WL 77842 (4th Cir. 1998) [published in full-text format at 1998 U.S. App. Lexis 3070], (attorney is an insider).

13. Kasowitz, through its partner Bowen, also holds Notes in the amount of $15 million, which are not disclosed in the Schedules nor in Bowen's Declaration. That material omission contravenes the requirements of Bankruptcy Rule 2014.

14. The application fails to disclose that Kasowitz made false statements to the SDNY and Second Circuit about the $15 million Notes. Included in that is false deposition testimony by Kasowitz. See Brief on false statements dated May 13, 2019, in the *Genger v. Genger*, 1:17-cv-008181-KBF-DCF litigation, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

A. **Best Interest Test**

15. The best interest of the creditors of the estate are not served by special counsel's

representation because, if special counsel were to prevail, the benefit would inure to the <u>Orly Genger 1993 Trust</u> rather than the Debtor's creditors. *See In re Johnson*, 433 B.R. 626, 639 (Bankr. S.D. Tex. 2010) (holding "[t]he need for special counsel must be for the benefit of the estate and not merely for the personal benefit of the debtor."); *In re Lyons*, 439 B.R. 401, 405 (Bankr. S.D. Tex. 2010) (holding that a chapter 7 trustee must prove that employment of special counsel "will maximize the value retained by the debtor's estate").

**B. The Special Counsel the Trustee Seeks to Retain Holds Interest Adverse to the Estate**

16.     Kasowitz has a direct adverse interest to the estate, not only as an insider holding a preferential lien against the Debtor, but as an active witness and participant in the Debtor's fraudulent scheme to dispose of over $32 million with the express purpose of removing those funds from the reach of her creditors. Kasowitz helped the Debtor in concealing assets, documents and back-dating notes. The interest that Kasowitz holds is directly adverse to the creditors of the estate. As the Fifth Circuit has held *In re Delta Oil Co., Inc.*, 432 F.3d 354-55 (5th Cir. 2005):

> *As we have already discussed, 11 USC §327(e) provides for the employment of counsel by a bankruptcy trustee for "a specified special purpose." Counsel employed under this subsection must "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."*
>
> …
>
> *We have observed that these standards are "strict" and that attorneys engaged in the conduct of a bankruptcy case "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." Accordingly, we are "sensitive to preventing conflicts of interest" and require a "'painstaking analysis of the facts and precise application of precedent' "when inquiring into alleged conflicts. If an actual conflict of interest is present, "no more need be shown ... to support a denial of compensation."*

17.     There are actual, rather than potential, conflicts here. Satija is attempting to

employ Herschmann and Kasowitz to represent the estate's interest when Herschmann's wife, the Debtor, has actively been involved in fraudulent transfers, aided and abetted by Kasowitz. Kasowitz's Bowen is not only a witness, it is also a defendant in related actions all involving the $32 million at issue and fraudulent transfers by the Debtor.

18. In the case of *In re Neuman*, 138 B.R. 683, 687 (S.D.N.Y. 1992), the District Court in the Southern District of New York denied a special counsel appointment where the counsel's "employment require[ed] an objective appraisal of claims of fraud, and the attorney has close personal and professional ties to the alleged defrauder." Here the professional to be retained by the estate is married to the Debtor, holds an interest directly adverse to the estate that was preferentially transferred to him, and has been working to defeat the creditors of the estate in fraudulent transfer proceedings that are pending in New York. In *Neuman*, the Court further stated "that [an] appointment also cannot violate an attorney's more general obligation to decline representation where there is a prohibited conflict of interest." *Id.* In this case the conflicts of special counsel are rampant, including a sweetheart deal with Satija for counsel to be retained contingent upon an agreed buy-back of the non-exempt portion of the Debtor's condominium for a small fraction of its actual fair market value.

19. In the case of *In re M&M Marketing, LLC*, 426 B.R. 796, 802 (8th Cir. BAP 2010), special counsel was not retained because of "adverse interest to the estate" since the clients of the law firm had received allegedly fraudulent transfers and because they had represented relatives of the Debtor, even though counsel was to be retained on matters that did not involve the fraudulent transfers. In *M&M Marketing*, the Court found that proposed special counsel held an interest directly adverse to the estate, which is defined as follows:

> "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute

in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate. To represent an adverse interest means to serve an agent or attorney for any individual or entity holding such an adverse interest."

*Id.* In this case, Kasowitz has multiple adverse interests to the estate, and the retention by Satija should not be allowed.

## II. PRAYER

WHEREFORE, PREMISES CONSIDERED, Sagi Genger respectfully requests that the Application is denied and Kasowitz is not retained as special counsel to Satija, and that he be granted such other and further relief as this Court may deem just and proper.

Dated: October 18, 2019

Respectfully submitted,

By: */s/ Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    Streusand Landon, Ozburn & Lemmon, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    (512) 236-9901 (Telephone)
    (512) 236-9904 (Facsimile)
    streusand@slollp.com

    John Dellaportas (admitted *pro hac vice)*
    Emmet, Marvin & Martin, LLP
    120 Broadway
    New York, New York 10280
    (212) 238-3000 (Telephone)
    jdellaportas@emmetmarvin.com

    **COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 18, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Shelby A. Jordan
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401

                    */s/ Sabrina L. Streusand*
                    Sabrina L. Streusand