**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

**SAGI GENGER'S RESPONSE TO ERIC HERSCHMANN'S**
**MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

Sagi Genger ("Sagi") files this Response to Eric Herschmann's Motion for Protective Order [Doc. No. 88] and in support thereof states as follows:

### I.   BACKGROUND FACTS

1. Eric Herschmann ("Herschmann") is Debtor's husband, Debtor's lawyer, and a party who the Ron Satija, the Chapter 7 Trustee, seeks to employ to settle claims against himself, his wife, his father-in-law, his law firm, Kasowitz Benson Torres LLP, and others.

2. Herschmann has also been extensively involved in both the litigation that affirmed the debt owed Sagi Genger by Debtor, as well as the post-judgment litigation. The post-judgment discovery has been the subject of extensive hearings by U.S. Magistrate Judge Freeman in the Southern District of New York. That court entered a protective order and also ordered that documents be produced by Herschmann and others.

3. Following the rendition of rulings against Debtor in New York, but prior to some of the rulings being finalized, she filed a bankruptcy case in Austin, claiming she located in Austin at some recent date which for some reason she cannot remember.

## II. ARGUMENT

4. Herschmann complains that discovery in his wife's bankruptcy should be limited per the prior protective order. This complaint ignores that the filing of a bankruptcy creates a situation where the assets of the estate should be fully explored. The concept of property of the estate is quite broad and includes claims of the estate[1]. At issue in the New York courts was the question of fraudulent transfers executed by Orly Genger in favor of her father and his creditors. The Second Circuit and other courts have held that Orly had a claim to the proceeds of the shares which she monentized. Those proceeds include two notes totaling $15 million made payable to Herschmann's law partner, which are directly at issue.

5. In recent years, the Debtor granted liens and security interests in all her assets to her husband and father liens, which appear to be related to documents that were back-dated by the Debtor, her father and her husband. The facts concerning these transactions are of interest to every creditor and party-in-interest in this Chapter 7 case.

6. Section 107 of the Bankruptcy Code sets out the a few very narrow exceptions to the public's right to information concerning a bankruptcy. Those exceptions can be boiled down

---

[1] Without doubt, a debtor's honest and full disclosure is "'essential to the administration of the bankruptcy estate.'" *Roudebush v. Sharp (In re Sharp)*, 244 B.R. 889, 891 (Bankr.E.D.Mich.2000) (quoting *Cohen v. McElroy (In re McElroy)*, 229 B.R. 483, 488 (Bankr.M.D.Fla.1998)). "'The integrity of the entire bankruptcy system rests upon full and honest disclosure by debtors of all of their assets.'" *In re Walker*, 323 B.R. 188, 198 (Bankr.S.D.Tex.2005) (quoting *Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y.1996)); *see Schechter v. Hansen (In re Hansen)*, 325 B.R. 746, 757 (Bankr.N.D.Ill.2005) (noting that "'the very integrity of the bankruptcy court and the successful administration of the bankruptcy system rest upon compliance with the debtor's obligation of disclosure'") (quoting *Urological Group, Ltd. v. Petersen (In re Petersen)*, 296 B.R. 766, 790 (Bankr.C.D.Ill.2003)). To that extent, a debtor "who comes to the bankruptcy court must come clean, make full disclosure of all information relevant to the administration, and must fully cooperate with the trustee." *U.S. Tr. v. Gardner (In re Gardner)*, 344 B.R. 663, 667 (Bankr.M.D.Fla.2006) (citing *Kentile Floors, Inc. v. Winham*, 440 F.2d 1128 (9th Cir. 1971); *N. Trust Co. v. GTarman (In re Garman)*, 643 F.2d 1252 (7th Cir. 1980)); *see also In re Wimpee*, 343 B.R. 845, 849 (Bankr.W.D.Ky.2006) ("[T]he protection provided by the Bankruptcy Code was intended to aid the 'honest but unfortunate debtor.' *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). As such, this [c]ourt expects debtors who seek such protection to deal with this [c]ourt, the [t]rustee, and all creditors with all candor."; *U.S. Tr. v. Halishak (In re Halishak)*, 337 B.R. 620, 624 (Bankr.N.D.Ohio 2005) (noting that "in exchange for receiving the benefits of a bankruptcy discharge, debtors are expected to fully, honestly and unconditionally cooperate with the bankruptcy process").

to a) trade secrets; b) scandalous material; or c) personal information that, if revealed, would cause injury (like personal identifying information). Mere embarrassment at the involvement in a Debtor's finances is not a ground for protection.

7. Sagi Genger does not seek scandalous photos, trade secrets, or personal identifying information; instead Sagi Genger seeks, among other things:

- Documents relating to why a promissory note payable by the Debtor to her husband was back-dated.

- Documents relating to why a promissory note payable by Debtor to her father was back-dated (and why copies of prior notes, if they existed, were destroyed).

- Documents relating to why proceeds of stock to which Debtor monetized her interests were diverted to a litigation trust for the benefit of her father's creditors.

- Documents relating to why notes to Debtor are now payable to Herschmann's law partner.

These types of documents are not confidential and do not fall within the exceptions shown in section 107. They relate directly to property of the estate. All parties are entitled to this information in a bankruptcy.

8. The Protective Order entered in the Southern District of New York has been used to argue by Herschmann's counsel that the Chapter 7 Trustee in this case should not be shown documents directly relevant to the fraudulent transfers in New York. Recently, Kasowitz opposed discovery with respect to Sagi's Motion to Dismiss or Transfer Venue in the District Court action pending in New York. A true and correct copy of the Notice and Memorandum of Law in Support of Non-Party Creditor KBT's Motion to Quash Subpoena, *In re Orly Genger*, Case No. 19-mc-459, in the United States District Court for the Southern District of New York (underlying Case No. from U.S. Bankruptcy Court for the Western District of Texas: 19-bk-10926-TMD), from

Kasowitz in response to discovery is attached hereto as **Exhibit A.** The Motion to Quash Subpoena has since been moved back to this Bankruptcy Court by agreement of counsel.

9. Sagi's counsel has tried to resolve outstanding discovery requests with all parties. Counsel to Sagi emailed all counsel for available dates for deposition. No counsel responded except for Eric Taube, Debtor's counsel, stating that the Debtor would be in Israel until October 29-30, 2019 and would, therefore, be unavailable for deposition through that time. Sagi's counsel is working with Mr. Taube to find agreed date for Orly Genger's deposition. Counsel for Arie Genger is also working with Sagi's counsel to identify documents that Arie Genger is willing to produce and an agreed date for Arie Genger's deposition.

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, we ask that Arie Genger's Expedited Motion for Protective Order be denied and for such further and other relief that Sagi Genger is justly entitled.

Dated: October 18, 2019                    Respectfully submitted,

By: */s/ Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Streusand Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9901 (Telephone)
(512) 236-9904 (Facsimile)
streusand@slollp.com

John Dellaportas (admitted *pro hac*)
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10280
(212) 238-3000 (Telephone)
jdellaportas@emmetmarvin.com
**COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 18, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Shelby A. Jordan
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401

    */s/ Sabrina L. Streusand*
    Sabrina L. Streusand