## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ORLY GENGER,** | § | **Case No. 19-10926-TMD** |
| *(Debtor)* | § | **Chapter 7** |

### MOTION FOR CONTINUANCE, TO CONSOLIDATE HEARINGS AND FOR ENTRY OF AN ORDER RELATED TO DISCOVERY

**TO THE HONORABLE TONY DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

Orly Genger, ("Debtor") files this Motion for Continuance, to Consolidate Hearings and for Entry of Order Related to Discovery (the "Motion") and would respectfully show the Court as follows:

1. Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on July 12, 2019. Ron Satija has been appointed the Chapter 7 Trustee ("Trustee").

2. The meeting of creditors was conducted on August 15, 2019 and has been concluded.

3. On September 9, 2019, Sagi Genger, Debtor's brother, ("Sagi") who she has been in litigation with for over a decade, filed a Motion to Dismiss or Alternative to Transfer Venue [Doc #32] (the "Motion to Dismiss"). The Motion to Dismiss was filed by Sagi without negative notice language required under Local Rule 9014. As a consequence, Debtor will file a response in opposition to the Motion to Dismiss, even though pursuant to Local Rule 9014(b)(1), no deadline for filing a responsive pleading currently exists. A hearing on the Motion to Dismiss has been set for October 30, 2019.

4. The Motion to Dismiss consists of 27 pages, and multiple "exhibits" (from A to GG) including portions of documents, transcripts and briefs filed by parties in various phases of

multifarious litigation between multiple parties and 23 paragraphs of alleged "Background", virtually all of which are irrelevant to the merits of a motion to dismiss.

5. On September 25, 2019, Sagi filed an Expedited Motion to Show Cause (the "Show Cause Motion") [Doc # 42]. The Show Cause Motion was premised upon the existence of a hearing in the litigation pending in New York state court scheduled to occur on October 16, 2019 (para 2), seeks the disqualification of Kasowitz Benson Torres, LLP ("KBT") from representing the Trustee in any manner, and specifically requests that the Court "direct the Trustee to seek other counsel ..." (Show Cause Motion, para 23). The New York hearing scheduled for October 16, 2019, which is the fulcrum for the Show Cause Motion, is no longer scheduled and the matter at issue in that now-canceled hearing is now moot.

6. On September 27, 2019, The Trustee filed his Application Under Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019 to Approve Compromise [Docket #52] (the "9019 Motion", and on October 1, 2019 his Application to Employ Special Counsel, Kasowitz Benson Torres LLP [Doc #59] (the "KBT Application"). The 9019 Motion, among other things resolves a number of matters between various parties involved in this Chapter 7 case, and specifically contemplates the retention of KBT as special counsel for the Trustee on a contingency fee basis to pursue various claims, including claims against persons and entities affiliated with Sagi. KBT's retention on the stated terms is an integral part of the 9019 Motion and KBT's agreement to represent the Trustee is contingent upon approval of the 9019 Motion. The issues in the 9019 Motion directly impact and involve the facts and circumstances raised in the Motion to Dismiss, the Show Cause Motion, and the KBT Application.

7. Sagi, and entities affiliated with Sagi, including Dalia Genger, Debtor's mother, and D&K GP, LLC and TPR Investment Associates, Inc. (the "Dalia Parties") have issued (but

not properly served) – and without prior consultation with any counsel - multiple subpoenas for depositions related to the contested matters described above requesting broad ranges of document production with less than 30 days' notice on a number of persons and entities. Counsel is aware of only some of these depositions notices because many of them have not been served on counsel for the Debtor. Such notices have generated at two least motions to quash and for protective order filed by the Trustee [Docket #59] and the Debtor [Docket #62].

8. Since the filing of the Motion to Dismiss, Sagi and his counsel have accused the Debtor - and others - of committing bankruptcy fraud and other criminal misdeeds in communications to the Trustee and others. These baseless allegations accuse numerous law firms, attorneys and others of being involved in some type of massive multi-jurisdictional conspiracy designed to frustrate Sagi's claims. Parties will address these baseless allegations in their opposition papers.

9. Counsel for the Debtor and certain other parties has requested that counsel for Sagi and the Dalia Parties work cooperatively to organize and conduct discovery, limit discovery to issues that are actually relevant to the contested matters that are pending, but has been unsuccessful in obtaining even their consent to schedule discovery by agreement or even to accept service on behalf of their clients.

10. Given the sweeping breadth of the allegations contained in the Motion to Dismiss, which attempts to incorporate years of litigation - relevant or not- the facts and legal issues of the pending motions are inter-related and should be consolidated in to a single evidentiary hearing. Moreover, and in order to avoid the necessity of having to move repeatedly to quash or to seek protection from Rambo-like overbroad and harassing discovery promulgated in a manner inconsistent with the Bankruptcy Rules and the Federal Rules of Civil Procedure, Debtor requests

that hearing on the following motions be consolidated and continued until sometime in late November or December: (1) the Motion to Dismiss; (2) the 9019 Motion; (3) the Show Cause Motion; and (4) the KBT Application, and enter a scheduling order which provides a date for pleadings and briefing to be filed, the method for obtaining discovery, sets limits on the scope of discovery, and requires the cooperation of counsel in establishing dates for conducting discovery related to the consolidated hearings.

WHEREFORE, Debtor respectfully requests that the Motion to Dismiss be continued and consolidated with the 9019 Motion, the Show Cause Motion and the KBT Application, and that a scheduling order be entered setting limits and a method for obtaining discovery related to these contested matters. Debtor requests such other and further relief as may be just and proper.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ *Eric J. Taube*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
eric.taube@wallerlaw.com
mark.taylor@wallerlaw.com

COUNSEL FOR DEBTOR

## CERTIFICATE OF CONFERENCE

I hereby certify that I have discussed the content of this Motion with counsel for the Trustee who is unopposed, counsel for Eric Herschmann, KBT and counsel for Arie Genger, who all agree to the relief requested. I further certify that I have discussed the relief requested with counsel for Sagi Genger and counsel for Dalia Genger, D&K GP, LLC, and TPR Investments Associates, Inc., who have opposed the relief requested.

/s/ Eric J. Taube
Eric Taube

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the parties listed on the attached Service List via the Court's ECF e-mail notification and via United States First Class Mail on October 18, 2019:

/s/ Eric J. Taube
Eric Taube

# SERVICE LIST

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Arie Genger
17001 Collins Ave.
Apt. 2805
Sunny Isles, FL 33160

Kasowitz, Benson, Torres LLP
Attn: Matthew Stein, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

D&K GP LLC
c/o Ira Tokayer, Esq.
420 Lexington Ave.
New York, NY 10170

Dalia Genger
200 E. 65th St. 32w
New York, NY 10021

Markel Surety
c/o Suretec Insurance Company
5555 Garden Grove Blvd., Suite 275
Westminster, CT 92687

Orly Genger 1993 Trust
c/o Michael Oldner
86 Pleasant Valley Dr., #16
Little Rock, AK 72227

TPR Investment Associates Inc.
c/o John Dellaportas
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

US Trustee
903 San Jacinto, Ste. 230
Austin, TX 87701-2450

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

Ron Satija, Trustee
P.O. Box 660208
Austin, TX 78766-7208

## PARTIES REQUESTING NOTICE

Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Deborah D. Williamson
Danielle N. Rushing
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, TX 75201

Ryan B. DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202

Sabrina L. Streusand
Streusand, Landon, Ozburn &
 Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746

Jay H. Ong, Esq.
Munsch Hardt Kopf & Harr, P.C.
303 Colorado Street, Suite 2600
Austin, TX 78701

035547-86267/4843-6541-2765.1