# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ORLY GENGER, in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership),

    Plaintiff,

- against -

DALIA GENGER, SAGI GENGER, LEAH FANG, D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC.,

    Defendants.

Index No.: 109749/09

Hon. Barbara Jaffe

Motion Sequence No. 65

## MEMORANDUM OF LAW IN SUPPORT OF THE BANKRUPTCY TRUSTEE'S MOTION TO REARGUE AND SEVER THE CLAIM AGAINST DALIA GENGER

Ron Satija, as Trustee of the estate created by the Chapter 7 bankruptcy of Orly Genger pending in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Trustee" or "Trustee"), by and through undersigned counsel, submits this memorandum of law in support of the Bankruptcy Trustee's motion by order to show cause (1) to reargue and rescind the Court's August 9, 2019 Order (NYSCEF Doc. No. 1635) (the "Order"), which mistakenly dismissed this action in its entirety despite the fact that plaintiff's fraud claim against defendant Dalia Genger ("Dalia") has not yet been adjudicated or otherwise disposed and (2) to sever plaintiff's cause of action against Dalia so that this fraud claim against that defendant may be adjudicated, upon removal, in the federal bankruptcy proceeding.[1]

---

[1] Submitted herewith is the Affirmation of Andrew R. Kurland, dated September 16, 2019 (the "Kurland Affirm."). The exhibits referenced herein are attached to the Kurland Affirm.

## PRELIMINARY STATEMENT

This is the second time the Court has dismissed this action in its entirety by overlooking the still-pending unadjudicated claim against Dalia. The last time, the Court reinstated the action as a clerical matter after Orly brought the oversight to the Court's attention. *See* NYSCEF Doc. Nos. 1586-87. This time, plaintiff Orly Genger cannot act on her own because, in the meantime, she filed for bankruptcy before the United States Bankruptcy Court for the Western District of Texas. Upon learning that the entire action had been disposed, including Orly's fraud claim against Dalia – which both Dalia and the Appellate Division agree is still pending – the Bankruptcy Trustee in that proceeding retained the undersigned counsel for purposes of seeking the relief sought herein. *See* Kurland Affirm. Ex. A (Trustee Ron Satija Letter dated Sept. 16, 2019).

Because the remaining fraud claim in this action against Dalia (the Fourth Cause of Action in the operative complaint) is a potential asset of Orly's bankruptcy estate and the Order dismissing the action in its entirety overlooked the still-pending and undecided claim against Dalia, the Trustee requests that the Court grant reargument to rescind the Order and reinstate that claim. Further, the Trustee seeks an order severing this claim so that, upon removal, the claim may be transferred to the Bankruptcy Court despite and during the pendency of the New York appeals on the other claims.

### I.     Reargument of the Order is Warranted

A motion to reargue shall be "based upon matters of fact or law allegedly overlooked or misapprehended by the court," and is timely made within thirty days after notice of entry of the order at issue. CPLR 2221(d). Here, this motion is timely because Sagi filed the notice of entry of the Order on August 16, 2019. On the merits, re-argument is warranted because, when the Court ordered the action to be disposed in its entirety, the Court overlooked the fact that the claim against Dalia has not been decided on the merits or otherwise disposed.

On August 9, 2019, the Court entered the Order which directed the Clerk of the Court to mark this action as disposed. A true and correct copy of the Order is attached to the Kurland Affirm. as Exhibit B. The Order states, in full:

> As this matter was disposed of on June 6, 2019, the Clerk is hereby ORDERED to mark this action as disposed.

Ex. B. The Order refers to the Court's Decision and Order, dated June 6, 2019, on Motion Sequence No. 64 (NYSCEF Doc. No. 1630), which is plaintiff's motion to reargue and to renew an earlier decision of Court concerning the amount of damages plaintiff is entitled to on the separate claims against Sagi Genger, TPR Investment Associates, Inc., and D&K GP LLC, which are set forth as the First, Seventh, and Eighth Causes of Action in the pleadings. Plaintiff prevailed on those claims on summary judgment in 2016, as unanimously affirmed by the Appellate Division. *Orly Genger v. Dalia Genger*, 2016 WL 1407903 (Sup. Ct. Apr. 8, 2016), *aff'd* 147 A.D.3d 443 (1st Dep't 2017).

Neither the June 6, 2019 order concerning damages nor the 2016 decision awarding plaintiff summary judgment determined Orly's fraud claim against Dalia, which was set forth as a separate cause of action (the Fourth Cause of Action). The 2016 decision and the June 6 Order did not involve, much less decide, the Fourth Cause of Action.

Dalia herself has acknowledged that this claim against her is outstanding and yet to be decided. In an appeal involving a prejudgment attachment in this action, Dalia argued, and the Appellate Division ruled, that plaintiff's showing of likelihood of success on the merits of the claims as against defendants Sagi Genger, D&K GP LLC and TPR Investment Associates, Inc. was separate from and did not involve the still pending claim for fraud as against Dalia. *See* Kurland Affirm. Ex. C (Dalia App. Br. at 10) and Ex. D at 41-43 (Appellate Division decision, noting the

still-pending "claim in this action that seeks a money judgment against Dalia ... is the fourth, for fraud").

Because this claim has not yet been adjudicated – nor has Orly had a full and fair opportunity to be heard on this claim – dismissal of the claim in directing the clerk of court to dispose of the action in its entirety is clear error. Because the claim against Dalia was overlooked, re-argument should be granted pursuant to CPLR 2221(d) and upon reconsideration the Order as to the Fourth Cause of Action should be rescinded.

## II. The Fraud Claim Against Dalia Should Be Severed

Severance is also warranted here. Section 603 of the CPLR provides: "In furtherance of convenience or to avoid prejudice, the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." Severance of the claim against Dalia, while the other claims in this action are pending appeal, best serves judicial economy and the convenience of the parties, as well as the bankruptcy estate, and will avoid prejudice to the parties.

The fraud claim is separate from the other claims, which involve separate defendants. Those other claims have already been decided on their merits and an appeal concerning the decision on those claims is pending. The outcome of the appeal on those separate claims will have no impact on the claim against Dalia, which should proceed independently.

Moreover, severing the fraud claim against Dalia will facilitate the efficient adjudication of this remaining claim. Severance will enable the adjudication of this claim to move forward despite the pending appeal. It will also facilitate removal of this portion of the action to the Bankruptcy Court. It is in the best interests of the bankruptcy estate and its creditors to resolve this remaining claim expeditiously and in a forum that involves those creditors. *See* Ex. A. Severance and removal, moreover, best serves the interests of judicial economy. The Trustee intends to

consolidate Orly's multiple claims against Dalia in one proceeding, including Orly's pending Surrogate's Court claims against Dalia for breach of fiduciary duty and removal as trustee of the Orly Genger 1993 Trust. Such consolidation is obviously more efficient than the parties continuing to pursue the various claims against Dalia in disparate courts in piecemeal fashion.

Finally, removal will obviously be convenient for the Court, which may then dispose of the action in its entirety pending decision on the appeal on the other claims.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Trustee respectfully requests that this Court grant the motion to reargue and direct the clerk to revive the action, and then sever the fraud claim against Dalia so that it can be separately pursued.


Dated:   New York, New York
         September 16, 2019

                                            /s/ Michael Paul Bowen
                                            Michael Paul Bowen