IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 7 |
| ORLY GENGER, § | |
| § | CASE NO. 19-10926-TMD |
| Debtor. § | |

**SAGI GENGER'S RESPONSE TO CREDITOR ARIE GENGER'S
EXPEDITED MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE TONY M. DAVIS:

Sagi Genger ("Sagi") files this Response to Creditor Arie Genger's Expedited Motion for Protective Order [Doc. No. 76] and in support thereof states as follows:

## I. FACTS

**A. Brief Overview – The Debtor and Her Insiders**

1. This Chapter 7 case was filed on the cusp of a decision by the Federal District Judge in New York regarding the fraudulent transfers by this Debtor to a group of her insiders including her father, Arie Genger ("Arie"), her father's creditors, the Brosers ("Brosers"), her husband, Eric Herschmann ("Herschmann"), and her husband's law firm, Kasowitz Benson Torres LLP ("Kasowitz"). The Civil Action 17-CV-8181 (VSB) (DCF), *Genger v. Genger*, in the United States District Court for the Southern District of New York (the "Fraudulent Transfer Complaint") has been pending for over two years (previously as a complaint for damages resulting in judgment against Debtor). The Debtor, using Kasowitz, had sought an extension of her responsive briefing deadline in the Southern District of New York, and then, instead of filing a responsive pleading, she filed her Chapter 7 case in Austin, Texas. This is simply an attempt by a very solvent Debtor to forum shop. The Debtor has not disclosed in her schedules or her statement of affairs the true nature of her assets including notes equaling $15 million held by

Kasowitz. Debtor contracted to have the note's proceeds deposited with Kasowitz as escrow agent to be disbursed pursuant to her and her father's joint instruction. The Chapter 7 filing by Orly Genger ("Orly" or the "Debtor") comes after of litigation that resulted in findings by the Southern District of New York that Debtor "monetized" her trust assets in 2014 for $32 million. Part of that $32 million is the $15 million discussed above.

2. These decisions include a final determination that Arie's interest in the TRI stock was forfeited by him as a result of his own "perfidy". *TR Investors, et al. v. Arie Genger*, 2010 WL 2901704 at *18 (Del. Chancery 2010); *Genger v. Genger*, 121 A.D.3d 270, 990 N.Y.S.2d 498 (2014)[1].

3. There was a four (4) hour hearing on the scope of discovery in front of Judge Debra C. Freeman, the U.S. Magistrate Judge for the United States District Court for the Southern District of New York in the Fraudulent Transaction Action. Many of the documents sought herein in discovery, Judge Freeman stated needed to be produced, and they have not been produced. All parties, including Arie, were represented by counsel at that hearing.

4. In this Chapter 7 case, the Debtor's assets, her liabilities and her fraudulent transfers are directly at issue. These include the transfer of over $17 million and $15 million of notes now held by her husband's law firm but over which she shares signatory power with her father, Arie. The existence of Escrow Agreement that governs the $15 million in notes was denied. Kasowitz and David Broser testified that no such agreement existed. Debtor testified

---

[1] "The Vice Chancellor granted the Trump Group's motion and re-opened the case."
> After conducting a trial …the trial court concluded that (Arie) had violated, and was in contempt of, the Status Quo Order, (for) deletion of files stored on his work computer at (TRI) (further finding) … that after deleting those computer files, (Arie) directed an employee to use special software that 'wiped' the unallocated free space on both his computer's hard drive and on a (TRI) computer server (making) it impossible, even by use of computer forensic techniques, to recover any deleted files that were stored in those computers' unallocated free space.

[*Id.* Del Sup 2011 at 188]. Among numerous sanctions, "… the trial court awarded the Trump Group $750,000 of the attorneys' fees (and the parties) later agreed that (Arie) would pay an additional $3.2 million fee to the Trump Group, an amount that the court also awarded." [*Id.* Del Sup 2011 at 188].

both in person and in interrogatories co-signed by Kasowitz that no agreement existed reflecting th terms of the Escrow Agreement and professed ignorance of its terms. All three, Kasowitz, Broser, and Debtor are signatories to the Escrow Agreement.

5. The documents on which Sagi seeks discovery are directly relevant to the Chapter 7 bankruptcy case before this Court in regards to the Motion to Dismiss the Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support [Doc. 32] (the "Motion to Dismiss"), the Trustee's Application Under Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019 to Approve Compromise [Doc. 52] (the "9019 Application") and as part of the overall administration of the Chapter 7 estate.

**B. There is No Need for a Protective Order in the Chapter 7 Proceeding**

6. To understand the background for Arie's conduct and the promissory notes that are allegedly owed to Arie from his daughter, the Debtor, the discovery to date has established the following:

    a. The Promissory Note in the amount of $5,372,324.73 from the Debtor to Arie dated December 31, 2016 (the "Promissory Note") purports to consolidate ten (10) prior promissory notes from 2007 to 2016.

    b. According to Arie, no form of the prior notes exist and copies or drafts of the prior notes cannot be found with the lawyers that prepared the prior notes because they were "destroyed" when the Promissory Note was consolidated in "2016." Demands for emails that refer to those promissory notes have yielded nothing.

    c. Metadata from Stein & Harris, the law firm that prepared the sole Promissory Note, confirms that the Promissory Note was prepared well after the purported date of the Promissory Note of December 31, 2016. The final draft was

actually prepared no earlier than April 5, 2018. (**Exhibit A** attached hereto and incorporated herein is the metadata from Stein & Harris, along with the lawyer's, Lance G. Harris', testimony regarding the metadata.)

d. Moreover, the accounting records support the contention that the ten promissory notes never existed. It would appear that as late as **November 2015**, Arie's and Debtor's accountant, Mr. Fisher, did not have a final number for annual "loans" dating back to 2007. The first record the accountant has which ties to the recitations in the Promissory Note appears to be in July 2017. To put it bluntly, it appears Debtor executed a promissory note no earlier than 2018 purporting to be a document from 2016 that falsely states that it consolidates ten previous promissory notes going back to 2007.

e. In addition, paragraph 19 of the Promissory Note references that the Note and lien are subordinated to the Eric Herschman's purported debt of $2 million as the Senior Note. The Subordination Agreement is also dated December 31, 2016. Obviously, the subordination agreement was not executed before the subordinated instrument came into existence. Metadata from Kasowitz attached hereto confirms that the Subordination Agreement was also back-dated. (**Exhibit B** is that metadata, which is attached hereto and incorporated herein.)

f. In addition, the UCC-1 purporting to secure the Promissory Note was filed on August 3, 2018, after Debtor lost in the Southern District of New York. (See **Exhibit C**, a true and correct copy of the UCC-1 filed by Arie against the Debtor, which is attached hereto and incorporated herein.)

7. The idea that the Note is an obligation of the Debtor's Chapter 7 estate (scheduled in the amount of $5,451,389.27) and purports to encumber the assets of the Debtor is directly at

issue with respect to the Motion to Dismiss, the 9019 Application, and the general administration of the estate. Therefore, Sagi has sought any documents related to these transactions, which Arie and Orly Genger assert began in 2007 and culminate in the Promissory Note, the Subordination Agreement, and related security agreement and UCC-1s.

**C. Respondent Has Attempted to Resolve Discovery Disputes Over Several Phone Conferences**

8. John Dellaportas and Sabrina Streusand have both conferred with Deborah Williamson and Aaron Kaufman, Arie's counsel, to attempt to resolve the disputes with respect to discovery.

9. Given this background, Respondent suggests that discovery regarding the Promissory Note and related documents the time periods for production should include those that the purported loans were allegedly incurred to the present. With respect to all other discovery requests, Respondent agrees that the request would be limited to in terms of time period to 2012, the alleged date of the Escrow Agreement, to the present.

10. In response to the request by Arie Genger for a Protective Order, Respondent would agree to keep his documents confidential as long as they can be shared with the parties to the Motions pending before the Court in this Chapter 7 case and in other actions to enforce Sagi's judgment. The documents sought from all parties are directly related to the administration of the estate.

11. As we have stated to counsel for Arie previously, for the document production request, if documents have already been produced there is no need to "reproduce" anything as long as there is no objection to authenticity.

12. Further, to the extent Arie or others fail to produce a document demanded, it

should preclude additional responsive documents from use at trial. For example, to the extent Arie produces no prior notes backing up the Promissory Note, and referenced therein, he may not later proffer documents purporting to be those notes.

## II. PRAYER

WHEREFORE, PREMISES CONSIDERED, we ask that Arie Genger's Expedited Motion for Protective Order be denied and for such further and other relief that Sagi Genger is justly entitled.

Dated: October 18, 2019

                                        Respectfully submitted,

                                        By: */s/ Sabrina L. Streusand*
                                               Sabrina L. Streusand
                                               State Bar No. 11701700
                                               Streusand Landon, Ozburn & Lemmon, LLP
                                               1801 S. MoPac Expressway, Suite 320
                                               Austin, Texas 78746
                                               (512) 236-9901 (Telephone)
                                               (512) 236-9904 (Facsimile)
                                               streusand@slollp.com

                                               John Dellaportas (admitted *pro hac*)
                                               Emmet, Marvin & Martin, LLP
                                               120 Broadway
                                               New York, New York 10280
                                               (212) 238-3000 (Telephone)
                                               jdellaportas@emmetmarvin.com

                                               **COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Shelby A. Jordan
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401

*/s/ Sabrina L. Streusand*
Sabrina L. Streusand