# EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
—
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(302) 651-3070
DIRECT FAX
(302) 434-3070
EMAIL ADDRESS
THOMAS.ALLINGHMAN@SKADDEN.COM

June 28, 2013

**BY EFILING AND ELECTRONIC MAIL**

The Honorable Barbara Jaffe
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, New York 10007

        RE:   *Genger, et al. v. Genger, et al.*,
                Index No. 651089/2010

Dear Justice Jaffe:

      I write on behalf of the parties to the settlement agreement that was submitted in camera to Your Honor yesterday, including Arie and Orly Genger and my clients, the Trump Group. A material term of the agreement among the settling parties was the dismissal of *all* claims presently pending against one another, in whatever capacity they were brought. Certain of Orly Genger's claims against the Trump Group in this action have been held by Justice Feinman to be derivative in nature, brought by Orly on behalf of the Orly Genger 1993 Trust. (As I said on the call with the Court yesterday, the Trump Group argued that Orly lacked standing to bring such claims on behalf of the Orly Genger 1993 Trust, but Justice Feinman rejected our arguments.) The language that was drafted during yesterday's conference call as a potential "fix" for the issues raised by Mr. Dellaportas – that "nothing contained [in the Order] shall in any way affect any derivative claims presently before the Court" -- would have the effect of *not* dismissing Orly Genger's derivative claims against the Trump Group, contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not what the Trump Group bargained and paid for in the settlement, and as a consequence we cannot stipulate to the entry of an order that includes such carve-out language. (I apologize to the Court for not having affirmatively objected to this language during yesterday's call; though

I did express concern about drafting language by committee on the telephone, I needed to compare the terms of our settlement agreement to the proposed language before the conflict between the two became apparent to me.)

      The Second Amended Stipulation and Order of Discontinuance with Prejudice (Docket No. 471) (the "Stipulation and Order") that Ms. Wachtler previously submitted was intended to reflect the agreement of the settling parties regarding dismissal of *all* claims they have against one another and was agreed to by all of the parties to that stipulation and order. The Trump Group cannot support or stipulate to an order that does not effect a dismissal of all claims that the members of the AG Group, including Orly Genger, have pending against my clients, and none of the parties ever intended for the Trump Group to do that. For these reasons, we (and all the settling parties) respectfully request that the Court enter the Stipulation and Order previously submitted to the Court. Of course, nothing in the Stipulation and Order precludes the Orly Trust from commencing a lawsuit for claims it may have against any dismissed party or from pursuing claims in the action titled *Dalia Genger, as trustee of the Orly Genger 1993 Trust, v. TR Investors, LLC, et al.*, C.A. No. 6906-CS (Del. Ch.).

      I am, of course, available at the Court's call should the Court have any questions concerning this matter.

      Respectfully,

      */s/ Thomas J. Allingham II*

      Thomas J. Allingham II

cc:    All Counsel of Record (by eFiling and Electronic Mail)