# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 7** |
| **ORLY GENGER,** | § | |
| | § | **CASE NO. 19-10926-TMD** |
| Debtor. | § | |

## CORRECTED

**DALIA GENGER'S AND D&K GP LLC, RESPONSE/OBJECTION TO DEBTOR'S MOTION FOR CONTINUANCE, TO CONSOLIDATE HEARINGS AND FOR ENTRY OF AN ORDER RELATED TO DISCOVERY [DOCKET NO. 106] AND MOTION FOR EXPEDITED HEARING ON DEBTOR'S MOTION FOR CONTINUANCE AND FOR ENTRY OF AN ORDER RELATED TO DISCOVERY [DOCKET NO. 107]**
**[Related Dkt No. 118]**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE

Dalia Genger and D&K GP LLC (collectively "Dalia"), by and through their counsel, files this Response and Objection (the "Response/Objection") to the Debtor's Motion for Continuance, to Consolidate Hearings and for Entry of an Order Related to Discovery [Dkt. No. 106] and Motion for Expedited Hearing on Debtor's Motion for Continuance and for Entry of an Order Related to Discovery [Dkt. No. 107] (the "Motions") and in support of this Response/Objection, Dalia respectfully represents:

## I.    BACKGROUND AND ARGUMENT

1.      Debtor's Motions contain many inaccuracies concerning the nineteen (19) years of litigation, most of it decided, in New York and Delaware courts.  The fact is that those nineteen (19) years of litigation cannot and should not be re-litigated in this court.   Dalia incorporates herein by reference the Omnibus Statement of Background Facts [Dkt. No. 112] in response to the inaccuracies of the litigation history of this family and insider disputes.

2.     Debtor did not consult with Dalia prior to filing the Motions.  The Certificate of Conference on the Motion for Expedited Hearing on Debtor's Motion for Continuance and for Entry of an Order Related to Discovery ("Motion to Expedite") appears to state that counsel for Dalia was consulted and opposes the Motion to Expedite, although several emails were circulated between counsel Michael Bowen and copied to Dalia's counsel, regarding a proposed continuance and the timing.

3.     In fact, Sagi approached Debtor, the Trustee, and Dalia regarding a rationalization of the hearing schedule.  (See, email between Sabrina Streusand and Michael Bowen dated October 17, 2019).  Sagi basically proposed, and Dalia agreed:

- That the parties meet in person the morning of October 23 to resolve any remaining discovery issues and to determine a proper discovery schedule.

- That the parties request that the October 23 setting be used as a status conference.

- That the parties agree to ask the Court to hear Judgment Creditor Sagi Genger's Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support [Dkt. No. 32] (the "Motion to Dismiss") before any other motions or discovery takes place.  The hearing on the Motion to Dismiss is to take place on special setting that is scheduled for Thursday, October 31, 2019 at 9:00 a.m.

- That the hearing on the Motion to Show Cause regarding Kasowitz's retention and the Trustee's Application for Retention of Kasowitz Benson Torres LLP as Attorneys for a Special Purpose Pursuant to 11 U.S.C. §327(d) would be heard at a later time, if necessary, after the Motion to Dismiss is heard.

- That the pending 9019 would likewise be considered after the Motion to Dismiss.

4.      Until only minutes prior to this correction, the Chapter 7 Trustee and Dalia indicated agreement with this proposal.  Sagi then made the proposal to all remaining parties. Instead of replying and without consultation, Debtor filed its motion to continue everything.

5.      Dalia, as the target of Kasowitz's pre-retention efforts on behalf of the Trustee,  has sought to bring, continue, or remove actions involving Dalia that had already been adjudicated (they have filed three motions in two courts), it is reasonable and efficient that the Motion to Dismiss should be considered first before unnecessary litigation is further pursued, in particular the administrative costs and expenses related to such efforts.  There are a wide variety of complex issues which need to be addressed that will require a review of a substantial evidence regarding this filing and its purpose.  Accordingly, the motion to dismiss should be heard alone with an opportunity for the Court to give it full consideration.

6.      After that has occurred on October 31, Dalia believes the Court will be in a better position to make scheduling decisions on the remaining motions, as the case may be.

7.      Parties should properly consult regarding the discovery issues.  If the case should be dismissed or proceed elsewhere, it does not make administrative sense or judicial efficiency to conduct discovery and hearings on the other matters.

8.      Dalia Genger and D&K GP LLC respectfully requests that the Court convert the pending October 23 hearing to a status conference.

## II.    PRAYER

WHEREFORE, Dalia Genger and D&K GP LLC respectfully requests that the hearings remain on the Court's docket as currently scheduled, or, alternatively, convert the October 23 hearing to a status conference, and grant such other and further relief as this Court may deem just and proper.

Dated:  October 18, 2019.

Respectfully submitted,

  /s/ *Shelby A. Jordan*
Shelby A. Jordan
Texas Bar No. 11016700
**JORDAN HOLZER & ORTIZ, P.C.**
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401
Telephone:  (361) 884-5678
Facsimile: (361) 888-5555
sjordan@jhwclaw.com
**ATTORNEYS FOR DALIA GENGER AND  D&K GP LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 18th day of October 2019 upon the parties listed in the attached service list and via ECF notification.

  /s/ *Shelby A. Jordan*
Shelby A. Jordan

**Via ECF**
United States Trustee – AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

**Via ECF**
c/o Trustee Ron Satija
Brian Talbot Cumings
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2700
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah N. Williamson
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

**Via ECF**
Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

**Via ECF**
Sagi Genger
c/o Sabrina Streusand & TPR Investment
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746

**Via ECF**
Eric J. Taube
Waller Lansden Dortch & Davis, LLC
100 Congress Ave, Suite 1800
Austin, Texas 78701

**Via ECF**
Thomas A. Pitta
Emmet, Marvin & Martin, LLP
120 Broadway
New York, NY 10271

**Via ECF**
The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

**Via ECF**
SureTec Insurance Co.
c/o Ryan Brent DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202

**Via ECF**
Ron Satija
P.O. Box 660208
Austin, TX 78766-7208