IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

**SAGI GENGER'S CONSOLIDATED RESPONSE/OBJECTION TO (A) DEBTOR'S MOTION FOR CONTINUANCE, TO CONSOLIDATE HEARINGS AND FOR ENTRY OF AN ORDER RELATED TO DISCOVERY [DOCKET NO. 106]; (B) MOTION FOR EXPEDITED HEARING ON DEBTOR'S MOTION FOR CONTINUANCE AND FOR ENTRY OF AN ORDER RELATED TO DISCOVERY [DOCKET NO. 107];
AND (C) MOTION FOR CONTINANCE OF SAGI GENGER'S
EXPEDITED MOTION TO SHOW CAUSE [DOCKET NO. 117]**

Judgment Creditor Sagi Genger ("Sagi"), by and through his counsel, files this Consolidated Response/Objection (the "Response/Objection") to (A) Debtor's Motion for Continuance, to Consolidate Hearings and for Entry of an Order Related to Discovery [Docket Nos. 106]; (B) Motion for Expedited Hearing on Debtor's Motion for Continuance and for Entry of an Order Related to Discovery [Docket No. 107]; and (C) Motion for Continuance of Sagi Genger's Expedited Motion to Show Cause [Docket No. 117] (the "Motions").

In support of this Response/Objection, Sagi respectfully represents:

**I. ARGUMENT**

1. Debtor's counsel failed to consult with Sagi or any non-aligned parties prior to filing the Motions. The Certificate of Conference on the Motion for Expedited Hearing on Debtor's Motion for Continuance and for Entry of an Order Related to Discovery ("Motion to Expedite") appears to state that counsel for Sagi was consulted and opposes the Motion to Expedite. No conference was ever even initiated, which is in violation of the local rules. In any event, Sagi opposes both motions.

2. Kasowitz continues to make appearances in multiple New York state and federal courts, purportedly on the Chapter 7 Trustee's behalf but without approval of this Court, causing significant harm to the estate. Expediency is still required.

3. The motions to be heard on October 23, 2019 have already been adjourned once. They are fully briefed. Further, the case has come to a standstill with the Trustee, Debtor, her husband (Eric Herschmann), her husband's law firm (Kasowitz Benson Torres LLP), and her father (Arie Genger) forming a wall of resistance to any and all discovery, collectively refusing to produce a single document, or sit for a single minute of testimony, all the while trying to rush through a 9019 "settlement" that denudes the estate of all assets and releases them from (indeed, rewards them for egregious acts of fraud).

4. If the Court does wish to reorder the motions, Sagi respectfully suggests that it would be reasonable and efficient for the Motion to Dismiss the Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support [Doc. 32] (the "Motion to Dismiss") to be considered first. In fact, Sagi approached the Debtor, the Trustee, and others regarding a rationalization of the hearing schedule. (See **Exhibit A**, email between Sabrina Streusand and Michael Bowen dated October 17, 2019, a true and correct copy of which is attached hereto and incorporated herein). Michael Bowen of the Kasowitz firm initially stated he would confer and revert back to us "asap" regarding the proposal. Instead of replying, and without consultation, the Debtor filed her motion to continue everything, and later the Kasowitz firm filed its Motion for Continuance of Sagi Genger's Expedited Motion to Show Cause.

5. The Debtor's proposal would be the worst of all possible worlds. As set forth more fully in Sagi's Motion to Dismiss, this is a bad faith bankruptcy filing designed solely to stop a fraudulent conveyance motion that was on the cusp of being resolved by the U.S. District

Court for the Southern District of New York.  That motion—which was premised on factual findings already adjudicated in that Court and twice affirmed by the U.S. Court of Appeals for the Second Circuit—would have restored upwards of $40 million to the Debtor's estate, paid off all the estate's creditors, and left everyone (other than the Debtor and the beneficiaries of her fraudulent transfers) better off.  We believe it makes eminent sense for this Court to hear the Motion to Dismiss first, as it may well obviate the need for the Court to hear anything else.

## II. PRAYER

WHEREFORE, Sagi respectfully requests that the hearings remain on the Court's docket as currently scheduled, and grant such other and further relief as this Court may deem just and proper.

Dated:  October 18, 2019

Respectfully submitted,

By: */s/ Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Streusand Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9901 (Telephone)
(512) 236-9904 (Facsimile)
streusand@slollp.com

and

John Dellaportas (admitted *pro hac*)
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10280
(212) 238-3000 (Telephone)
jdellaportas@emmetmarvin.com

**COUNSEL TO JUDGMENT CREDITOR SAGI GENGER**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 18, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701-2450

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric J. Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main St., Suite 4200
Dallas, TX 75201

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

SureTec Insurance Co.
c/o Clark Hill Strasburger
901 Main Street, #6000
Dallas, Texas 75202

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

Shelby A. Jordan
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401

                              */s/ Sabrina L. Streusand*
                              Sabrina L. Streusand