Exhibit B

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

MICHAEL PAUL BOWEN
DIRECT DIAL: (212) 506-1903
MBowen@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

September 30, 2019

<u>Via ECF and Hand Delivery</u>

Hon. Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007

Re: <u>Dalia Genger v. Sagi Genger</u>, 17-cv-8181-VSB-DCF

To the Hon. Freeman:

This is KBT and Orly's reply to the opposition letters submitted by Sagi and a third party (Doc. Nos. 226 and 225), both dated September 23, 2019, concerning our application to enforce this Court's Protective Order, and also Orly's response to Sagi's purported cross-motion included in his September 23 letter to de-designate a raft of confidential material.

Sagi's purported "cross-motion" is a violation of the automatic stay under the Bankruptcy Code, and must be therefore summarily denied. The code provides that no party – including Sagi – may seek relief against the debtor (in this case, Orly) by seeking adverse rulings even on procedural matters in any "proceeding." 11 U.S.C. § 362(a)(1). Courts have given this statutory automatic stay an expansive reading commensurate with the legislative purpose to bring all proceedings outside the bankruptcy proceeding to a halt to allow for the orderly administration of the bankruptcy and to alleviate the cost and other burdens of litigation on the debtor and her estate. *See S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) ("The automatic stay provision is intended 'to allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'") quoting *In re United States Lines*, 197 F.3d 631, 640 (2d Cir. 1999). By even making such a motion, Sagi should be severely penalized by the Bankruptcy Court. *See, e.g., In re Chateaugay Corp.*, 920 F.2d 183, 186 (2d Cir. 1990) (noting bankruptcy courts are empowered to impose sanctions against individuals for willful violations of the automatic stay).

In contrast, the enforcement of the Protective Order, sought by Orly, maintains the status quo and is permitted under the Bankruptcy Code. Sagi's suggestion that this Court's Order needs to be abrogated to facilitate the bankruptcy is belied by the Code and common sense. The declaration from Ron Satija, the court-appointed Chapter 7 trustee in the bankruptcy proceeding,

Exhibit 5