IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| ORLY GENGER, | § | |
| | § | CASE NO. 19-10926-TMD |
| Debtor. | § | |

**JOINDER OF DALIA GENGER IN
OBJECTION TO THE APPLICATION FOR RETENTION OF
KASOWITZ BENSON TORRES LLP AS ATTORNEYS FOR A
SPECIAL PURPOSE PURSUANT TO 11 U.S.C. SECTION 327(e)**
**[Relating to Dkt. No. 59 and 104]**

Dalia Genger and D&K GP, LLC, creditors and parties in interest in this bankruptcy case, files this JOINDER to the Objection (the "Objection") to the Application for Retention of Kasowitz Benson Torres LLP (the "Kasowitz Firm") as Attorneys for a Special Purpose Pursuant to 11 U.S.C. Section 327(e) (the "Application") [Dkt No. 104], and in support of the Objection, would show the Court as follows:

**I.
PRELIMINARY STATEMENT AND SUMMARY**

    **A.**    **Dalia's and D&K Joinder in the Objection to the Application to retain the Kasowitz Firm**

    1.    Dalia and D&K join in the Objection to the Application for Retention of the Kasowitz Firm as Attorneys for a Special Purpose Pursuant to 11 U.S.C. Section 327(e). This joinder is for all purposes of standing, appearance and participation at all hearings or proceedings dealing with the Application.

    **B.**    **Proceeding is Not a Waiver of Dalia's Rights to Obtain Needed Discovery But Expressly Subject Thereto**

    2.    This Joinder is without waiver of, and subject to the express reservation of the right to amend and supplement this Joinder based upon the Trustee, the Debtor and her insiders

Page 1

joint objections to allowing Dalia or D&K have access to documents designed by one or more of them as "confidential" in the pending Turnover Motion and litigation pending in the U.S. District Court for the Southern District of New York ("SDNY"), that seeks the recovery of $32.3 million plus interest in fraudulently transferred assets against non-debtor-insiders to this Debtor. [*See*, Response to Trustee's Motion to Quash Subpoena (Dkt. No. 123)].

**C.   Incorporation of Dalia's Omnibus Statement of Background Facts And Dalia's Objection to the Rule 9019 Motion to Approve Settlement and Objection to Discharge of the Debtor**

3. Dalia and D&K incorporate herein by reference the Omnibus Statement of Background Facts filed by Dalia [Dkt. No.112] as if fully set out herein verbatim. Additionally, Dalia and D&K incorporates herein their Objection to the Trustee's Rule 9019 Motion to Approve Settlement and Dalia's Objection to the Debtor's Discharge [Dkt. No.99].

**D.   This Chapter 7 Bankruptcy Case Has Been Filed, and is Being Prosecuted in Bad Faith as Evidenced By This Effort To Retain Conflicted Counsel**

4. The SDNY case has involved two years of work and supervision of factual and discovery disputes by the District Court, culminating in the District Court's order requiring the Debtor and these insiders to respond to Sagi's damming list of evidence and law establishing the fraudulent transfers. It was precisely to avoid this impending ruling by the District Court that the Debtor filed this Chapter 7 bankruptcy case.

5. Thus, instead of answering in the SDNY, this Court is being asked to enter orders dealing with or Settling and resolving the pending Turnover Motion District Court before Hon. Judge Forrest, and to do so over the objections of Dalia and without Dalia's access to documents these insiders unilaterally designated as "Confidential."

6. The Chapter 7 Trustee, Ron Satija ("Satija"), does not seek to employ special counsel to pursue the Chapter 7 estate's largest asset, which is the $32 million fraudulent transfer

lawsuit pending in New York. Instead he elects to hire the law firm that:

    a.    has served as counsel of record and advised on this fraudulent transfer issues now pending in New York, including the District Court, Southern District of New York before Hon. Judge Forrest, on the Turnover Motion; and

    b.    whose current partner holds as payee $15 million in notes reflecting fraudulently transferred funds; and

    c.    the Trustee agrees to the terms of a purported Settlement to abandon **_to another one of Kasowitz's partner's father-in-law, Arie Genger_** all claims to the $15 million fraudulent transfer, as well as all claims to the additional $17+ million paid in cash to Arie Genger as previously fraudulently transfer; and

    d.    agrees to give releases to all of the Insiders of the Debtor involved in the fraudulent transfers and their attorneys, *including the Kasowitz Firm*; and

    e.    agrees to be the Kasowitz' "stand-in Plaintiff" in pending and future litigation that is directed by Kasowitz and only against Dalia and Sagi Genger.

Remarkably, all of these agreements and commitments by the Trustee (by which all fraud-actors are released and $32 million of fraudulent transfers abandoned) are in exchange for a promise of up to $1 million *in the future* and a commitment by the Trustee to allow Kasowitz to direct the Trustee in bringing or pursuing litigation against Dalia Genger and Sagi Genger as the Kasowitz stand-in Plaintiff.

    7.    The Trustee has also made a deal with the husband of the Debtor, again a Kasowitz partner and insider, to forgo the Trustee's objection to the phony homestead claim of the Debtor to her 50% ownership in the penthouse at the "W" Hotel located Downtown Austin valued in excess of $3 million, for a payment of $200,000.00 (or 12% of the Debtor's ownership

value).

8.     Kasowitz Firm and the Kasowitz's interests as insiders to this Debtor are directly adverse to the Chapter 7 estate, as they have worked to frustrate the creditors of the estate by actively engaging in fraudulent conduct to aid the Debtor in shifting assets away from creditors of the estate, principally the obligations owed to the Debtor's mother, Dalia Genger directly, and through an indemnity obligation owed to her brother Sagi Genger.

9.     The application fails to fully and honestly disclose the multi-layered conflicts of the Kasowitz Firm, including that Kasowitz already enjoys a lien on any recovery from these litigations by operation of New York law and is claiming a $1.4 million unpaid bill. Kasowitz, through its partner Bowen, also holds Notes in the amount of $15 million, which are not disclosed in the Schedules nor in Bowen's Declaration, and in which the Debtor has an interest. That material omission contravenes the requirements of Bankruptcy Rule 2014. The application fails to disclose that Kasowitz made false statements to the SDNY and Second Circuit about the $15 million Notes. Included in that is false deposition testimony by Kasowitz. *See* Brief on false statements dated May 13, 2019, in the *Genger v. Genger*, 1:17-cv-008181-KBF-DCF New York litigation.

## II.
## ARGUMENTS AND AUTHORITIES

10.    These actual conflicts destroy any possible "objectivity" in analysis of the claims[1] that the Kasowitz Firm has already sent the Trustee to champion (although they lost this first effort). Here it is more than a lack of objectivity, but actual conflicts that are adverse to the estate. *In re M&M Marketing, LLC*, 426 B.R. 796, 802 (8th Cir. BAP 2010), special counsel was not retained because of "adverse interest to the estate" since the clients of the law firm had

---

[1] *See, In re Neuman,* 138 B.R. 683, 687 (S.D.N.Y. 1992).

received allegedly fraudulent transfers and because they had represented relatives of the Debtor, even though counsel was to be retained on matters that did not involve the fraudulent transfers.

11. Turning to § 327(e) mandates two "strictly" construed[2] requirements that Kasowitz cannot possibly meet: "… (2) such appointment must be in the best interest of the estate, and (3) the special counsel must not have any adverse interest to the debtor or the estate with respect to the matter on which the special counsel is to be retained." *In re Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *33 (Bankr. S.D. Tex. Dec. 22, 2016) held that "a professional has an adverse interest if the individual has 'possession or assertion of any economic interest that tends to lessen the value of the debtor's estate or creates an actual or potential dispute in which the estate is a rival claimant.'" Citing In re Jackson, 484 B.R. at 154. The Kasowitz partners are already parties litigation involving the pending settlement and are lobbying for their release by the very estate they are to be employed.

12. *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. 2005) in reversing any award of attorney's fees to special counsel, set out the consideration to be given to special counsel regarding adverse interests and conflicts:

> We have observed that these standards are 'strict' and that attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.' Accordingly, we are 'sensitive to preventing conflicts of interest" and require a 'painstaking analysis of the facts and precise application of precedent' when inquiring into alleged conflicts. If an actual conflict of interest is present, "no more need be shown…to support a denial of compensation.'
> …
> "Though this provision allows the fox to guard the proverbial hen house, counsel who fail to disclose timely and completely their connections proceed at their own

---

[2] *In re W. Delta Oil Co.*, 432 F. 3d 347, 355 (5th Cir. 2005) [§ 327(e) demands "strict compliance" with the statutory requirements].

risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation."[3]

The Fifth Circuit concluded "that their interest in acquiring a financial stake in (the Debtor) through (a third party) was adverse to (the Debtor). *Id*. at 358. Here, Michael Bowen, another Kasowitz partner Satija seeks to retain, *is the named payee noteholder* for Orly monetized $32 million, $15 million of which was paid by two Promissory Notes (the "Notes")[4] that are the subject of the pending fraudulent transfer litigation in New York, and he is a target defendant in the fraudulent transfer actions, **_which Satija seeks to settle_**. In that litigation, Kasowitz is accused of making false statements to the District Court and the Second there are actual, rather than potential, conflicts that are at issue here. Satija is attempting to employ Herschmann and Kasowitz to represent the estate's interest when Herschmann's wife, the Debtor, has actively been involved in fraudulent transfers, aided and abetted by Kasowitz. Kasowitz is not only a witness, it is also a defendant in related actions all involving the $32 million at issue and fraudulent transfers by the Debtor. And these allegations were in existence long before any bankruptcy. In this case, Kasowitz has multiple adverse interests to the estate, and the retention by Satija should not be allowed.

---

[3]     *Quoting: In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998); *see Rome v. Braunstein*, 19 F.3d 54, 59-60 (1st Cir. 1994) ("As soon as counsel acquires even a constructive knowledge reasonably suggesting an actual or potential conflict, a bankruptcy court ruling should be obtained. . . . Absent the spontaneous, timely and complete disclosure required by section 327(a) and [Rule] 2014(a), court-appointed counsel proceed *at their own risk*." (internal citations omitted) (emphasis original). *Id.* at 358, note 24.

[4]     The following courts have specifically held and ruled that it was Orly that "monetized" her rights in the TRI Stock: *Genger I,* 76 F. Supp.3d at 491, 501; *Genger III*, 2018 U.S. Dist. Lexis 126958, *17 n.5; *See*, *Genger v. Genger*, 663 Fed. Appx. 44 *; 2016 U.S. App. LEXIS 17642 **; 2016 WL 5539979, *50 (2nd Cir. 2016); *Genger v. TR Inv'rs, LLC*, 26 A.3d 180, 185 (Del. 2011).

    Judge Forrest, SDNY Court to be $24.7 million (*See, Genger III*, 2018 U.S. Dist. Lexis 126958, *17 n.5) laid out all the arithmetic calculations of Dalia's current debt, and noted the 36% cap which applies to Dalia's future expectations claims:
> Based on the prior rulings of this Court…Sagi and Orly monetized their beneficial interests in the TRI shares for a total of $69.3 million, a substantial portion of which was attributable to Dalia's conveyed marital interest…

WHEREFORE, PREMISES CONSIDERED, Dalia Genger and D&K GP, LLC respectfully request that the Application is denied, and Kasowitz Firm is not retained as special counsel to Satija, and that he be granted such other and further relief as this Court may deem just and proper.

Dated: October 18, 2019.

        Respectfully submitted,

        /s/ *Shelby A. Jordan*
        Shelby A. Jordan
        Texas Bar No. 11016700
        **JORDAN HOLZER & ORTIZ, P.C.**
        500 N. Shoreline Blvd., Suite 900
        Corpus Christi, Texas 78401
        Telephone: (361) 884-5678
        Facsimile: (361) 888-5555
        sjordan@jhwclaw.com
        **ATTORNEYS FOR DALIA GENGER AND D&K GP LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 18th day of October 2019 upon the parties listed in the attached service list and via ECF notification

        */s/ Shelby A. Jordan*
        Shelby A. Jordan

**Via ECF**
United States Trustee – AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

**Via ECF**
c/o Trustee Ron Satija
Brian Talbot Cumings
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2700
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah N. Williamson
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

**Via ECF**
Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

**Via ECF**
Sagi Genger
c/o Sabrina Streusand & TPR Investment
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746

**Via ECF**
Eric J. Taube
Waller Lansden Dortch & Davis, LLC
100 Congress Ave, Suite 1800
Austin, Texas 78701

**Via ECF**
Thomas A. Pitta
Emmet, Marvin & Martin, LLP
120 Broadway
New York, NY 10271

**Via ECF**
The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

**Via ECF**
SureTec Insurance Co.
c/o Ryan Brent DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202

**Via ECF**
Ron Satija
P.O. Box 660208
Austin, TX 78766-7208