# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 19-10926-tmd |
| | § | |
| ORLY GENGER, | § | |
| | § | |
| Debtor. | § | Chapter 7 |

## MOTION FOR CONTINUANCE OF SAGI GENGER'S
## EXPEDITED MOTION TO SHOW CAUSE

Movant Kasowitz Benson Torres LLP ("KBT"), as special counsel retained by the debtor estate subject to court approval, submits this motion for a continuance of the hearing date, currently set for 2:00 p.m. on October 23, 2019, of the "Expedited Motion to Show Cause" (the "Expedited Motion") filed by Sagi Genger ("Sagi") and dated September 25, 2019 (ECF No. 42), which seeks to disqualify KBT as counsel, and states as follows:

1. A change in circumstance negated Sagi's justification for seeking an expedited hearing date on his motion to disqualify KBT. In his September 25 motion, Sagi stated that the New York court in which KBT appeared as interim special counsel for the estate had scheduled a hearing on the estate's New York application for October 16, 2019 and that "[i]rreparable harm to the estate will occur if the issue" raised in Sagi's Expedited Motion was not "resolved before then" by this Court. Sagi Mot. ¶ 2. This Court originally set the hearing date for October 11, which was then adjourned to October 23. In the meantime, the October 16 hearing date in New York was taken off calendar. No other deadlines requiring KBT to act on the trustee's behalf in the New York actions at issue are imminent.

2. In addition, Sagi's Expedited Motion for disqualification raises issues that are intertwined with two other pending Trustee motions: (i) the Trustee's Rule 2014 application to retain KBT as special counsel for the limited purpose of pursuing the estate claims against Sagi in

the New York actions; and (ii) the Trustee's Rule 9019 application to approve a settlement among the Debtor, Estate and certain creditors, including KBT and KBT partner Eric Herschmann, Debtor's spouse. The proposed retention of KBT, subject to court approval, is contingent on court approval of the proposed settlement. No hearing date has yet been set for the Rule 9019 motion.

3. Because there is no need for an expedited hearing on Sagi's motion, and his motion is intertwined with the issues raised in the Rule 9019 motion, it would best serve the interests of judicial economy to continue Sagi's motion from the currentlys cheduled hearing date of Wednesday, October 23, 2019 at 2:00 p.m. to the same hearing date and time set for the Rule 9019 motion.

WHEREFORE, KBT respectfullyr equests that the Court continue the hearing on Sagi's Expedited Motion to Show Cause to the hearing date set for the Trustee's Rule 9019 motion and grant such further relief as is just and proper.

Respectfullysubmitted  October 18, 2019.

                              KASOWITZ BENSON TORRES LLP

                              1415 Louisiana Street, Suite 2100
                              Houston, Texas 77002
                              Tel. (713) 220-8852
                              Fax. (713) 583-6006
                                    DPamphilis@kasowitz.com

                              By: */s/ Dean Pamphilis*
                                   Dean Pamphilis

**ATTORNEYS FOR Movant Kasowitz Benson Torres LLP**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 17 and 18, 2019, Michael Paul Bowen, a partner with my law firm contacted counsel for Sagi Genger, Ron Satija, Chapter 7 Trustee, and Orly Genger. Only counsel for Sagi Genger oppose the requested continuance. In addition, counsel for Dalia Genger (Sagi and Debtor's mother), who does not appear to be a party to these proceedings, advised that she opposed this application.

*/s/ Dean Pamphilis*
Dean Pamphilis

**CERTIFICATE OF SERVICE**

      On October 18, 2019 a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the following

| | |
|---|---|
| Eric Herschmann<br>210 Lavaca St., Unit 1903<br>Austin, TX 78701-4582 | Internal Revenue Service<br>Centralized InsolvencyOperations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Kasowitz, Benson, Torres LLP<br>Attn: Daniel Benson, Esq.<br>1633 Broadway, 21st Floor<br>New York, NY 10019-6708 | United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701-2450 |
| Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas, 40th Floor<br>New York, NY 10036-6149 | Eric J. Taube<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave., Suite 1800<br>Austin, TX 78701-4042 |
| OrlyGenger<br>210 Lavaca St., Unit 1903<br>Austin, TX 78701-4582 | Ron Satija<br>P.O. Box 660208<br>Austin, TX 78766-7208 |
| Arie Genger<br>c/o Deborah D. Williamson<br>Dykema Gossett PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, TX 78205 | Aaron M. Kaufman<br>Dykema Gossett PLLC<br>Comerica Bank Tower<br>1717 Main St., Suite 4200<br>Dallas, TX 75201 |
| Arie Genger<br>19111 Collins Ave., Apt. 706<br>SunnyI sles, FL 33160-2379 | SureTec Insurance Co.<br>c/o Clark Hill Strasburger<br>901 Main Street, #6000<br>Dallas, Texas 75202 |
| Sagi Genger<br>c/o John Dellaportas<br>Emmt Marvin & Martin LLP<br>120 Broadway, 32nd Floor<br>New York, NY 10271-3291 | The Orly Genger 1993 Trust<br>c/o JayOng<br>Munsch Hardt Kopf & Harr PC<br>303 Colorado Street, #2600<br>Austin, Texas 78701 |
| Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas<br>40th Floor | Brian Cumings<br>Graves Dougherty Hearon & Moody<br>401 Congress Avenue Suite 2700 |

New York, NY 10036-6149                                  Austin, Texas 78701

Shelby A. Jordan
Jordan Hyden Womble Culbreth & Holzer, PC
500 N Shoreline Suite 900 N
Corpus Christi, TX 78401

                                                          */s/ Dean Pamphilis*
                                                          Dean  Pamphilis