# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| Orly Genger, § § | | Chapter 7 |
| § | | Case No. 19-10926-TMD |
| Debtor. § § | | |
| § | | |
| MICHAEL OLDNER, AS TRUSTEE § OF THE ORLY GENGER 1993 § TRUST § § | | |
| Plaintiff, § § | | |
| vs. § | | ADV. PROC. NO. _____ |
| § | | |
| ORLY GENGER, § § | | |
| Defendant. § | | |

## ORIGINAL COMPLAINT TO DETERMINE
## NON-DISCHARGEABILITY OF SPECIFIC DEBTS

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUTPCY JUDGE:

COMES NOW, Michael Oldner, in his capacity as the trustee of The Orly Genger 1993 Trust (the "Trust"), a nominal pre-petition creditor of the Debtor ("Orly" or the "Debtor") under the above-captioned, putative Chapter 7 case ("Bankruptcy Case"), and the Plaintiff herein ("Trustee" or "Plaintiff"), files this *Original Complaint to Determine the Non-Dischargeability of Specific Debts* (this "Complaint") against Orly Genger, the Debtor under the Bankruptcy Case and the defendant herein ("Debtor" or "Defendant"), and in support would respectfully show the Court as follows:

1

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a). Plaintiff makes this Complaint subject to its express request to dismiss the Bankruptcy Case or to transfer the venue thereof to the United States Bankruptcy Court for the Southern District of New York.

2. This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I) as more particularly set out herein below.

3. In this adversary proceeding, Plaintiff asserts a federal cause of action arising under 11 U.S.C. § 523(a)(4) and (c), and Federal Rule of Bankruptcy Procedure 4007. Accordingly, this Court has the authority consistent with the United States Constitution to enter a final order in disposition of this Complaint and Adversary Proceeding, because the relief requested hereby arises solely under the provisions of the Bankruptcy Code, does not require the adjudication of state law or other nonbankruptcy claims or causes of action, and this dispute cannot exist outside of the context of a bankruptcy case.

## II. THE PARTIES

4. Defendant Debtor Orly Genger is an individual purportedly residing at 210 Lavaca Street, Unit 1903, Austin, Texas 78701. The Debtor may be served with process in this Adversary Proceeding by mail to said mailing address, pursuant to Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure, and by serving her counsel of record in the Bankruptcy Case: Eric J. Taube, Waller Lansden Dortch & Davis, LLP, 100 Congress Ave, Suite 1800, Austin, Texas 78701. Fed. R. Bankr. P. 7004(g).

5. Plaintiff is Michael Oldner, the Trustee of the Trust, a New York spendthrift trust, with a mailing address of 801 Pleasant Valley Drive, No. 16, Little Rock, Arkansas 72227-2163.

6.  The Trust is a spendthrift trust established under New York law and under which the Debtor and her minor-aged daughter are the primary beneficiaries, and is a nominal creditor and party in interest in the Bankruptcy Case.

7.  By this Complaint, the Trustee seeks to except from the Debtor's discharge the Trust's claims to the proceeds of that certain, pre-petition Settlement Agreement dated as of June 14, 2013, and agreed to by the Debtor in her derivative capacity on behalf of the Trust. The Trustee makes these claims in order to preserve the Trust's corresponding claims to the extent necessary and appropriate to recover the proceeds of the foregoing settlement, primarily against third parties, and so that such proceeds can be protected beyond the reach of the Debtor's estate and its creditors in order to ensure the Trust's ability to provide for the maintenance of its beneficiaries.

### III. BACKGROUND

8.  In 1993, the Debtor's parents, Arie ("Arie") and Dalia ("Dalia") Genger, established the Trust as a spendthrift trust under New York law, for the benefit of the Debtor and her descendants.

9.  In 2001, divorce proceedings initiated between the Debtor's parents. In 2004 the parents agreed under their divorce separation agreement to reallocate the family's interests in a company known as Trans-Resources, Inc. ("TRI"), and pursuant thereto, the Trust received substantial equity interests in TRI (the "Trust Shares").

10. Subsequently, a group of minority shareholders in TRI, known as the "Trump Group," initiated litigation the District Court for the Southern District of New York against Arie asserting that the foregoing transfer of TRI shares to the Trust was void. *See Genger v. TR Inv'rs, LLC*, 26 A.3d 180, 183-187 (Del. 2011).

4834-1237-5723v.1

11. The foregoing action was stayed in favor of a Delaware Chancery Court action addressing the same subject matter. *See Glenclova Inv. Co. v. Trans-Resources, Inc.*, 874 F.Supp.2d. 292, 297 (S.D.N.Y. 2012).

12. In 2010, the Debtor and Arie filed a further proceeding in New York state court, styled *Arie Genger et al. v. Sagi Genger et al.*, No. 651089/2010 (N.Y.Sup.Ct., N.Y.Cy.) (the "2010 Action").

13. In the 2010 Action, the Debtor asserted both personal and derivative claims expressly and purportedly on behalf of the Trust, all in relation to the Trust Shares. The New York Supreme Court later held that the Debtor had legal standing to bring claims on the Trust's behalf. *See Genger v. Genger*, 38 Misc.3d 1213(A), *6 (N.Y.Sup.Ct., N.Y.Cy. 2013).

14. Subsequently, as of June 14, 2013, Arie and the Debtor entered into a Settlement Agreement with the Trump Group (the "2013 Settlement").

15. Under the 2013 Settlement, in exchange for free and clear title to the Trust Shares, the Trump Group provided $32.3 million in settlement proceeds, comprised of a cash payment of $17.3 million, and two promissory notes of $7.5 million each. Because the Debtor's claims against the Trump Group were expressly cast as derivative claims, and she asserted no interests in the Trust Shares other than in her capacity as the beneficiary of the Trust, the Trump Group expressly required under the settlement that Arie and the Debtor would take all actions necessary to obtain a judicial declaration "that [the] members of the Trump Group own all right, title and interest … to the shares of [TRI] purportedly transferred by TPR in October 2004 to Arie Genger… and to the Orly Genger 1993 Trust (the 'Orly Trust Shares')." 2013 Settlement, at § 4.

4834-1237-5723v.1

16. By the time of the 2013 Settlement, Arie had suffered a prior adverse judgment, affirmed on appeal, dismissing and denying any claims that he asserted to any equity interests in TRI.

17. The 2013 Settlement provided for two types of settlement proceeds. First, the Trump Group made an initial cash payment upon dismissal of the claims listed in the agreement. Second, the Trump Group provided for an additional $15 million payment—memorialized in two $7.5 million promissory notes—that would not be paid until all potentially related claims have been dismissed and the corresponding statutes of limitations expired. *See* 2013 Settlement, Exh. A (Form of Subordinated Note), § 3.

18. The proceeds of the 2013 Settlement constitute property of the Trust. The Debtor, acting derivatively on behalf of the Trust, directed the cash proceeds of the 2013 Settlement to be paid to her lawyer and then to a separate trust (the Orly Genger Litigation Trust) having no relationship to the Trust or any claim to its property.

19. The Debtor also subsequently transferred interests in and to the 2013 Settlement proceeds in order to collateralize debts that are not valid Trust obligations.

20. By virtue of the Debtor's foregoing actions, the Trust was left insolvent and unable to generally pay its debts as they became due.

### IV. CAUSE OF ACTION

**A. Count I – Exception to Discharge – Defalcation While Acting in a Fiduciary Capacity**

20. Plaintiff incorporates and realleges the foregoing recitals and allegations, for all purposes, as though fully set forth here.

21. In seeking, negotiating and agreeing to the 2013 Settlement, the Debtor was expressly acting in a derivative capacity on behalf of the Trust and had been authorized to assert

5

the claims of the Trust. Including as a result of the prior ruling of the New York Supreme Court, the Debtor had been entrusted with administering the Trust's property.

22. Accordingly, in asserting the claims of the Trust derivatively, the Debtor was acting as a de facto trustee of the Trust, and therefore was acting in a fiduciary capacity with respect to the Trust, its creditors and other beneficiaries.

23. The Debtor intentionally misused her fiduciary capacity and position of authority to deprive the Trust of its rightful interests in the proceeds of the Trust Shares and 2013 Settlement, for the benefit of the Debtor's insiders and their affiliates.

24. Such conduct constitutes the Debtor's defalcation of the Trust's property, which the Debtor, as a person entrusted with such property and funds as a fiduciary of the Trust, misappropriated.

25. Accordingly, the Debtor's corresponding debts to the Plaintiff for her defalcation of the proceeds of the Trust Shares and 2013 Settlement should be excepted from discharge in her Bankruptcy Case pursuant to section 523(a)(4) of the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, Michael Oldner, in his capacity as the trustee of The Orly Genger 1993 Trust, respectfully prays that this Court issue its judgment in favor of the Trust against the Debtor, declaring and determining pursuant to section 523(a)(4) of the Bankruptcy Code that the Plaintiff's claims against the Debtor are not subject to discharge, and granting such other and further relief to which the Trustee may show himself to be entitled.

4834-1237-5723v.1

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jay H. Ong*
 Jay H. Ong, Esq.
 Texas Bar No. 24028756
 Colorado Tower
 303 Colorado Street, Suite 2600
 500 N. Akard Street, Suite 3800
 Austin, Texas 78701
 Telephone: (512) 391-6100
 Facsimile: (512) 391-6149

**ATTORNEYS FOR MICHAEL OLDNER, TRUSTEE OF THE ORLY GENGER 1993 TRUST**

4834-1237-5723v.1