IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS: AUSTIN DIVISION

| | |
|---|---|
| In re Orly Genger,<br><br>      Debtor. | Chapter 7<br><br>Case No. 19-bk-10926-TMD |

## **CREDITOR KBT'S OPPOSITION TO MOTION TO TRANSFER VENUE**

Kasowitz Benson Torres LLP ("KBT"), a creditor and proposed special counsel to be retained by the estate, opposes the motion to transfer filed by Sagi Genger ("Sagi"), dated September 12, 2019 (ECF No. 32), which motion was joined by Dalia Genger and various entities which are owned and/or controlled by Sagi or Dalia, and respectfully states as follows:

1.      As disclosed in the Schedules and Statement of Financial Affairs (the "Schedules") filed by the debtor Orly Genger ("Orly" or "Debtor"), KBT is a creditor of Debtor's estate.  KBT has represented Ms. Genger in various litigations since 2015, and as of the petition date was owed a balance of more than $1.45 million for accrued attorneys' fees and disbursements made on Debtor's behalf, making it the second-largest unsecured creditor of the estate (Sagi's unsecured claim is the largest).

2.      KBT, a New York-based national law firm, has offices in multiple cities in the United States, including Houston, Texas.

3.      KBT concurs with and adopts the factual assertions and legal arguments made by Debtor in opposing the motions to transfer (ECF No. 153).  On the undisputed facts concerning Debtor's residence in Austin and the location of the estate's sole material asset in this venue, venue is proper in this Court.  Furthermore, transfer of venue would work an injustice and allow Sagi and creditors affiliated or controlled by him to forum shop and to select the venue he prefers

(New York) to the detriment of Debtor and in derogation of the deference accorded to Debtor's choice of forum in her home State.  For those reasons, and others set forth below, transfer of venue should be denied.

4.      In arguing for transfer of venue, Sagi claims that Debtor's main asset consists of two $7.5 million promissory notes that are payable – not to Orly – but to the AG Group (the "Notes").  Sagi claims these Notes are "located" in New York.  But this argument is invalid for a number of reasons.

5.      First, the Notes are not an asset of Debtor.  These Notes are a portion of the consideration paid by a group known as the "Trump Group" (no relation to the U.S. President) to the "AG Group" under a 2013 settlement agreement (the "Trump Group Settlement").  The AG Group, as defined in the settlement agreement, comprises Debtor, her father Arie Genger, David Broser, Arnold Broser, and various entities controlled by the Brosers.  Pursuant to the Trump Group Settlement agreement as amended in 2017, the undersigned, as a KBT partner, serves as the holder of the Notes and designated payee as agent for the AG Group.  As discussed below, Debtor is not entitled to any portion of the approximately $32.3 million paid by the Trump Group to the AG Group at the time of the 2013 settlement ($17.257 million paid by the Trump Group to Arie Genger and the remaining $15 million not yet paid pursuant to the Notes).

6.      Second, the "locus" of the Notes is not in any pertinent sense in any given jurisdiction.  The Trump Group Settlement is governed by Delaware law, not New York law, and the Notes are payable to the AG Group, not necessarily in New York, but anywhere, if and when they become due.  The physical Notes are currently in New York in the possession of the undersigned but may be stored anywhere, including in KBT's Texas office.

### A.      The Notes Are Not a Debtor Asset Located in New York

7.      The Trump Group Settlement involved a complicated set of competing claims to shares of a company called Trans-Resources, Inc. ("TRI") that all parties agree were intended to be allocated three ways: to Arie Genger, and in equal shares to two trusts, one established for Orly (the "OG Trust," which intervened in this bankruptcy as a purported creditor of its own beneficiary, the Debtor) and the other for Sagi as part of an estate planning mechanism. The TRI shares were held through another entity, TPR Investment Associates, Inc. ("TPR"), which Sagi gained control of in 2004 when Dalia Genger and Arie Genger divorced. With TPR under his control, Sagi sold certain TRI shares to the Trump Group, and a cascade of litigation ensued, including litigation that resulted in the Trump Group Settlement in 2013.

8.      Pursuant to the terms of the Trump Group Settlement agreement, the Trump Group withdrew any claims to the $10.3 million that the Trump Group had paid for the TRI shares that were attributable to the OG Trust, which funds were being held in escrow. It similarly withdrew all claims it had related to the $7.4 million that it had paid for the TRI shares attributable to Arie Genger. Apart from this consideration, the Trump Group paid an additional $17.257 million at the time of the settlement in 2013, and issued the two Notes, payable to the AG Group, each for $7.5 million which are not yet due to be paid due to certain conditions precedent. All of the members of the AG Group, including Debtor, testified that Debtor was not entitled to *any* portion of the $17.257 million settlement payment made in 2013 or the amount to be paid pursuant to the Notes. In fact, as Sagi himself demonstrated during post-judgment discovery in his federal lawsuit against Orly, Arie Genger received the $17.257 million under the settlement; the entirety of this amount is reflected his tax returns for 2013, which Sagi obtained in discovery.

9.      The consideration earmarked for Orly under the Trump Group Settlement was the

$10.3 million held in escrow and attributable to the "Orly Trust shares" (that is, the TRI shares

that were originally designated for her through the OG Trust).  However, in 2014, the year after

the Trump Group Settlement, Sagi (acting through TPR) prevailed in separate litigation and TPR

(then controlled by Sagi) was adjudicated to be the rightful owner of the $10.3 million, defeating

Orly's claim to these funds despite the fact that the Trump Group had withdrawn all legal claims

to this money.  *TPR Investment Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243

JFK, 2014 WL 1979932, at *23 (S.D.N.Y. May 15, 2014).  Because of this, Orly never

recovered *any* proceeds as a result of the 2013 settlement, the Notes or otherwise.  In ruling in

favor of TPR (*i.e.* Sagi) in 2014, the court described this disposition of proceeds attributable to

the Orly Trust Shares:

> Some of the [TRI] shares in dispute have been referred to as the "Orly
> Trust Shares."  These 1,102.8 shares had been transferred by TPR,
> which was then controlled by Arie [Orly and Sagi's father] to the Orly
> Genger 1993 Trust (the "Orly Trust") as part of Arie and Dalia's 2004
> divorce settlement.  Once the Trump Group learned of this and other
> transfers in 2008, it objected on the grounds that the transfers were
> prohibited by the March 31, 2001 Stockholders Agreement between
> [TRI], TPR and members of the Trump Group. . . .
>
> To cover its bases, the Trump Group separately entered into an
> agreement with TPR (by then under Sagi's control), which gave the
> Trump Group an option to purchase the Orly Trust Shares should a
> court determine that the 2004 transfers were void. . . .
>
> [Eventually,] the Trump Group exercised its option to purchase the
> Orly Trust Shares from TPR for about $10.3 million.  All of the parties
> agreed that this amount, the Proceeds, should be held in escrow while
> the Delaware appeal continued.  Accordingly, the Proceeds were held
> in escrow by Pedowitz & Meister LLP . . . pursuant to an agreement
> between Orly, Dalia, TPR [i.e. Sagi], and the Trump Group.
>
> . . . As part of a stipulation dismissing the action in Delaware Chancery
> Court, the parties to that action – TPR/Sagi, the Trump Group, and
> Dalia, but not Arie or Orly – agreed that the Trump Group is the

> rightful owner of the Orly Trust Shares. . . . Additionally, Orly and the
> Trump Group have settled their claims against each other.  Pursuant to
> that settlement Orly acknowledged that the Trump Group is the record
> and beneficial owner of the Orly Trust Shares.  At long last the dispute
> regarding ownership of the Orly Trust Shares is over.

*TPR Investment Associates*, 2014 WL 1979932, at *1-2.  *Id.* at *8 ("P & M is directed to release

the [$10.3 MM in] Proceeds, together with any interest thereon, to TPR").

10.     The point is that Orly never received any money from the 2013 settlement.  That

is a hard fact.  Sagi nonetheless refuses to accept it.  Instead, he cites a decision in which the

federal court held that Orly sufficiently "monetized" her interest in the TRI shares to constitute

consideration for a 2004 letter and indemnification agreement between Sagi and Orly related to

those shares.  But, as was clarified on appeal, that holding only means that Orly received "more

than a peppercorn."  *Genger v. Genger*, 663 F. App'x 44, 49 (2d Cir. 2016) (the transaction

involving "her shares would confer upon her more than a peppercorn, which is all we need to

conclude (and all we do conclude) as to the extent of any benefit she received").  That decision

and the subsequent decision allowing Sagi to enforce his letter agreement against his sister for

millions of dollars says nothing about whether Orly ever received or is entitled to receive any

funds paid out by the Trump Group under the 2013 settlement.  That issue was never litigated in

those courts and no court ever heard any evidence that Orly received more than a peppercorn –

yet another fact that, although Sagi argues otherwise, is evident from the decisions themselves.

*See id.* and *Genger v. Genger*, 771 F. App'x 99 (2d Cir. 2019).

### B.     No New York Action Justifies Venue in New York

11.     Despite being debunked on the grounds outlined above, Sagi has tried to press his

fraudulent conveyance conspiracy through third-party proxies in actions he has caused to be filed

in New York, the pendency of which he claims is sufficient reason for this Court to transfer the

bankruptcy to that jurisdiction, where venue would not be proper in any event pursuant to 28 U.S.C. § 1408. In one of the eight cases, the purported claim of fraudulent conveyance is no more; Sagi's procedurally improper motion seeking a ruling on his fraudulent conveyance theory was denied by the New York court earlier this week. *See Genger v. Genger*, S.D.N.Y. Case No. 17-cv-8181, ECF No. 230 (Order dated Oct. 28, 2019).[1]

12.     Debtor is party to only two of the remaining seven New York cases Sagi cites in his motion. The Chapter 7 trustee recently removed those cases to federal court from the New York Surrogate's Court, and motions to transfer those cases to this Court are pending. Debtor is not party to and has nothing to do with the rest of the actions cited by Sagi, none of which has any relevance to the venue of this bankruptcy proceeding. Moreover, these other cases were all orchestrated and are controlled by Sagi and Dalia, as demonstrated by an "Inter-Creditor Agreement" dated June 16, 2019 signed by Sagi, his counsel John Dellaportas, and the other purported plaintiffs in those actions, which shows that Sagi is in league with individuals and entities that claim the $32.3 million portion of the 2013 Trump Group Settlement belongs solely to the OG Trust – and <u>not</u> to Orly. In that document, Sagi and his proxies advance a theory directly at odds with his position on his motion to transfer venue: Contrary to what he says on this motion, in the unrelated New York actions coordinated by Sagi, he and his proxies claim that <u>no portion of that $32.3 million is an asset of Debtor or her bankruptcy estate</u>. A copy of that agreement is attached hereto as Exhibit 1.

---

[1] Sagi also moved for sanctions against KBT in that New York case. Yesterday the New York court similarly denied that motion. *Genger*, Case No. 17-cv-8181, ECF No. 231 (Order dated Oct. 29, 2019).

## **CONCLUSION**

For the foregoing reasons, KBT submits that the motions to transfer should be denied.


Dated:  October 30, 2019

Respectfully submitted,

Kasowitz Benson Torres LLP

/s/ Michael Paul Bowen
Michael Paul Bowen (admitted *pro hac vice*)
1633 Broadway
New York, New York  10019
mbowen@kasowitz.com
Tel.: 212-506-1700
Fax: 212-506-1800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document, with exhibit, has been served upon those parties receiving the Court's ECF email notification and on the parties listed on the attached service list by depositing the same in the U.S. First Class Mail on this 30th day of October, 2019.


/s/ Michael Paul Bowen
Michael Paul Bowen

## SERVICE LIST

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Arie Genger
17001 Collins Ave.
Apt. 2805
Sunny Isles, FL 33160

D&K GP LLC
c/o Ira Tokayer, Esq.
420 Lexington Ave.
New York, NY 10170

Dalia Genger
200 E. 65th St. 32w
New York, NY 10021

Markel Surety
c/o Suretec Insurance Company
5555 Garden Grove Blvd., Suite 275
Westminster, CT 92687

Orly Genger 1993 Trust
c/o Michael Oldner
86 Pleasant Valley Dr., #16
Little Rock, AK 72227

TPR Investment Associates Inc.
c/o John Dellaportas
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

US Trustee
903 San Jacinto, Ste. 230
Austin, TX 87701-2450

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149
Ron Satija, Trustee
P.O. Box 660208
Austin, TX 78766-7208

Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Deborah D. Williamson
Danielle N. Rushing
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, TX 78205

Aaron M. Kaufman
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, TX 75201

Ryan B. DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202

Sabrina L. Streusand
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746

Jay H. Ong, Esq.
Munsch Hardt Kopf & Harr, P.C.
303 Colorado Street, Suite 2600
Austin, TX 78701