# EXHIBIT 1

# INTER-CREDITOR AGREEMENT

**THIS INTER-CREDITOR AGREEMENT** (the "Agreement") dated as of June 16, 2019, by and among the **ORLY GENGER 1993 TRUST**, through its trustee, Michael Oldner ("OGT"), **RECOVERY EFFORT INC.** ("Recovery"), an Arkansas corporation, **SAGI GENGER**, an individual residing in Connecticut ("SG"), **TPR INVESTMENT ASSOCIATES, INC.**, a Delaware corporation ("TPR"), **MANHATTAN SAFETY COMPANY LTD.** a St Kitts, WI limited liability company ("MSL"), and **MANHATTAN SAFETY MAINE, INC.** ("MSM"), a Maine corporation (collectively, the "Parties"), and **EMMET, MARVIN & MARTIN LLP**, as escrow agent ("Escrow Agent").

RECITALS:

**WHEREAS**, TPR has claims for moneys originally evidenced by a Promissory Note, dated December 21, 1993, issued by D&K Limited Partnership in the amount of $8.95 million (the "1993 Note"), for which OGT assumed and became liable for 48% of the outstanding principle and interest;

**WHEREAS**, OGT owes TPR no less than $8 million under the 1993 Note;

**WHEREAS**, TPR now wishes to assign its claims under the 1993 Note to MSM (the "1993 Note Claim"), in place of a 2012 promissory note which the Courts held to be void;

**WHEREAS**, OGT lacks funds to satisfy its debt under the 1993 Note;

**WHEREAS**, OGT's principal asset is its claim to the $32.3 million in litigation proceeds, plus interest and attorney's fees and disbursements, accruing under a Settlement and Release Agreement, dated as of June 16, 2013, between Arie Genger, Orly Genger, Arnold Broser, David Broser and TR Investors, LLC, Glencova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, LLC, Jules Trump, Eddie Trump and Mark Hirsch (the "Settlement Agreement Proceeds"), by which Orly Genger ("OG") settled claims she had brought derivatively on behalf of OGT seeking to recover its claimed beneficial ownership interest in shares of Trans-Resources, Inc. ("TRI") (the "Settlement Agreement Claim");

**WHEREAS,** in addition to the Settlement Agreement Claim, OGT has potential claims against third parties for conduct associated with the negotiation and execution of the Settlement Agreement and/or the misappropriation of the Settlement Agreement Proceeds (together with the Settlement Agreement Claim, the "OGT Claims");

**WHEREAS**, OGT has assigned OGT Claims to Recovery, an entity wholly owned by the OGT;

**WHEREAS**, on January 5, 2015, in the case of *Dalia Genger v. Sagi Genger*, Civ. Act. No. 1:14cv5683, the United States District Court for the Southern District of New York ruled that it was "[OG's] claims to beneficial ownership of the TRI shares individually and as a trust beneficiary [which] enabled her to obtain $32.3 million from the Trump Group under the 2013 Settlement Agreement," which ruling was thereafter unanimously affirmed by the United States Court of Appeals for the Second Circuit of New York;

1

REIMSM_000158

**WHEREAS**, on August 17, 2018, in the case of *Dalia Genger v. Sagi Genger*, Civ. Act. No. 1:17cv8181, the United States District Court for the Southern District of New York entered judgment in favor of SG on his claims against OG in the amount of $3,219,698 plus 50% of SG's reasonable counsel and other professional fees, expenses and costs in connection with this action, in an amount to be determined (the "2018 Judgment");

**WHEREAS**, in the same civil action, by Opinion & Order dated July 27, 2018, the United States District Court held that the total additional potential liability of OG to SG under her 2004 indemnity to him is $9.25 million (the "Indemnity Claim");

**WHEREAS**, SG expects that, upon availability of funds, DG will make demand of SG on her full remaining entitlement under SG's promise to DG, which in turn will trigger SG's entitlement from OG under the OG Indemnity Claim (the 2018 Judgement and the Indemnity Claim, together, the "OG Claims");

**WHEREAS**, OG has not satisfied any portion of the 2018 Judgment, and claims to have no significant assets other than her interest, if any, in the Settlement Agreement Proceeds and her home in Austin, Texas;

**WHEREAS**, the Parties hereto wish to resolve any potential matters among themselves without needless legal fees and other expenditures;

**NOW**, **THEREFORE**, in consideration of the premises and the mutual covenants herein contained, the Parties hereto agree as follows:

1. Assignment of Promissory Note by TPR to MSM.

TPR does hereby sell, transfer, convey, assign and deliver to, and vest in, MSM all of TPR's right, title and interest to any funds owed it by the OGT as a result of the 1993 Note.

2. Distribution of Litigation Recovery.

(a) The Parties agree that, notwithstanding any provisions to the contrary in any other agreement, in the event of any recovery, whether by judgment or settlement, by any Party on any of the OG Claims or OGT Claims, of any amount (collectively, the "Recovery"), regardless of the plaintiff who recovers it and/or the legal theory on which it is recovered, such Recovery shall be paid directly to an escrow account maintained by Escrow Agent; (ii) upon receipt, Escrow Agent shall distribute Recovery in the following order of priority:

(1) *first*, in equal amounts to MSM and SG, until such time as MSM has been paid in full for the 1993 Note Claim or SG has been paid in full for the OG Claims, in each case inclusive of all documented collection costs therefor;

(2) *second*, in such amounts as are necessary to pay in full the amounts owed to MSM under the 1993 Note Claim or the amounts owed to SG under the OG Claims, as the case may be, once again inclusive of all documented collection costs therefor; and

(3) *third,* to Recovery.

REIMSM_000159

(b) Should any of the Parties receive a Recovery from a source other than the Escrow Agent, such Party will promptly deliver, or cause to be delivered, the same to Escrow Agent and until so delivered, such Recovery shall be held in trust by such Party and shall not be commingled with other funds of such Party.

(c) The Parties further covenant to cause their respective counsel to comply with this Agreement by, *inter alia*, causing any Recovery to be promptly delivered to the Escrow Agent.

3. <u>Escrow Agent</u>.

(a) Escrow Agent will not receive a fee for its services hereunder, but will be reimbursed for its reasonable out-of-pocket expenses incurred in performing its duties hereunder.

(b) Escrow Agent will not be responsible for any act or failure to act hereunder except in the case of its gross negligence or willful misconduct. Parties will jointly and severally indemnify Escrow Agent and hold it harmless from and against any claims, damages, losses, liabilities, costs and expenses (including without limitation reasonable attorneys' fees and court costs) that arise out of or in connection with this Agreement or the performance by Escrow Agent of its obligations hereunder; provided, that Parties have no obligation to indemnify Escrow Agent to the extent, but only to the extent, that any of such claims, damages, losses, liabilities, costs or expenses arise out of the gross negligence or willful misconduct of Escrow Agent.

(c) The duties, responsibilities and obligations of Escrow Agent shall be limited to those expressly set forth herein and no duties, responsibilities or obligations shall be inferred or implied.

(d) Escrow Agent shall not incur any liability for not performing any act or fulfilling any duty, obligation or responsibility hereunder by reason of any occurrence beyond the control of Escrow Agent (including but not limited to any act or provision of any present or future law or regulation or governmental authority, any act of God or war).

(e) Escrow Agent may rely upon, and will be protected in acting or refraining from acting upon, any written notice, instruction or request furnished to it hereunder and reasonably believed by it to be genuine and to have been signed or presented by the proper Party or Parties. Escrow Agent may act in reliance upon the reasonable advice of counsel satisfactory to it in reference to any matter connected with its obligations hereunder and will not incur any liability for any action taken in accordance with such advice. In case of any dispute regarding this Agreement, Escrow Agent is entitled to deposit all or any portion of the proceeds with any court of competent jurisdiction and thenceforth be relieved of any further duty or responsibility hereunder. Escrow Agent shall not be obligated to take any action which in its reasonable judgment would involve it to take on any expense or expose it to liability unless it has been furnished with an indemnity or other security reasonably satisfactory to it.

(f) The terms and obligations of this Section shall survive the termination of this Agreement and/or the resignation or removal of Escrow Agent.

3

4.  Notices.

Any notice required or permitted to be given under this Agreement shall be in writing and shall be deemed duly given when actually received or if mailed by Federal Express overnight delivery, with a copy by email. Notices shall be addressed as follows:

|  |  |
|---|---|
| If to OGT: | Daniel A. Cohen<br>Walden Macht & Haran LLP<br>One Battery Park Plaza, 34th Floor<br>New York, New York 10004<br>Tel.: (212) 335-2042<br>Email: dcohen@wmhlaw.com |
| If to Recovery: | Daniel A. Cohen<br>Walden Macht & Haran LLP<br>One Battery Park Plaza, 34th Floor<br>New York, New York 10004<br>Tel.: (212) 335-2042<br>Email: dcohen@wmhlaw.com |
| If to SG: | John Dellaportas<br>Emmet, Marvin & Martin, LLP<br>120 Broadway<br>New York, NY 10271<br>Tel: 212-238-3092<br>Email: jdellaportas@emmetmarvin.com |
| *With a copy to:* | *sagigenger@aol.com* |
| If to TPR: | John Dellaportas<br>Emmet, Marvin & Martin, LLP<br>120 Broadway<br>New York, NY 10271<br>Tel: 212-238-3092<br>Email: jdellaportas@emmetmarvin.com |
| *With a copy to:* | *sagigenger@aol.com* |
| If to MSL: | Daniel A. Cohen<br>Walden Macht & Haran LLP<br>One Battery Park Plaza, 34th Floor<br>New York, New York 10004<br>Tel.: (212) 335-2042<br>Email: dcohen@wmhlaw.com |
| *With a copy to:* | *Robin@Internationalinvestments.com* |

| | |
|---|---|
| If to MSM: | Daniel A. Cohen<br>Walden Macht & Haran LLP<br>One Battery Park Plaza, 34th Floor<br>New York, New York 10004<br>Tel.: (212) 335-2042<br>Email: dcohen@wmhlaw.com |
| *With a copy to:* | Robin@Internationalinvestmentsltd.com |
| If to ESCROW AGENT: | John Dellaportas<br>Emmet, Marvin & Martin, LLP<br>120 Broadway<br>New York, NY 10271<br>Tel: 212-238-3092<br>Email: jdellaportas@emmetmarvin.com |

The foregoing addresses may be changed by notice given to the other Parties entitled to notice or copies thereof in accordance with this section.

5.  No Implied Responsibilities, Representations or Warranties.

The responsibilities of the Parties are limited exclusively to the express obligations set forth under this Agreement.

6.  Miscellaneous.

(a) This Agreement may be executed in counterparts, and all such executed counterparts shall constitute the same agreement. Signatures to this Agreement and any amendment hereof delivered electronically via facsimile, .pdf or similar electronic format shall be deemed an original signature and fully effective as such for all purposes.

(b) This Agreement contains all of the terms agreed upon between the Parties with respect to the subject matter hereof, and all prior agreements, understandings, representations and statements, oral or written, between the Parties are merged into this Agreement.

(c) This Agreement may not be changed, modified or terminated, except by an instrument executed by all Parties.

(d) This Agreement shall inure to the benefit of and be binding upon the Parties and their respective successors and permitted assigns.

(e) This Agreement shall be governed by the laws of the State of New York without giving effect to conflict of laws principles thereof. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

REIMSM_000162

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**ORLY GENGER 1993 TRUST**

By: *[signature]*

Name: MICHAEL OLDNER

Title: TRUSTEE

**RECOVERY EFFORT INC.**

By: *[signature]*

Name: MICHAEL OLDNER

Title: DIRECTOR

_____

**SAGI GENGER**

**TPR INVESTMENT ASSOCIATES, INC.**

By: _____

Name:

Title:

6

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**ORLY GENGER 1993 TRUST**

By: _[signature]_

Name: MICHAEL OLDNECK

Title: TRUSTEE

**RECOVERY EFFORT INC.**

By: _____

Name: _____

Title: _____

_[signature]_

**SAGI GENGER**

**TPR INVESTMENT ASSOCIATES, INC.**

By: _[signature]_

Name: Sagi Genger

Title: CEO

REIMSM_000164

6

**MANHATTAN SAFETY COMPANY LTD**

By: *Robin Rodriguez*

Name: Robin C. Rodriguez

Title:

**MANHATTAN SAFETY MAINE, INC.**

By: *Robin Rodriguez*

Name: Robin C. Rodriguez

Title:

**EMMET, MARVIN & MARTIN LLP**

*Solely As Escrow Agent*

By: _____

Name:

Title:

7

REIMSM_000165

**MANHATTAN SAFETY COMPANY LTD**

By: _____

Name:

Title:

**MANHATTAN SAFETY MAINE, INC.**

By: _____

Name:

Title:

**EMMET, MARVIN & MARTIN LLP**

*Solely As Escrow Agent*

By: _____*L U*_____

Name: John Delleporter

Title: Partner

7