IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **In re:** § § § **ORLY GENGER,** § § **Debtor.** § § § | | **CHAPTER 7 CASE** **CASE NO. 19-10926-TMD** |

### LIMITED OBJECTION OF ARIE GENGER TO THE
### TRANSFER OF CHAPTER 7 BANKRUPTCY CASE

Creditor Arie Genger hereby files this *Limited Objection*[1] (the "Objection") in response to *Judgment Creditor Sagi Genger's Motion to Dismiss Bankruptcy Case or, Alternatively, to Transfer Venue, and Memorandum of Law in Support* [ECF No. 32] (the "Motion"), and would show the Court as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Whether to dismiss or convert and individual chapter 7 debtor's bankruptcy case is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. SUMMARY OF OBJECTION

3. The evidence will establish that there no question that venue is proper in this Court, and Arie Genger adopts *Debtor Orly Genger's Amended Response to Transfer Venue* [ECF No. 153]. While many (though not all) of the creditors in this case are family members, it unfairly simplistic and disingenuous to characterize this case as a two-party dispute.

---

[1] Arie Genger is only responding to the issues related to the transfer of venue and reserves the right to file a response to the motion to dismiss after the Court rules on the issue of whether venue should remain in this Court.

Determining who is owed money and how best to repay such creditors is a task best left to the neutral Chapter 7 Trustee appointed in this case.

4. Rather than responding to the Motion's rhetoric and hyperbole, this Objection will briefly address the merits of Sagi Genger's requested relief. The Motion seeks to transfer an individual debtor's chapter 7 bankruptcy case to a state where the Debtor does not reside. Such relief in an individual's chapter 7 bankruptcy case is so rare that the Motion cites no cases directly on point for such authority.

5. Similarly, there is no basis to disregard an individual debtor's choice to file bankruptcy in Texas and force her to defend in New York multiple complaints seeking to deny both her discharge and to determine the dischargeability of debts allegedly owed to her mother, her brother, and other parties affiliated with Sagi Genger.

### III. BACKGROUND

*A.  General Background*

6. The Motion is yet another installment in a nightmare of litigation that has consumed state and federal courts for a decade.

7. Since the 2004 divorce of Arie Genger and his now ex-wife Dalia Genger ("Dalia"), their son, Sagi Genger ("Sagi"), and Dalia have made every effort to take the family fortune that Arie built. Sagi and Dalia have brought numerous actions against Arie, Orly (Debtor and Sagi's sister/Dalia's daughter), and non-family members, such as Arnold and David Broser. Sagi's and Dalia's litigious efforts have caused Arie Genger to incur over $20 million in legal fees, which were partially funded by his litigation funder, ADBG LLC (indirectly owned by the Brosers).

8. Throughout the Motion, Sagi Genger wants this Court to assume that Orly Genger has a fixed and liquidated right to collect $32.3 million on account of a 2013 settlement agreement concerning the Debtor's purported interests in a company founded by Arie Genger. As described *Creditor KBT's Opposition to Motion to Transfer Venue* [ECF No. 154], the Motion fails to acknowledge what really happened under the 2013 settlement. Through that agreement, The Trump Group settled years of extensive and expensive litigation with Arie Genger. To date, only $17.3 million of the $32.3 million in settlement proceeds has been funded, while the other $15 million remains in escrow due to Sagi Genger's efforts (directly and through other persons, including his mother and at least two special purpose entities) to prevent those funds from being distributed.

B. *Arie Genger's Secured Claim*

9. As noted above, the family has been entwined in some form of litigation for well over a decade since Arie Genger divorced Dalia in 2004. Even Sagi does not dispute that Arie Genger advanced funds to or for the benefit of Orly Genger for her own costs incurred by the multifarious litigation.

IV. ARGUMENTS AND AUTHORITIES

A. *No Evidence of Forum Shopping by Debtor.*

10. There is no evidence of "forum" shopping in this case. There is no other forum in the United States where Orly Genger could seek the relief from her creditors available to residents and citizens of the United States under the Bankruptcy Code.

B. *Transfer of Venue is Unwarranted.*

11. The Motion presumes that venue is improper in this District, but this presumes too much. For venue to be improper in this District, Sagi must establish that Orly has resided

somewhere in the United States other than Austin, Texas, for the larger part of the 180 days before the bankruptcy filing. On information and belief, Sagi will be unable to carry this burden. Perhaps recognizing the flaw in his "improper" venue argument, the Motion turns quickly to 28 U.S.C. §1412, seeking a transfer of venue. Such transfer of an individual's chapter 7 case is unwarranted under the circumstances, and the Sagi parties will not be able to carry their burden to establish that venue should be changed.

12. The "interest of justice" factors do not support transfer of venue. First and foremost, the Court must favor the Debtor's own choice to file in her home district. Further, the Court must consider how a transfer would impact the administration of the estate. Nowhere in the Motion does Sagi Genger allege that this Court would be an unfair venue for the issues affecting administration of the estate. Further, because administration of the estate will include Texas state law issues, such as homestead and other exemption rights, the State of Texas and its citizens have an interest in having local exemption issues decided by local courts. Sagi Genger merely seeks to transfer this bankruptcy case, perhaps in an effort to prevent any of the courts in New York from transferring cases to this Court.

13. Justice is not served by the transfer of this chapter 7 bankruptcy case to New York, and the Motion should be denied.

## V. Conclusion

14. As venue is proper only in this District and the Motion fails to demonstrate adequate grounds to transfer the bankruptcy case to a new venue, the Motion should be denied in all respects.

## PRAYER

WHEREFORE, Arie Genger, as a creditor in this chapter 7 bankruptcy case, respectfully requests that the Court deny the Motion in all respects and grant such other relief as is just and proper.

Dated: October 30, 2019          Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Deborah D. Williamson*
    Deborah D. Williamson
    State Bar No. 21617500
    dwilliamson@dykema.com
    Danielle N. Rushing
    State Bar No. 24086961
    drushing@dykema.com
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone: (210) 554-5500
    Facsimile: (210) 226-8395

and

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2019, a true and correct copy of the foregoing document was served by electronic notification by the Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Texas and as follows:

| | |
|---|---|
| John Dellaportas<br>EMMET, MARVIN & MARTIN LLP<br>120 Broadway, 32nd Floor<br>New York, NY 10271<br>jdellaportas@emmetmarvin.com<br>Facsimile: (212) 238-3100 | *Via Email and Fax* |
| Shelby Jordan<br>JORDAN, HOLZER, & ORTIZ P.C.<br>500 N. Shoreline Blvd., Suite 900<br>Corpus Christi, TX 78401<br>sjordan@jhwclaw.com | *Via E-service* |
| Ron Satija<br>c/o Brian Cumings<br>GRAVES DOUGHERTY HEARON & MOODY<br>401 Congress Avenue, Suite 2700<br>Austin, TX 78701<br>bcumings@gdhm.com | *Via E-service* |
| Eric J. Taube<br>WALLER LANSDEN DORTCH & DAVIS, LLP<br>100 Congress Ave., Suite 1800<br>Austin, TX 78701-4042<br>Eric.Taube@wallerlaw.com | *Via E-service* |
| Ray Battaglia<br>66 Granburg Circle<br>San Antonio, TX 78218<br>rbattaglialaw@outlook.com | *Via E-service* |
| Shane P. Tobin<br>OFFICE OF THE UNITED STATES TRUSTEE<br>903 San Jacinto, Suite 230<br>Austin, TX 78701<br>Shane.P.Tobin@usdoj.gov | *Via E-service* |
| Jay Ong<br>MUNSCH HARDT KOPF & HARR PC<br>303 Colorado St #2600<br>Austin, TX 78701<br>jong@munsch.com | *Via E-service* |
| Michael P. Bowen<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br>mbowen@kasowitz.com | *Via E-service* |

                                                                                                  */s/ Danielle N. Rushing*
                                                                                                  Danielle N. Rushing