IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 19-10926-TMD |
| ORLY GENGER, | § | |
| | § | CHAPTER 7 PROCEEDING |
| DEBTOR | § | |

## ERIC HERSCHMANN'S OPPOSITION TO MOTION TRANSFER VENUE

**TO THE HONORALBE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

Eric Herschmann ("Herschmann") is a creditor and party in interest in the above entitled cause and most significantly is Orly Genger's (Orly") husband and files this his Opposition to Sagi Genger's Motion to Transfer Venue and for his opposition would show the Court as follows:

1. Orly, Kasowitz Benson Torres LLP ("KBT"), and Arie Genger have each filed papers in opposition to Sagi Genger's Motion to Transfer Venue ("Venue Motion"). Those pleadings adroitly set both forth factual and legal premise for denial of relief requested in the Venue Motion. Herschman adopts Orly's Amended Response to Transfer Venue [ECF No. 153], KBT's Opposition to Motion to Transfer Venue [ECF No. 154] and Arie Genger's Limited Objection to the Transfer of Chapter 7 Bankruptcy Case.

2. Herschmann and Orly met in 2014 in Austin, Texas. In 2016 they were married. Their marriage was Orly's first marriage. In 2017 Orly gave birth to a daughter, her first child. Unfortunately, for at least the last 10 years Orly's life has been scarred by litigation between members of her family.

3. In late June 2018 a judgment obtained by Sagi Genger against Orly was affirmed by the 2nd Circuit Court of Appeals. Her brother commenced a "scorched earth" effort to collect his judgment from Orly. A judgment which Orly is unable to pay. Indeed, Orly has no significant assets.

4. On July 12, 2019 Orly filed her voluntary petition initiating this Chapter 7 case. Hopelessly insolvent and unable to pay her brother's judgment, Orly's bankruptcy was economically justified. However, the primary purpose of Orly's filing was to close the book on the acrimonious family life with her brother and allow her to move on with her new family free from the toxic past. Thjs bankruptcy case gives true meaning to the concept of a fresh start.

5. The evidence will show that venue in this district is proper under 28 U.S.C. Section 1408. The evidence will also show that neither justice nor convenience will be served by transferring venue pursuant to 28 U.S.C. § 1412.

6. In his Motion to Transfer Venue at paragraph 52, Sagi Genger alleges that "virtually every other creditor or party – including her (non-estranged) husband, according to the web site of his law firm, lives and/or works in New York." This allegation is false and Sagi knows as much.

7. Herschmann's domicile has been in Austin Texas since at least 2011. His homestead acquired in 2012 is located in Austin Texas. While Herschmann has spent time in Israel during the Jewish holidays, his domicile and homestead have never changed.

8. KBT's webpage does reflect that Herschmann is a partner in the New York office. However, since his employment at Southern Union in 2005 through the completion of his obligations to Energy Tranfer in approximately 2015, Herschmann had limited to no working relationship with KBT, although he remained a partner with the firm.

9. Other than his direct participation in the *Genger v. Genger* litigation, Herschmann has not actively practiced law in the traditional sense for nearly 15 years. Herschmann is licensed to practice in the State of Texas and conducts his business and personal affairs primarily from his home in Austin, Texas. Herschmann has not been in KBT's New York office for over 18 months.

10. Herschmann neither works nor lives in New York and has not for many years.

11. Transfer of this case to New York would be burdensome to Herschmann. Aside from the cost and disruption associated with prosecuting this case in a distant court, Herschmann and Orly own undivided one-half interests in a condominium in downtown Austin, Texas. Multiple parties, including all of the Sagi Genger affiliated entities, have objected to Orly's homestead claim. The issues presented in connection with this property owned as joint tenants are purely issues of Texas law and the facts relative to that property and its disposition are entirely local and should not be left to a New York court for determination.

## CONCLUSION

12. This District is the only proper venue for this case. The Venue Motion fails to demonstrate adequate grounds to transfer the bankruptcy case to a new venue. The Venue Motion should be denied in all respects.

WHEREFORE, Eric Herschmann respectfully requests that the Court deny the Motion in all respects and grant such other relief as is just and proper.

Dated: October 3, 2019

By: /s/ Raymond Battaglia
Raymond W. Battaglia
Texas Bar No. 01918055
LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle San Antonio, Texas 78218
Tel.: (210) 601-9405
Fax: (210) 855-0126
rbattaglialaw@outlook.com

**COUNSEL TO ERIC HERSCHMANN**

**CERTIFICATE OF SERVICE**

On October 3, 2019 a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the following

| | |
|---|---|
| United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701-2450 | Brian Cumings<br>Graves Dougherty Hearon & Moody<br>401 Congress Avenue Suite 2700<br>Austin, Texas 78701 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kasowitz, Benson, Torres LLP<br>Attn: Daniel Benson, Esq.<br>1633 Broadway, 21st Floor<br>New York, NY 10019-6708 |
| Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas, 40th Floor<br>New York, NY 10036-6149 | Orly Genger<br>210 Lavaca St., Unit 1903<br>Austin, TX 78701-4582 |
| Arie Genger<br>19111 Collins Ave., Apt. 706<br>Sunny Isles, FL 33160-2379 | Eric J. Taube<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave., Suite 1800<br>Austin, TX 78701-4042 |
| SureTec Insurance Co.<br>c/o Clark Hill Strasburger<br>901 Main Street, #6000<br>Dallas, Texas 75202 | Arie Genger<br>c/o Deborah D. Williamson<br>Dykema Gossett PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, TX 78205 |

| | |
|---|---|
| Sagi Genger<br>c/o John Dellaportas<br>Emmt Marvin & Martin LLP<br>120 Broadway, 32nd Floor<br>New York, NY 10271-3291 | The Orly Genger 1993 Trust<br>c/o Jay Ong<br>Munsch Hardt Kopf & Harr PC<br>303 Colorado Street, #2600<br>Austin, Texas 78701 |
| Sabrina L. Streusand<br>Streusand Landon, Ozburn & Lemmon, LLP<br>1801 S. Mopac Expressway<br>Suite 320<br>Austin, TX 78746 | Shelby A. Jordan<br>Jordan Hyden Womble Culbreth & Holze, PC<br>500 N Shoreline Suite 900 N<br>Corpus Christi, TX 78401 |

/s/ Raymond Battaglia_____
Raymond W. Battaglia