# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 19-10926 |
| ORLY GENGER, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

### APPLICATION OF GRAVES DOUGHERTY HEARON & MOODY, PC, COUNSEL TO CHAPTER 7 TRUSTEE RON SATIJA, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT FOR EXPENSES INCURRED

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Graves Dougherty Hearon & Moody, PC ("Graves Dougherty"), Counsel to Ron Satija, chapter 7 trustee (the "Trustee") of the estate of Orly Genger (the "Estate"), and submits this its *Application for Allowance of Compensation for Services Rendered and Reimbursement for Expenses Incurred* (the "Application") and requests approval of total fees earned in the amount of $72,250.50 and expenses incurred in the amount of $92.65, totaling $72,343.15. As detailed herein and summarized in the Fee Application Summary attached hereto as **Exhibit "C"**, Graves Dougherty has expended a total of 221.70 hours, at an average hourly rate of $325.89 in performing services as Counsel to the Trustee.

### I. Narrative Summary

1. This case was filed on July 12, 2019.

2. The Trustee is the duly appointed and serving Chapter 7 trustee.

3. On September 10, 2019, the Court enter its *Order Granting Retention of Attorneys as Counsel Pursuant to 11 U.S.C. §327(a)* [Dkt. No. 29] (the "Retention Order").

4. The Application covers the period from August 8, 2019 to November 6, 2019. The professionals and paraprofessionals involved in the representation and their hourly rates of

representation are listed below:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Cumings, Brian T. | Attorney | $325 | 210.3 | $68,347.50 |
| Trickey, Christopher | Attorney | $420 | 5.40 | $2,268.00 |
| Nitsch, Marianne | Attorney | $295 | 5.00 | $1,475.00 |
| Thomas, Jennifer | Paralegal | $160 | .6 | $96.00 |
| Garcia, Velma | Paralegal | $160 | .4 | $64.00 |
| **TOTAL** | | | **221.70** | **$72,250.50** |

The Compensation Support Exhibit and the Reimbursement Support Exhibit required by Local Bankruptcy Rule 2016 are attached as **Exhibit "A"**. A copy of the Retention Order is attached hereto as **Exhibit "B"**. A copy of the Fee Application Summary is attached hereto as **Exhibit "C"**.

## II. Project Summary and Services Rendered

5. Graves Dougherty was hired for the purpose of serving as Counsel to assist the Trustee in protecting the Estate's interest in claims belonging to the Estate, to investigate assets of the Estate, to prosecute objections and litigation claims belonging to the Estate, and to generally provide the Trustee with legal advice relating to his administration of the Estate. Graves Dougherty engaged in extensive document review and communications with persons having knowledge of Debtor's affairs and extensive negotiations with numerous parties in interest with respect to claims belonging to the Estate.

6. The services subsequently performed by Graves Dougherty were necessary to and were beneficial to the Trustee at the time which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance,

and nature of the problem, issue, or task addressed. Graves Dougherty respectfully asserts that it has provided value, as further explained below:

| TASK CODE | TASK CODE DESCRIPTION | HOURS | BILLABLE FEES |
|---|---|---|---|
| B130 | Asset Disposition | 1.0 | $325.00 |
| B150 | Meeting of and Communications with Creditors | 33.7 | $10,952.00 |
| B160[1] | Fee/Employment Applications | 6.4 | $2,080.00 |
| B190 | Other Contested Matters | 105 | $34,323.00 |
| B410 | General Bankruptcy Advice/Opinions | 75.6 | $24,570.00 |

A. B130 Asset Disposition: Graves Dougherty expended time and resources assisting the Trustee in negotiating the disposition of assets of the Debtor, including litigation claims.

B. B150 Meeting of and Communications with Creditors. Graves Dougherty expended substantial time and resources communicating with the contentious creditors and parties in interest in these proceedings, including receiving calls creditors, discussions relating to competing claims to property and/or interests involving the Debtor, and continuing running disputes between non-debtors that carried into this proceeding.

C. B160 Fee Employment Applications: Graves Dougherty prepared applications to employ Estate professionals necessary for the Trustee to adequately administer Estate assets, and has assisted or directed preparation of fee statements and applications of the same

D. B190 Other Contested Matters: This case is the extension of the long-running Genger family disputes, and as a consequence the Trustee was pulled into an unusual number of contested matters during the early stages of this case, including a contested Rule 9019 application to compromise, homestead exemption objection, broad-ranging and improperly

---

[1] This entry includes the time on Exhibit A that was originally logged under B170; that designation was inadvertent and should have been for B160.

served discovery, numerous hotly contested litigation claims, and so on. Graves Dougherty spent a substantial amount of time attempting to help the Trustee navigate those issues.

E.  B410 General Bankruptcy Advice/Opinions: Graves Dougherty expended substantial time advising the Trustee with respect to the many ongoing issues involved in these cases, including negotiating with the contentious creditors, and coordinating efforts between the bankruptcy estates and special counsel and persons expending efforts on behalf of the estates.

### III. Expenses Incurred

7.  Graves Dougherty incurred and paid in advance out-of-pocket expenses in connection with its representation of the Trustee during the Application Period. Graves Dougherty maintained careful records of those expenditures and the expenses incurred are categorized in **Exhibit "A"**. The expenses incurred totaled $92.65 during the Application Period.

8.  Graves Dougherty has made every effort to minimize its disbursements in this case. The expenses incurred in the provision of professional services are necessary, reasonable, and justified under the circumstances to serve the needs of the Estate.

### IV. Legal Standard

9.  Section 330 of the Bankruptcy Code grants bankruptcy courts wide discretion to award "reasonable compensation" to attorneys employed by the estate. 11 U.S.C. § 330(a)(1)(A). In determining reasonable compensation, bankruptcy courts within the Fifth Circuit address the twelve factors promulgated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); *see also* In re Pilgrim's Pride, 690 F3d 650, 654-56 (5th Cir. 2012).

10.  The Johnson factors weigh in favor of awarding Graves Dougherty full

compensation for the fees and expenses that it incurred during the Application Period.

11. *Time and Labor Required.* The time entries included in **Exhibit "A"** to this Application detail all of the work Graves Dougherty performed and for which compensation is sought. The date the services were rendered, the individual performing such services, a description of the services, and the time expended are all detailed. Graves Dougherty believes that such detail establishes that its request for compensation is reasonable. All of the services specified were actual and necessary in order to comply with the Trustee's statutory duties.

12. *Novelty and Difficulty.* The posture of this case, involving protracted pre-petition litigation between family members, made its initial phases difficult. The issues raised were particularly novel, including objections to a Rule 9019 compromise presented by the Trustee for court approval, a homestead objection relating to an unusual fact pattern, and continued contentious litigation among the family members.

13. *Skill Required to Perform the Legal Service Properly.* Bankruptcy is a specialized area of federal practice, requiring knowledge of the Bankruptcy Code and relevant precedent.

14. *Preclusion of Other Employment.* Graves Dougherty's representation in this case did not preclude it from accepting other employment.

15. *Customary Fee.* The hourly rates for each Graves Dougherty timekeeper are disclosed above. Graves Dougherty respectfully submits that the professional fees sought herein are not unusual given the nature of this case and the time expended in attending to the representation of the Trustee, and is commensurate with the fees Graves Dougherty has been awarded in other cases, as well as professional fees charged by other attorneys of comparable experience.

16. *Whether the Fee is Fixed or Contingent*. Pursuant to §§ 330 and 331 of the Bankruptcy Code, all of the fees sought in this Application are contingent pending final approval by this Court and are subject to adjustment depending upon the services rendered and the results obtained.

17. *Time Limitations Imposed by Client or Other Circumstances*. No particularly unusual time constraints existed for the matter.

18. *Amount Involved and Results Obtained*. Graves Dougherty submits that it efficiently obtained the desired results with respect to protecting the interests of the Estate. Were it not for the transfer of this case to the S.D.N.Y., the Trustee would have realized, with the assistance of Graves Dougherty, a substantial distribution to creditors.

19. *Experience, Reputation, and Ability of the Attorneys*. Graves Dougherty attorneys have regularly appeared in significant representations over many years in Texas and national bankruptcy cases. Graves Dougherty attorneys have a substantial reputation in the legal community in bankruptcy and non-bankruptcy work.

20. *"Undesirability" of Case*. Due to its size and complexity and to the lack of cash on hand in the Estate, this representation was not particularly desirable.

21. *The Nature and Length of the Professional Relationship with the Client*. Graves Dougherty did not have a prior attorney-client relationship with the Trustee in this case, although it has successfully represented Ron Satija in other bankruptcy related matters.

22. *Awards in Similar Cases*. Based on Graves Dougherty's experience in the Texas market, Graves Dougherty's fees are in line with, if not below, fees allowed in proceedings of similar scope for the services rendered and the results obtained.

23. The Trustee has reviewed and approved this Application.

## V. Conclusion

24. The services that Graves Dougherty rendered during the Application Period were instrumental in protecting the best interests of the creditors and the Estate. Graves Dougherty respectfully requests that the Court:

   a) approve compensation for 221.70 hours of professional services furnished as counsel to the Trustee, in the total amount of $72,250.50 incurred during the Application Period;

   b) approve reimbursement of actual out-of-pocket expenses during the Application Period in the total amount of $92.65; and

   c) grant Graves Dougherty such other and further relief to which it may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By: */s/ Brian T. Cumings*
    Brian T. Cumings
    State Bar No. 24082882
**COUNSEL FOR RON SATIJA,**
**CHAPTER 7 TRUSTEE**

# CERTIFICATE OF SERVICE

  I hereby certify that on this the 11th day of November, 2019, I electronically filed this Application with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service and by U.S. First Class Mail to those not receiving electronic service as reflected on the current creditors matrix with details as to where this complete filing may be located.

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, TX 78701-2450

Ron Satija
Chapter 7 Trustee
P.O. Box 660208
Austin, TX 78766-7208
Chapter 7 Trustee

Sabrina L. Streusand
Streusand Landon Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746

The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardy Kopf & Harr PC
303 Colorado St., #2600
Austin, TX 78701

Kasowitz Benson Torres LLP
1633 Broadway, 21st Floor
New York, NY 10019

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7246

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582
Debtor

Eric Taube
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, TX 78701
Debtor's Counsel

John Dellaportas
Emmet Marvin & Martin, LLP
120 Broadway
New York, NY 10280

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701

Ray Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036-6149

Deborah Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

| | |
|---|---|
| Chris Gartman<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza, 16th Fl.<br>New York, NY 10004-1482 | SureTex Insurance Co.<br>c/o Clark Hill Strasburger<br>901 Main Street, #6000<br>Dallas, TX 75202 |
| D&K GP LLC and Dalia Genger<br>c/o Shelby Jordan<br>Jordan Holzer & Ortiz, PC<br>6207 Bee Cave Road, Suite 120<br>Austin, TX 78746 | By:/s/ *Brian T. Cumings*<br>Brian T. Cumings |